# EXHIBIT 7

# Report from Mr. Joseph M. Kamau
### Former Director, Directorate of Criminal Investigations (CID)

---

**Re: Free The Children Kenya**
**Date: November 2019**

My name is Joseph M. Kamau, and I am the former Director of the Kenya Police Criminal Investigations Department (CID). I served in the Kenya Police Service for over 27 years and was Director of the CID from April 2004 to June 2006. I was appointed to this role by the former President of Kenya, Mr. Mwai Kibaki, and am proud of my professional career in law enforcement in Kenya.

The Kenya Police Criminal Investigation Department is a semi-autonomous directorate of the National Police Service responsible for investigating complex cases. It is commonly known in the country by its initials: CID. The Department is headed by a Director who reports to the Inspector General of Police. Due to the sensitivity and importance of the position, the Director of the CID is appointed directly by the President of Kenya.

Similar to the Canadian Security Intelligence Service (CSIS) and the Federal Bureau of Investigation (FBI) in the United States, the CID is composed of the following subdivisions:

- The Investigation Branch
- Anti Banking Fraud Unit
- Special Crime Prevention Unit
- Anti Terrorism Unit
- Ballistics Unit
- Anti Narcotics Unit
- Bomb Squad
- Cyber Forensics
- Forensic Department

**Request to Perform a Review:**

WE Charity Canada proactively requested that I perform an independent assessment of Free The Children Kenya and the actions of its former Country Director, Mr. Peter Ruhiu. This is a report outlining my findings of that assessment. My analysis examined the steps taken by WE Charity once it detected financial irregularities within Free The Children Kenya's operations. I reviewed the internal investigation led by WE Charity Canada's senior management, the findings of the investigation, and the response by WE Charity Canada and Free The Children Kenya to those findings.

My assessment was prepared based on the following:

- Review of independent third-party findings from security, intelligence, and fraud experts who were contracted by WE Charity during its investigation.

- Examination of formal Police Reports produced by Kenya Police Officers and Investigators.

- A review of relevant documentation on file, including the letter of acknowledgment from Mr. Ruhiu in which he admitted to his wrongdoing and agreed to resign as Country Director of Free the Children Kenya, and

- Interviews T conducted with Free The Children Kenya staff and WE Charity Canada senior management.

**Kenya Context:**

First and foremost, it is worth stating that in my experience, it is not uncommon for a charity to proactively request an independent assessment of such a sensitive issue. The request to do so is indicative of the level of integrity of WE Charity Canada, its senior management and co-founders. Despite the best efforts of the Kenya Government and Law enforcement agencies, cases of corruption, theft and fraud do occur and International businesses and charitable organizations that operate are frequently targeted and are often victims of these criminal activities.

As such, there is nothing unusual about the fact that Free The Children Kenya was among the many organizations operating in Kenya that has found itself being made to address fraud by one of its employees.

During my years in the Kenya Police Service and more specifically at the Criminal Investigations Department, I saw many cases that were of a very similar in nature.

What is unique about WE Charity's actions is that they launched a comprehensive investigation to identify the source of the fraud and recuperate the missing funds. In my experience, international organizations who have experienced fraud in Kenya typically absorb the losses and move on without further investigation. This is because conducting such investigations in Kenya's unique political and administrative context can sometimes be extremely challenging, time-consuming and rarely ends with the return of assets or inclusive prosecution of those involved.

In that regard, I commend WE Charity's leaders for their professionalism and perseverance in initiating their investigation and seeing it through until completion.

**Independent Assessment & Report Findings:**

The following are the key findings of my review and report:

- The senior management and co-founders of WE Charity Canada demonstrated the highest level

- WE Charity Canada appropriately and effectively engaged outside experts and local authorities throughout the entire process.

- WE Charity's internal investigation was managed professionally.

- When confronted with this irrefutable evidence of his actions, Mr. Ruhitt acknowledged what he had done and resigned from Free The Children, Kenya.

- Due to my extensive experience at the CID, I know and understand that situations such as this are not uncommon in Kenya and that organizations, both domestic and international, need to implement further preventative measures to prevent these actions from taking place.

- Accordingly, Free The Children Kenya and 'WE Charity Canada consulted with multiple experts to develop and implement additional safeguards, policies, and processes to help prevent such activities from being able to occur in the future.

- The Kenyan police criminally charged Mr. Ruhiu. Several criminal cases are now in front of the courts.

In my professional opinion, which is based on years of experience in this field and my involvement in investigating similar cases, I can conclude that WE Charity Canada and its senior leadership managed this difficult situation in a diligent and professional manner, relying on sound advice from qualified experts. Their investigation was appropriate, comprehensive, and sensitive to the needs of staff and Mr. Ruhiu's family, who were implicated in this matter through no fault of their own.