IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WE CHARITY,<br><br>                    Plaintiff,<br><br>v.<br><br>CANADIAN BROADCASTING CORPORATION,<br><br>                    Defendant. | Civil Action No. 1:22-cv-00340 |

## REPLY DECLARATION OF BRIAN MACLEOD ROGERS

1. My name is Brian MacLeod Rogers. I make this Reply Declaration from personal and professional knowledge and am competent to testify to the facts and information stated herein.

2. In preparing this Reply Declaration, I have reviewed the declaration of Douglas F. Harrison dated June 10, 2022, which was appended to the plaintiff's memorandum, also dated June 10, 2022.

**Libel Notice – Burden is On Defendant to Raise Failure to Satisfy Condition Precedent**

3. I agree with Mr. Harrison's statement in his declaration that providing notice pursuant to section 5 of Ontario's *Libel and Slander Act* ("*LSA*") is a condition precedent to commencing a defamation claim in Ontario if the notice provision applies to the publication in question. I also agree, as stated in publications previously authored by me, that failure to comply with the notice provision is an absolute bar to maintaining a defamation claim.

4. However, this only can take effect if the issue is raised by a defendant. This stems from rules of procedure governing civil cases and related caselaw. It also reflects the fact that, if contested, evidence must be introduced to show that the requirements of the LSA notice provisions properly apply.

5. In Ontario, a plaintiff bringing a civil action is not required to plead the existence or satisfaction of a condition precedent. Rather, the burden is on the defendant to raise and contest any alleged failure to satisfy a condition precedent such as the *LSA* notice requirement. The defendant must formally raise the issue in its pleadings or, in certain cases, on a pre-trial motion.

6. Rule 25.06(3) of Ontario's *Rules of Civil Procedure* clearly states that any party that wishes to contest the performance of a condition precedent to the assertion of a claim or defence must do so explicitly in their pleadings:

> Allegations of the performance or occurrence of all conditions precedent to the assertion of a claim or defence of a party are implied in the party's pleading and need not be set out, and an opposite party who intends to contest the performance or occurrence of a condition precedent shall specify in the opposite party's pleading the condition and its non-performance or non-occurrence.[1]

7. Ontario's predominant civil procedure treatise, *Holmested and Watson: Ontario Civil Procedure* notes that Rule 25.06(3) applies to notice periods. The text also emphasizes that defendants will not be able to contest the provision of notice if they do not raise it in their pleadings:

> By reason of rule 25.06(3) (condition precedent), there will usually be no obligation on the plaintiff to plead the giving of notice — it will be implied in the statement of claim. *If the defendant wishes to contest that notice was given, he or she will have to specifically so plead in his or her defence.* [emphasis added].[2]

8. Relevant case law, including case law specifically addressing the *LSA* notice requirement, confirms this rule. Even before it was codified in Rule 25.06(3), the principles for that rule were established by the Supreme Court of Canada almost a century ago, and specifically in the context of addressing the *LSA* notice requirement. The relevant case is one that Mr. Harrison cites, the Supreme Court's 1928 decision *Sentinel-Review Co. Ltd. v. Robinson* (attached as Exhibit 2). Mr. Harrison quotes a portion of that decision which found that the *LSA* notice requirement is a condition precedent to bringing a defamation claim where the

---

[1] R.R.O. 1990, Reg. 194, rule 25.06(3). For the court's convenience, I am attaching Rule 25 as Exhibit 1 to this Reply Declaration.
[2] Garry D Watson, Ontario Civil Procedure, (Toronto: Thomson Reuters Canada, 1988, loose-leaf), Commentary on the Rules of Civil Procedure at pt. 6, Rule 25, §42:16. Online: Westlaw Canada (date accessed 6 June 2022).

requirement applies, and I agree that remains the law. Before the Supreme Court made this finding, however, it also stated that:

> If the giving of [*LSA*] notice by the appellants is a condition precedent within the meaning of C.R. 146 [the predecessor to Rule 25.06(3)] then the respondents could only contest it, if, in compliance with the rule, non-performance of the condition was specifically alleged in the statement of defence.[3]

9. Later in the same decision, the Supreme Court also stated that it is, "incumbent on a party who intends to contest the performance of any condition precedent to specify it distinctly in his pleading."[4]

