# EXHIBIT 2

1928 CarswellOnt 42
The Supreme Court of Canada

Sentinel-Review Co. v. Robinson

1928 CarswellOnt 42, [1928] 3 D.L.R. 97, [1928] S.C.R. 258

**The Sentinel-Review Company Limited (Plaintiff), Appellant and John R. Robinson, J.E. Cameron, Irving E. Robertson, Douglas S. Robertson, Alfred T. Chadwick, Trustees of the Estate of the Late John Ross Robertson, and Proprietors and Publishers of the Evening Telegram published at Toronto (Defendants), Respondents**

Anglin C.J.C. and Duff, Mignault, Newcombe and Lamont JJ.

Judgment: March 13, 1928
Judgment: April 24, 1928

Proceedings: On Appeal from the Appellate Division of the Supreme Court of Ontario

Counsel: *D.L. McCarthy K.C.* for the appellant.
*A.J. Thompson* and *James Parker* for the respondent.

Subject: Torts; Civil Practice and Procedure
**Related Abridgment Classifications**
Civil practice and procedure
X Pleadings
 X.1 General requirements
  X.1.k Pleading conditions precedent to right of action
Civil practice and procedure
XX Trials
 XX.7 New trial
  XX.7.a Grounds for granting
   XX.7.a.vi Miscellaneous
Remedies
I Damages
 I.15 Practice and procedure
  I.15.g Appeals
   I.15.g.i Grounds for appeal
    I.15.g.i.C Quantum unreasonable
     I.15.g.i.C.1 Excessive award
Torts
V Defamation
 V.2 Libel [publication]
  V.2.a Service of notice of libel
Torts
XXIII Practice and procedure
 XXIII.5 Pleadings
  XXIII.5.d Miscellaneous
**Headnote**
Defamation --- Publication in mass media — Newspapers — Service of notice of libel — Form of notice

WESTLAW CANADA Copyright © Thomson Reuters Canada Limited or its licensors (excluding individual court documents). All rights reserved.                    1

Libel and Slander Act, R.S.O. 1914, c. 71, s. 8.

Per Duff J.: "The statute prescribes no form. The notice is sufficient, if plaintiff's intention to sue is notified. The communication must, of course, indicate the intending plaintiff with reasonable certainty. But that is accomplished when words are used which are calculated to apprise the addressee of the identity of the complainant.".

Defamation --- Practice — Pleadings

Insufficiency of notice of libel — Whether must be pleaded — Libel and Slander Act, R.S.O. 1914, c. 71, s. 8 -- Ont. R. 146.

A defendant who wishes to rely upon the absence or insufficiency of the notice of action required by s. 8 of the Act must specifically raise the point in his defence. The mere fact that plaintiff has pleaded the giving of notice does not relieve defendant of the necessity, under R. 146, of specifying a condition precedent, the performance of which he proposes to contest.

Practice --- Pleadings — General requirements — Pleading conditions precedent to right of action

Performance implied — Specific pleading where occurrence or performance contested — Libel and Slander Act, R.S.O. 1914, c. 71, s. 8.

The performance of conditions precedent, within the meaning of the rules of pleading, is implied; and a party who intends to contest the performance or occurrence of any such condition must specify it distinctly in his pleading, even though the other party has expressly alleged performance of the condition. Statutory notices of action (as, e.g., the notice of action required by s. 8 of the Act) which presupposes the existence of a completely constituted cause of action independently of the notice, have commonly been held to be conditions precedent in this sense, as, e.g., in the case of notice to a magistrate; in other words, where a defendant's liability exists independently of the notice, and it is merely the remedy of the plaintiff which is taken away or prevented from being exercised by the failure to give notice, then the giving of notice is a condition precedent which need not be pleaded by the plaintiff, and the failure to give which, the defendant, if he intends to avail himself of the omission, must plead. A condition which is one of the constitutive elements of the plaintiff's right of action must, however, be pleaded. The distinction between a condition precedent in the first sense and a condition which is one of the constitutive elements of the plaintiff's right is perhaps not easily capable of statement in abstract form; and differences of opinion will arise as to the category to which a particular fact belongs. The cases seem to fall within two classes: first, those in which the fact to be pleaded was an essential part of the cause of action at common law, as e.g., in proof of a termination favourable to the plaintiff in an action for malicious prosecution and the case of notice of dishonour in an action against an endorser; second, those in which the right of action is statutory, and the existence of the fact in question is one of the prescribed statutory conditions, as, e.g., notice of the assignment, which must be alleged in an action in the assignor's name upon the assignment of a legal debt or chose in action.

**The judgment of the court was delivered by** *Duff J.*:

1      The verdict and judgment recovered by the appellants against the respondents for damages for libel published in the respondents' newspaper, was set aside by the Appellate Division of the Supreme Court of Ontario [1], and the action dismissed upon the ground that no sufficient notice of action had been given by the appellants under the statute, s. 8, R.S.O. (1914), cap. 71.

2      The appellants base their appeal upon two contentions. First, they say that the notice was sufficient, and second, they say it was not open to the respondents to object to the sufficiency of the notice because such an objection, by the rules of pleading, ought to have been, and this objection was not, raised by the statement of defence.

3      First, as to the question of pleading. The pertinent rule is: —

> Any condition precedent, the performance or occurrence of which is intended to be contested, shall be distinctly specified in his pleading by the party relying thereon, and an averment of the performance or occurrence of all conditions precedent necessary for the case by the plaintiff or defendant shall be implied in his pleading.

