# EXHIBIT 3

1975 CarswellOnt 922
Ontario Supreme Court [High Court of Justice]

Canadian Plasmapheresis Centres Ltd. v. Canadian Broadcasting Corp.

1975 CarswellOnt 922, 8 O.R. (2d) 55

# Canadian Plasmapheresis Centres Ltd. v. Canadian Broadcasting Corp. et al.

Lieff, J.

Judgment: January 8, 1975
Docket: None given.

Counsel: P.T. McInenly, for applicant
S. Russell Kronick, for respondent

Subject: Torts
**Related Abridgment Classifications**
Torts
V Defamation
   V.2 Libel [publication]
      V.2.f Broadcasting

**Headnote**

Defamation --- Publication in mass media — Broadcasting — Statutory requirements
Lack of notice — Pleading — Libel and Slander Act, R.S.O. 1970, c. 243, s.5(1) — Rr. 124, 148.
A defendant is obliged to plead non-performance of notice if it is relying upon failure to give notice as a defence. It is improper to move for dismissal of an action on that basis until after the pleadings are closed.

*Lieff, J.*:

1    This is an application by the defendant Lucien Bicci (Bicci) for an order dismissing this action as against the said defendant with costs, upon the ground that no action lies as the plaintiff did not serve the said defendant with notice in writing specifying the matter complained of in accordance with the provisions of s. 5 of the *Libel and Slander Act*, R.S.O. 1970, c. 243, and, in the alternative, an order extending the time for delivery of the statement of defence herein. The submissions of counsel are contained in memoranda of fact and law filed.

2    The first issue I shall deal with is whether the notice required by the *Libel and Slander Act*, s. 5(1), is a condition precedent within the meaning of Rule 148 and must be specifically pleaded before the defendant can rely on it.

3    Section 5(1) of the *Libel and Slander Act* reads as follows:

> 5(1) No action for libel in a newspaper or in a broadcast lies unless the plaintiff has, within six weeks after the alleged libel has come to his knowledge, given to the defendant notice in writing, specifying the matter complained of, which shall be served in the same manner as a statement of claim or by delivering it to a grown-up person at the chief office of the defendant.

4    This section must be read in conjunction with two Rules. Rule 145 which reads as follows:

> 145. A defendant to an action or counter-claim shall raise all matters that show the action or counter-claim not to be maintainable, or that the transaction is either void or voidable in point of law, and all such grounds of defence as if not raised would be likely to take the opposite party by surprise, or would raise issues of fact not arising out of

the preceding pleadings, as, for instance, fraud, *The Limitations Act*, release, payment, performance, facts showing illegality either by statute or common law, or *The Statute of Frauds*.

Rule 148 which reads as follows:

> 148. Any condition precedent, the performance or occurrence of which is intended to be contested, shall be distinctly specified in his pleading by the party relying thereon, and an averment of the performance or occurrence of all conditions precedent necessary for the case by the plaintiff or defendant shall be implied in his pleading.

5     A condition precedent need not be pleaded by the plaintiff who must only set out the necessary and essential elements of the cause of action. Williston and Rolls, *Law of Civil Procedure* (1970), vol. 2, at p. 696, sets out a helpful test to determine if a particular element of a cause of action is in fact a condition precedent:

> The test is this: a condition precedent, as opposed to a substantive or constitutive element of a cause of action, is not the essence of the cause of action, but has been made essential as an additional formality superimposed on what was otherwise valid.

6     The leading case on this point is *Sentinel-Review Co. Ltd. v. Robinson et al.*, [1928] S.C.R. 258, [1928] 3 D.L.R. 97, a decision of the Supreme Court of Canada, wherein Duff, J., discussed this distinction at pp. 261-2:

> ...and the distinction is an old one, well recognized in the rules of pleading, between the substantive elements of a cause of action, and conditions precedent which a plaintiff must observe in order to entitle him to sue.
>
> . . . . .
>
> The distinction (between a condition precedent in this sense, and a condition which is one of the constitutive elements of the plaintiff's right), is perhaps not easily capable of statement in abstract form; and differences of opinion will arise as to the category to which a particular fact belongs. But, as Mr. Justice Magee points out, statutory notices of action, which presuppose the existence of a completely constituted cause of action at common law independently of the notice, have commonly been held to be conditions precedent in this sense...

7     With respect to the application of Rule 148 (then Rule 146), he stated, at p. 261:

> If the giving of this notice by the appellants is a condition precedent within the meaning of C.R. 146, then the respondents could only contest it, if, in compliance with the rule, non-performance of the condition was specifically alleged in the statement of defence.
>
> . . . . .
>
> Under the practice established by the Judicature Acts, the necessity of a general averment of the performance of conditions precedent was dispensed with, such an averment being implied; but it is still, as required by C.R. 146, incumbent on a party who intends to contest the performance of any condition precedent to specify it distinctly in his pleading.

8     Duff, J., held in that case that the notice required under the *Libel and Slander Act* was in fact a condition precedent and thus came within the ambit of Rule 146 (now Rule 148).

9     Counsel for Bicci agrees that the giving of notice is a condition precedent. However, he disputes the point that he must plead non-compliance in his statement of defence. He argues that:

> (a) where the facts are clear and not in dispute there is no advantage to incurring the costs and delays entailed by pleading, discovery, production and trial; and
>
> (b) to proceed beyond this point would be an unwarranted abuse of the Court's process.