10. That principle has been confirmed and applied to the *LSA* notice requirement many times by Ontario courts since the *Sentinel-Review* decision. It was underscored in 1975 by the Ontario High Court of Justice in *Canadian Plasmapheresis Centres Ltd. v. Canadian Broadcasting Corp.* (attached as Exhibit 3). In that case, a defendant in a defamation claim brought a pre-trial motion to dismiss the action on the basis that the plaintiff had failed to provide proper notice under the *LSA*. The defendant, however, brought the motion before issuing and serving its statement of defence.[5] The court cited the predecessor rule to Rule 25.06(3) and stated that:

> "[I]t is necessary for the party who intends to rely on the breach of the condition precedent to raise it as a contentious issue in the pleadings before he contests the action either in a summary motion or a trial."[6]

11. In the absence of a statement of defence explicitly contesting the plaintiff's provision of notice, the court dismissed the defendant's motion, deeming it premature. The court noted that, if the defendant wanted to contest the plaintiff's delivery of notice on a motion, it needed to plead the failure to deliver notice in its statement of defence first and then bring the motion again.[7]

12. While it does not involve the *LSA* notice requirement, the case of *Johns-Manville Canada Inc. v. John Carlo Ltd.* is also instructive (attached as Exhibit 4). That case involved a

---

[3] *Sentinel-Review Co. v. Robinson*, [1928] 3 D.L.R. 97, [1928] S.C.R. 258 (S.C.C) at para 5.
[4] *Sentinel-Review Co. v. Robinson*, [1928] 3 D.L.R. 97, [1928] S.C.R. 258 (S.C.C) at para 8.
[5] *Canadian Plasmapheresis Centres Ltd. v. Canadian Broadcasting Corp.*, 1975 CarswellOnt 922, 8 O.R. (2d) 55 (Ont. H.C.) at paras 1, 16.
[6] *Canadian Plasmapheresis Centres Ltd. v. Canadian Broadcasting Corp.*, 1975 CarswellOnt 922, 8 O.R. (2d) 55 (Ont. H.C.) at para 16.
[7] *Canadian Plasmapheresis Centres Ltd. v. Canadian Broadcasting Corp.*, 1975 CarswellOnt 922, 8 O.R. (2d) 55 (Ont. H.C.) at para 16.

construction material supplier that sought to enforce a bond without providing notice as required by the bond agreement. The defendant argued at trial that the plaintiff had failed to provide the requisite notice but had not pleaded this issue in its statement of defence.[8] The court cited both the predecessor rule to Rule 25.06(3) and *Sentinel-Review Co. Ltd* and held that any defence related to lack of notice could not succeed because the defendant had failed to plead this in its statement of defence:

> "[I]t is incumbent upon the defendant to raise the defence of lack of or improper notice by plea and if this defence is not pleaded then, in my opinion, the defence cannot succeed."[9]

13. The case eventually went to the Supreme Court of Canada, which endorsed the trial court's finding on this point.[10]

14. Similarly, in *Robinson v. Club Epiphany Restaurant & Lounge* (attached as Exhibit 5), the Ontario Superior Court of Justice heard an appeal of a Small Claims Court decision finding the defendant liable for defamation. The defendant sought to appeal the decision on a number of grounds, including the fact that the plaintiffs had failed to provide notice pursuant to the *LSA*.[11] The court dismissed this ground of appeal finding first that the *LSA* did not apply and second that, in any event, "a notice requirement such as that contemplated in s. 5(1) of the [*LSA*] must be pleaded" and that, in this case, the defendant had failed to do so.[12]

15. The case of *Janssen-Ortho Inc. v. Amgen Canada Inc.* (attached as Exhibit 6) – which was cited by Mr. Harrison and also addresses the *LSA* notice requirement – further clarifies that a defendant bears the burden to raise any alleged failure and how this requirement can be satisfied. The Ontario Court of Appeal in that case reiterated that:

> "[W]here notice is a precondition to the commencement of an action, the statement of claim need not contain a pleading that notice was given prior to the commencement of the action (rule 25.06(3))."[13]

---

[8] *Johns-Manville Canada Inc. v. John Carlo Ltd.*, [1980] O.J. No. 3084, 113 D.L.R. (3d) 686 (Ont. H.C.) at paras 11, 21.
[9] *Johns-Manville Canada Inc. v. John Carlo Ltd*, [1980] O.J. No. 3084, 113 D.L.R. (3d) 686 (Ont. H.C.) at para 25.
[10] *Johns-Manville Canada Inc. v. John Carlo Ltd.*, [1983] 1 S.C.R. 513, [1983] S.C.J. No. 37 (S.C.C) at para 23.
[11] *Robinson v. Club Epiphany Restaurant & Lounge*, [2001] O.J. No. 2101 (Ont. S.C.J.) at paras 6, 9.
[12] *Robinson v. Club Epiphany Restaurant & Lounge*, [2001] O.J. No. 2101 (Ont. S.C.J.) at paras 8-9.
[13] *Janssen-Ortho Inc. v. Amgen Canada Inc.*, [2005] O.J. No. 2265, 140 A.C.W.S. (3d) 58 (Ont. C.A.) at para 70.