4      In their statement of claim the appellants allege in paragraph 8,

> That the Plaintiff pursuant to the provisions of the Libel and Slander Act duly gave notice in writing specifying the statements complained of in this action, which Notice was dated the First day of September, 1926, and duly served pursuant to the provisions of the said Act on the said Defendants.

This is the only reference which the pleadings contain, to the notice of action.

5     The alleged cause of action, if well founded, was complete under the principles of the common law upon the publication of the libel. The statute imposes the condition of notice before action against a newspaper, in order that the newspaper may be given an opportunity of retracting or explaining the imputations complained of. If the giving of this notice by the appellants is a condition precedent within the meaning of C.R. 146, then the respondents could only contest it, if, in compliance with the rule, non-performance of the condition was specifically alleged in the statement of defence. The Appellate Division holds that the giving of notice is not a condition precedent within the meaning of the rules of pleading.

6     There is a sense, of course, in which any fact that a plaintiff must prove is an element in his right of action. Broadly, common lawyers, in speaking of rights, mean rights which the courts will enforce; nevertheless, the distinction runs all through the law, and is a very familiar one, between rights and remedies, enforceable rights and rights of imperfect obligation; and the distinction is an old one, well recognized in the rules of pleading, between the substantive elements of a cause of action, and conditions precedent which a plaintiff must observe in order to entitle him to sue.

7     Formerly a plaintiff was required to set out in his declaration every condition precedent and to aver with particularity performance of it. Later, by the *Common Law Procedure Act*, it was provided that the plaintiff or defendant might aver performance of conditions precedent generally, and that "the opposite party shall not deny such averment generally, but shall specify in his pleading the condition or conditions precedent the performance of which he intends to contest." (Harrison, C.L.P. Act, p. 93). After the enactment of this Act, it was usual to allege in the declaration that "all conditions were performed, and all things happened, and all times elapsed necessary to entitle the plaintiff to maintain the action."

8     Under the practice established by the Judicature Acts, the necessity of a general averment of the performance of conditions precedent was dispensed with, such an averment being implied; but it is still, as required by C.R. 146, incumbent on a party who intends to contest the performance of any condition precedent to specify it distinctly in his pleading.

9     The distinction (between a condition precedent in this sense, and a condition which is one of the constitutive elements of the plaintiff's right), is perhaps not easily capable of statement in abstract form; and differences of opinion will arise as to the category to which a particular fact belongs. But, as Mr. Justice Magee points out, statutory notices of action, which presuppose the existence of a completely constituted cause of action at common law independently of the notice, have commonly been held to be conditions precedent in this sense, as for example, in the case of notice to a magistrate, *Conmee v. Bond*[2]. Where a departure from the strict rule of pleading is permitted, the statute expressly authorizes the point to be raised under the general issue. The cases referred to by Hodgins, J.A., seem to fall within one of two classes: first, those in which the fact to be pleaded was an essential part of the cause of action at common law, as in proof of a termination favourable to the plaintiff, of the proceedings complained of in an action for malicious prosecution, and the case of notice of dishonour in an action against an endorser; second, those in which the right of action is statutory, and the existence of the fact in question is one of the prescribed statutory conditions, as notice of the assignment, which must be alleged in an action in the assignee's name upon an assignment of a legal debt under the provisions of s. 25 of the *Judicature Act*. With great respect I am unable to agree with the conclusion of the Appellate Division on this point.

10     Nor are the respondents, by the allegation in paragraph 8 of the statement of claim, relieved from the duty under C.R. 146 to state in their pleading their intention to contest the giving of notice. That allegation merely expresses what, in the absence of it, would be implied.

11     Nor can I agree that the notice was not sufficient. The statute prescribes no form. The notice is sufficient, if the plaintiff's intention to sue is notified. The communication must, of course, indicate the intending plaintiff with reasonable certainty. But that is accomplished when words are used which are calculated to apprise the addressee of the identity of the complainant. I have no doubt that the notice in question did in fact inform the respondents that the complainants were the proprietors of the Sentinel-Review.

12     A similar point arose in *Knott v. Telegram Printing Co. Ltd.* [3], although there the question concerned the identification of the addressee. The point of view from which such documents should be considered is indicated in the judgment of Anglin J., as he then was, at p. 342, in these words, with which I agree: —

> In the present case the notice was properly served. It reached the defendant company and there is not the slightest room for question or doubt that it knew that it was intended for it. It was given the "opportunity to publish a full apology," which it is the purpose of the statute to secure.

13     Nor do I think the respondents are entitled to a new trial on the ground that the damages are excessive. Many people, perhaps most, would not be disposed to treat very seriously the publications complained of, especially after the apology to Mr. Taylor. But the jury has found that the reflections in the libellous publications were directed against the appellants; and it was within the power of the jury to take a severer view of those reflections, as calculated to injure the position and prestige of the appellants' papers, and thus to inflict upon them substantial damage in their business as newspaper publishers; and since the jury, as is quite evident, did take that view, there is no ground upon which a court of appeal, acting on the well settled principles governing such matters, can adjudge that the award of damages transgresses the latitude in which the law permits a jury to indulge in actions of libel.

14     The appeal should be allowed with costs here and below and the judgment of the trial judge restored.

*Appeal allowed with costs.*

Solicitors of record:
Solicitor for the appellant: *W.T. McMullen*.
Solicitors for the respondents: *Parker & Crabtree*.

Footnotes

1        (1927) 61 Ont. L.R. 62.

2        (1890) Cassels' Dig. 511; report below: (1889) 16 Ont. A.R. 398.

3        [1917] 3 W.W.R. 335 (Supreme Court of Canada).

---

**End of Document**      Copyright © Thomson Reuters Canada Limited or its licensors (excluding individual court documents). All rights reserved.