10     In support of his argument, counsel for Bicci refers to *Carter v. The Standard, Ltd.* (1915), 44 N.B.R. 1, and *Leslie v. Telegram Publishing Co. Ltd.*, [1955] O.W.N. 122, [1955] 3 D.L.R. 317 [affirmed [1955] O.W.N. 300, [1955] 3 D.L.R. at p. 320; affirmed [1956] S.C.R. 871, 5 D.L.R. (2d) 384].

11     Each of these cases must be considered in its particular context. In the *Carter* case, the action was on the docket and ready for trial. In the *Leslie* case, the action was called for trial. In both instances the pleadings were complete and argument flowed from them. In the *Leslie* case, Wells, J., stated that the motion should have been brought under Rule 122 (now Rule 124). Rule 124 reads as follows:

> 124. Either party is entitled to raise *by his pleadings* any point of law, and by consent of the parties or by leave of a judge, the point of law may be set down for hearing at any time before the trial, otherwise it shall be disposed of at the trial. (Emphasis mine.)

12     Thus, a motion under this Rule is founded on the pleadings. Wells, J., cannot be taken to have said that such a motion can be brought at any time irrespective of whether the issues had been fully canvassed by the pleadings.

13     In *Trottier v. John Blunt Publications, Ltd., et al.*, [1950] O.W.N. 678, Gale, J., dealt with a motion under this Rule, which is in fact a motion for judgment on the pleadings. At p. 680, he said the following with respect to Rule 122:

> I refused to counsel for the defendants the right to use the evidence obtained upon a cross-examination of the plaintiff, being of the opinion that Rule 122 contemplates only a decision on a point of law raised by the pleadings and, therefore, that it is improper to look at evidence to be found in extraneous documents.
>
> . . . . .
>
> During the course of the argument, I was invited to discuss and perhaps decide whether, quite apart from the effect of the pleadings, this is a publication coming within the scope of s. 1 of The Libel and Slander Act. As I understand Rule 122, it would not have been open to me to do so. That Rule contemplates a decision on a point of law, and the Court in operating under it should not attempt to decide disputed questions of fact.

14     Thus, these cases, far from supporting the defendant's contention that the pleadings are not necessary to support his motion, appear to substantiate the need for them, if the motion is to be properly brought under Rule 124. In both instances the Court was merely pointing out that it was possible to take summary proceedings in order to determine a point of law without actually proceeding to trial, after the pleadings were complete and the issues were clear.

15     Rule 148 requires a condition precedent to be distinctly specified, not only if it might be dealt with at trial but if it is to be *contested*. This would include a motion to determine a question of law under Rule 124. There appears to be no specific wording in Rule 148 that would limit its application to actions which proceed to trial, nor may this be inferred from the relation of that Rule to the general Rules of pleading.

16     Consequently, I find that the present motion to dismiss is premature. The defendant's proper procedure is to bring a motion for judgment on the pleadings after the pleadings are complete. The defendant's argument that this will cause undue delay and costs would be valid if the action continued to trial without a determination of the points of law in issue (see the *Leslie* case, *supra*). However, it is necessary for the party who intends to rely on the breach of the condition precedent to raise it as a contentious issue in the pleadings before he contests the action either in a summary motion or a trial. The completion of pleadings is the only additional step necessary to give the defendant a proper foundation for a motion under Rule 124.

17     The purpose of pleadings is to set out fully the nature of the plaintiff's claim and to pin-point the issues in contention between the parties. It could be argued that full pleadings involve unnecessary delays and expense where the defendant has clearly manifested his intention to raise a statutory defence by bringing a motion to dismiss the action on that basis. However, such a motion can also result in additional costs if in the plaintiff's reply he could have raised a further material fact which might be a full answer to the statutory defence raised by the defendant.

18     A premature motion, founded on a statement of claim, may well jump the gun before the parties have had a full opportunity to canvass the issues between them. This is particularly so where the issues raised between the parties are very complex and which require extended argument and which therefore are difficult to consider on a summary motion at this stage. The Court must, of course, exercise caution in summarily limiting the plaintiff's right of action.

19     Instead of dismissing the motion, I propose to reserve my decision on the other issues until pleadings have been completed. There is precedent for this in the action taken by the Court of Appeal in *Gooderham & Worts Ltd. v. Canadian Broadcasting Corp.*, [1939] O.W.N. 507, [1939] 4 D.L.R. 241, where McTague, J.A., stated at p. 508:

> The defendant did not enter an appearance, but on the 27th day of May, 1938, launched a motion before The Master to strike out the writ of summons upon the principal ground that the defendant was not liable to be sued in this Court and that any claim against it must be brought in the Exchequer Court of Canada by petition of right. The learned Master dismissed the motion following *Electrical Development of Ontario v. Hydro-Electric Power Commission*, [1919] A.C. 687, on the ground that the motion was premature and could only properly be determined after pleadings had been delivered on motion under Rules 122 or 124.

> The defendant appealed from the order of The Master to Jeffrey J. in Chambers. In the result, the order of The Master was vacated and the writ of summons was set aside, the learned Judge holding that this Court has no jurisdiction.

> On the 27th day of May, 1939, Hogg, J. granted leave to the plaintiff to appeal from the order of Jeffrey J. to this Court. After hearing argument, this Court reserved judgment until pleadings had been filed, and retained the motion. The direction of the Court as to filing pleadings has been complied with.

20     The time for delivery of the statement of defence is extended to 10 days after the date of entry of this order. I take this action in order that the parties be not put to additional unnecessary costs for preparing and presenting their arguments to the Court again. Costs on this motion reserved until the matter is completed.

21     *Order accordingly*.

---

**End of Document**      Copyright © Thomson Reuters Canada Limited or its licensors (excluding individual court documents). All rights reserved.