16. The Court then proceeded to hold that defendants should generally plead non-compliance of a condition precedent in their statement of defence.[14] The court also stated, however, that where, alternatively, a defendant elects to raise the issue by filing a motion for summary judgment or a motion to strike pleadings and tenders evidence, as long as the court concludes that the motion is meritorious, it can exercise its discretion and admit and consider the evidence, without requiring the defendant to have filed a statement of defence raising the issue.[15]

17. The cases above make it clear that a plaintiff's failure to satisfy the notice requirement in the *LSA* will not be considered by a court unless it is raised by the defendant in their pleadings or, in certain instances, on a pre-trial motion. Thus, if a defendant undertakes not to raise the issue in its pleadings or by way of a motion, there is no bar to the case proceeding.

18. I have also reviewed all the other cases cited by Mr. Harrison which addressed the *LSA* notice requirement. Consistent with the principles discussed above, in all of them the defendant raised the alleged failure to comply with the notice requirement in its pleadings, or by way of a motion, or both, and the issue was addressed by the court on that basis. Specifically, the cases he cites are: *Weiss v. Sawyer*[16] (motion for summary judgment); *Vivo Canadian Inc. v. Geo TV*[17] (subsequently a motion for summary judgment); *John v. Ballingall*[18] (motion to strike); *Shtaif v. Toronto Life Publishing Co. Ltd.*[19] (motion for summary judgment); *Grossman v. CFTO-TV Ltd.*[20] (motion to dismiss); *Stuarts Furniture & Appliances et al. v. No Frills Appliances & T.V. Ltd. et al.*[21] (Rule 124 Application); *Pohlman v. Herald Printing Co. of Hamilton, Ltd.*[22] (defendant asserted defence of want of notice); *Misir v. Toronto Star Newspapers Ltd.*[23] (motion to dismiss).

19. Another case Mr. Harrison cites, *Frisina v. Southam Press Ltd. et al.* illustrates the import of what it means to treat the *LSA* notice requirement as a condition precedent and an absolute bar to the maintenance of a claim. In that case, the plaintiff had sought leave in motions

---

[14] *Janssen-Ortho Inc. v. Amgen Canada Inc.*, [2005] O.J. No. 2265, 140 A.C.W.S. (3d) 58 (Ont. C.A.) at para 70.
[15] *Janssen-Ortho Inc. v. Amgen Canada Inc.*, [2005] O.J. No. 2265, 140 A.C.W.S. (3d) 58 (Ont. C.A.) at para 70.
[16] *Weiss v. Sawyer*, [2002] O.J. No. 3570, 116 A.C.W.S. (3d) 950, (Ont. C.A.) (lv. to app. to SCC ref'd).
[17] *Vivo Canadian Inc. v. Geo TV*, 2021 ONSC 3402.
[18] *John v. Ballingall*, 2017 ONCA 579.
[19] *Shtaif v. Toronto Life Publishing Co. Ltd.*, 2013 ONCA 405.
[20] *Grossman v. CFTO-TV Ltd.* [1982] O.J. No. 3538, 139 D.L.R. (3d) 618, (Ont. C.A).
[21] *Stuart's Furniture & Appliances v. No Frills Appliances & Television Ltd.*, 17 A.C.W.S. (2d) 151, 31 C.P.C. 4 (Ont. H. Crt. J.).
[22] *Pohlman v. Herald Printing Co. of Hamilton*, Ltd. 45 O.L.R. 291, 48 D.L.R. 361 (Ont. C.A.)
[23] *Misir v. Toronto Star Newspapers Ltd.*, [1997] O.J. No. 4960, 105 O.A.C. 270 (Ont. C.A.).

Case 1:22-cv-00340-RDM Document 22-26 Filed 06/24/22 Page 6 of 8

6

court to amend his statement of claim to add additional libel claims against a newspaper for articles published three years earlier for which no libel notice had been given. The defendants opposed the application on the basis of lack of notice, but the motions court granted the application. The Ontario High Court of Justice reversed the motion court decision and found that, because the plaintiff had not satisfied the notice requirements for the articles at issue, it was an error to grant the application because the court was not "empowered . . . to relieve against or excuse non-compliance with the notice requirements."[24] Thus, if the defendant properly raises the issue, a court has no authority or discretion to excuse non-compliance with the notice requirement.

20. Mr. Harrison also discusses cases that have considered whether various forms of online publications should technically be considered to be newspapers, radio or television broadcasts within the meaning of the *LSA*'s notice provision, or whether they were "broadcast from a station in Ontario", as the statute also requires in order for the defendant to have the benefit of the *LSA* provisions..[25] He explains that in some cases Ontario courts have held that where evidence on that point is disputed, the issue should be resolved at trial. In each of those cases, the defendant raised the issue by way of a motion and evidence. The plaintiff then provided contrary evidence, and the court determined the issue should be resolved at trial.

21. Mr. Harrison also cites two cases involving a different statute and notice requirement concerning claims asserted against the Ontario provincial government. In both of those cases, the failure to satisfy that requirement was raised by the defendant. In any event, while I do not purport to opine on whether all jurisprudence regarding the *LSA* notice requirement applies equally to such other statutes, nor do I understand Mr. Harrison to do so, the requisite burdens regarding the *LSA* notice requirement are clearly established for the reasons discussed above.

22. Mr. Harrison also cites two cases for the proposition that any "condition precedent" is "jurisdictional" and may not be "waived." Neither of those cases involved civil actions to which the *Ontario Rules of Civil Procedure* apply. Rather, they were administrative law cases reviewing decisions made by an administrative body. In Ontario, administrative bodies

---

[24] *Frisina v. Southam Press Ltd*, 116 D.L.R. (3d) 376, 17 C.P.C. 315 (Ont. H.C.) aff'd 124 D.L.R. (3d) 340, 23 C.P.C. 1 (Ont. C.A.) at para 6.
[25] *Libel and Slander Act*, R.S.O. 1990, c. L.12, s. 7.

are subject to their own distinct rules of procedure, with certain mandatory procedural requirements imposed by the *Statutory Powers Procedure Act*.[26] For these reasons, none of the jurisprudence discussed above regarding the burden of pleading and proving a failure to comply with a condition precedent to the institution of a civil action, including the *LSA* notice requirement, applied to either of those cases.

23. Rather, both *Don Howson* and *Amerato* are administrative law cases in which a government regulatory body which licenses car dealerships, called the Commercial Registration Appeal Tribunal, suspended the licenses of car dealers and/or a car salesman. The statute governing that administrative tribunal provided that a party has a right to notice of a hearing before the Tribunal may revoke a license. In both cases, the court found that provision of the required notice was a condition precedent that must be satisfied for the Tribunal and the Registrar respectively to exercise their statutory powers and assert their jurisdiction. The court in both cases also found that those conditions precedent could not be waived by a party to the relevant administrative proceedings.[27]

24. Whether an administrative body has satisfied a condition precedent to the exercise of its statutory powers and assertion of its jurisdiction, presents an entirely different question than the one raised here, in which a party to a civil action has the burden of raising and proving a failure to satisfy a condition precedent to the institution of a civil action. The "conditions precedent" in *Don Howson* and *Amerato*, applied to the administrative decisionmaker – not the parties to the administrative proceeding, nor to any civil claims at all.

25. As both the Ontario *Rules of Civil Procedure* and the caselaw applying them discussed above demonstrate, the failure to satisfy a condition precedent, and specifically the *LSA* notice requirement, must be raised and pursued by the defendant. Thus it is entirely within the power of the defendant to elect to assert the issue, or not. If a defendant does not raise a plaintiff's failure to satisfy the notice requirement, the court will not consider the issue, and that has no effect on the court's jurisdiction to proceed with the case. This is what Ontario's *Rules of Civil Procedure* and applicable caselaw requires.

---

[26] *Statutory Powers Procedure Act*, R.S.O. 1990, c. S.22.
[27] *Don Howson Chevrolet Oldsmobile Ltd. v. Ontario (Registrar of Motor Vehicle Dealers & Salesmen)*,51 D.L.R. (3d) 683, 6 O.R. (2d) 39 (On. Div. Crt.) at para 34; *Amerato v. Ontario (Registrar, Motor Vehicle Dealers Act)*, 142 A.C.W.S. (3d) 173, 202 O.A.C. 11, (Ont. C.A.) at paras 20-36.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge.

Dated: June 23, 2022

_____
Brian MacLeod Rogers