# EXHIBIT 4

Case 1:22-cv-00340-RDM   Document 22-30   Filed 06/24/22   Page 2 of 10

Johns-Manville Canada Inc. v. John Carlo Ltd., 1980 CarswellOnt 108
1980 CarswellOnt 108, [1980] O.J. No. 3084, 113 D.L.R. (3d) 686, 12 B.L.R. 80...

1980 CarswellOnt 108
Ontario Supreme Court, High Court of Justice

Johns-Manville Canada Inc. v. John Carlo Ltd.

1980 CarswellOnt 108, [1980] O.J. No. 3084, 113 D.L.R. (3d) 686, 12 B.L.R. 80, 29 O.R. (2d) 592, 4 A.C.W.S. (2d) 76

# CANADIAN JOHNS-MANVILLE CO. INC. et al. v. JOHN CARLO LTD. et al.

R.E. Holland J.

Heard: June 16 and 17, 1980
Judgment: July 8, 1980

Counsel: *E.M. Kelday*, for plaintiffs.
*R.B. Moldaver*, for defendant Citadel General Assurance Company.

Subject: Insolvency; Corporate and Commercial
**Related Abridgment Classifications**
Civil practice and procedure
X Pleadings
    X.1 General requirements
        X.1.k Pleading conditions precedent to right of action
Civil practice and procedure
XI Third party procedure
    XI.5 Miscellaneous
Construction law
III Bonds and sureties
    III.1 Bonds
        III.1.f Miscellaneous
Estates and trusts
III Trustees
    III.5 Practice and procedure
        III.5.a Parties
            III.5.a.ii Beneficiaries

**Headnote**

Guarantee and suretyship — Labour and material payment bond — Third party beneficiary rule — Relevant legal principles explained.

The plaintiff, CJM, supplied pipe to the defendant, JCL. JCL failed to pay the balance owing of $80,068.16. The Court awarded damages against JCL in this amount together with interest at 12 per cent per annum in accordance with a letter agreement between CJM and JCL. JCL (the principal) had provided a labour and material payment bond to the Ministry of the Environment (the obligee) issued by the defendant bonding company. The plaintiff claimed under this bond.

The defendant bonding company defended the plaintiff's claim on the bond on three bases: (1) no written notice by registered mail was given to the principal (JCL) or to the obligee (the Ministry of the Environment); (2) the Ministry refused to pay JCL and this released the surety; and (3) the plaintiff failed to prove its claim in a mechanics' lien action and could not succeed in its claim against the surety for more than any deficiency that would have occurred had the claim been properly proved.

**Held:**

The plaintiff was entitled to recover on the bond.

The plaintiff failed to comply fully with the notice provisions of the bond. If the plaintiff sued only on the bond it would have to comply strictly with it. A contract bond, such as the one in this case, is not a contract of insurance but one of suretyship

Case 1:22-cv-00340-RDM   Document 22-30   Filed 06/24/22   Page 3 of 10

Johns-Manville Canada Inc. v. John Carlo Ltd., 1980 CarswellOnt 108
1980 CarswellOnt 108, [1980] O.J. No. 3084, 113 D.L.R. (3d) 686, 12 B.L.R. 80...

and guarantee. It guarantees to the owner that the principal will pay those with whom it has contracts for labour and material supplied. It is different from a performance bond which guarantees the owner that the contractor will perform the contract. While as a matter of general law only parties to a contract may sue on it even if the plaintiff has a direct interest in performance of the contract, where a trust is created, a cestui que trust may sue although not a party. In this case, the bond created a clear trust and made the plaintiff a beneficiary thereof.

In this case, the plaintiff had an independent cause of action beyond the contract itself by virtue of the terms of the trust created. The plaintiff was not bound by the conditions respecting notice in the contract.

In addition, the lack of notice was not pleaded in the statement defence although the statement of claim pleaded that the notice was given. Failure of the defendant to plead lack of notice disentitled it to that defence.

The fact that the Ministry disputed that amount owing and refused to pay it did not result in a material change in the head contract with the obligee but, in any event, such a change could not discharge a guarantee to which the obligee was not a party. Finally, the plaintiff was not required to seek recovery from all sources before claiming under the bond.

The bond recovered all sums due to CJM under the contract with JCL. This contract included interest at 12 per cent per annum. Hence, recovery of interest was alsso ordered.

**Table of Authorities**

**Cases considered:**

*Affréteurs Réunis Société Anonyme v. Leopold Walford (London) Ltd.*, [1919] A.C. 801 (H.L.) — *referred to*

*Bodner Road Const. Ltd., Re; R. v. Can. Indemnity Co.* (1963), 43 W.W.R. 641, 41 D.L.R. (2d) 617 (Man.) — *referred to*

*Can. Oil Cos. v. Scottish Can. Assur. Corp.*, Man. Q.B., Bastin J., January 1960 (unreported) — *referred to*

*Dunlop Pneumatic Tyre Co. v. Selfridge & Co.*, [1915] A.C. 847, [1914-15] All E.R. Rep. 333 (H.L.) — *referred to*

*Greenwood Shopping Plaza Ltd. v. Beattie*, 39 N.S.R. (2d) 119, 10 B.L.R. 234, 71 A.P.R. 119, [1980] I.L.R. 1-1243, 32 N.R. 163 (S.C.C.), — *referred to*

*Schebsman, Re*, [1944] Ch. 83 (C.A.) — *referred to*

*Scruttons Ltd. v. Midland Silicones Ltd.*, [1962] A.C. 446, [1962] 1 All E.R. 1, [1961] 2 Lloyd's Rep. 365 (H.L.) — *referred to*

*Sentinel-Review Co. v. Robinson*, [1928] S.C.R. 258, [1928] 3 D.L.R. 97 — *considered*

*Tobin Tractor (1957) Ltd. v. Western Surety Co.* (11963), 42 W.W.R. 532, 40 D.L.R. (2d) 231 (Sask. Q.B.) — *referred to*

*Truro (Town of) v. Toronto Gen. Ins. Co.*, 6 N.S.R. (2d) 163, 38 D.L.R. (3d) 1, [1973] I.L.R. 1-556 (S.C.C.) — *followed*

*Vandepitte v. Preferred Accident Ins. Corp. of New York*, [1933] A.C. 70 (P.C.) — *referred to*

*Webb, Re*, [1941] Ch. 225 — *referred to*

**Statutes considered:**

Libel and Slander Act, R.S.O. 1914, c. 71, s. 8.

**Rules considered:**

Ont. R. 148

**Authorities considered:**

Jewers, G.O., "Legal Aspects of Surety Bonds", 1966 Pitblado Lectures 41.

Keith, D.A., Q.C., "Performance Bonds", Law Society of Upper Canada Special Lectures (1962), pp. 317-21.

Saloman, N.H., "Labour and Material Payment Bonds" (1973), 19 McGill L.J. 433.

Underhill's Law of Trusts and Trustees (13th ed., 1979), p. 110.

Williston and Rolls, The Law of Civil Procedure (1970), p. 696.

**Words and phrases considered:**

**CONTRACT BOND**

Contract bonds . . . are not contracts of insurance but rather contracts of suretyship and guarantee. The foundation of a labour and material bond is to guarantee to the owner that the principal will pay all sums due for labour and materials provided the

claimant has a direct contract with the principal. It is quite different from a performance bond which guarantees to the owner that the contractor will perform the terms of the contract.

**MATERIAL CHANGE IN THE CONTRACT**

I very much doubt that a dispute as to the amount owing amounts to a material change in the contract but . . . the matter has been settled by the Supreme Court of Canada in *Town of Truro v. Toronto Gen. Ins. Co.* [(1973)] . . . 38 D.L.R. (3d) 1 [(S.C.C.)].

At p. 8, Dickson J., for the Court, said this:

The Court has not been referred to any case, and I can find none, in which a material change in contract A., to which the obligee is a party, discharged a guarantee in respect of contract B, to which the obligee is not a party.

ACTION on labour and material bond.

*R.E. Holland J.*:

1      This is an action for moneys owing by John Carlo Ltd. and against a surety under a labour and material payment bond.

2      There is no dispute on the facts. The plaintiff, pursuant to a contract, supplied pipe to the defendant John Carlo Ltd. The balance owing, exclusive of interest, is $80,068.16. John Carlo Ltd. did not defend and Griffiths J. gave judgment for the above sum together with interest at 12 per cent per annum from February 1, 1978 to the date of judgment against such defendant on December 14, 1978. Interest was calculated in accordance with a letter from the defendant John Carlo Ltd. to the plaintiff Canadian Johns-Manville Co. Limited, the predecessor of the present plaintiff John-Manville Canada Inc. under the terms of which any unpaid balance of the account after February 1, 1978, would carry a 12 per cent simple interest charge.

3      The last material was shipped on October 28, 1977. No complaint was ever made about the product. The plaintiff company gave notice of its claim under the bond to the predecessor of Citadel General Assurance Company by registered letter dated December 15, 1977. A copy of this letter was sent to the Ministry of the Environment but there is no satisfactory evidence to indicate that that copy was sent by registered mail. No written notice was sent to John Carlo Ltd. although the president of that company was orally advised and was kept orally advised of the claim against the surety.

4      The Ministry of the Environment held back $81,264.12, being 15 per cent of the work certified as complete. This sum was paid into court and by judgment dated February 26, 1979, this sum was distributed. The plainttif company was given notice of the trial but the claim of the plaintiff company apparently was not approved and was dismissed.

5      A dispute arose between John Carlo Ltd. and the Ministry of the Environment concerning the amount owing and this dispute proceeded to arbitration. The arbitration hearing proceeded in 1978 but no decision has yet been rendered.

6      The labour and material payment bond reads as follows:

**Labour & Material Payment Bond**
```
Bond No. 8300123.
                                             Town of Thessalon
                                             Project No. 1-0011.
                                             Contract 2.
Amount $1,544,590.50
KNOW ALL MEN BY THESE PRESENTS, that we ..................................
JOHN CARLO LTD. and JOHN CARLO INC.
..............................................................................
                                       hereinafter called "the Principal"
                                 and
CNA ASSURANCE COMPANY
```

Case 1:22-cv-00340-RDM   Document 22-30   Filed 06/24/22   Page 5 of 10

Johns-Manville Canada Inc. v. John Carlo Ltd., 1980 CarswellOnt 108
1980 CarswellOnt 108, [1980] O.J. No. 3084, 113 D.L.R. (3d) 686, 12 B.L.R. 80...

```
............................................................................
                                                    hereinafter called "the Surety",
```

are jointly and severally held and firmly bound unto her Majesty the Queen in right of Ontario as represented by the Minister of the Environment, as Trustee, hereinafter called "the Obligee", for the use and benefit of the Claimants, their and each of their heirs, executors, administrators, successors and assigns, in the amount of one million, five hundred and forty-four thousand, five hundred and ninety ...... 50/100 — DOLLARS ($1,544,590.50) of lawful money of Canada, for the payment of which sum well and truly to be made we the Principal and Surety jointly and severally bind ourselves, our and each of our respective heirs, executors, administrators, successors and assigns by these presents.

WHEREAS by an agreement in writing dated the 29th day of June, 1977 the Principal entered into a contract with the Obligee, hereinafter called "the Contract" for the construction of sanitary sewers, watermains, forcemains, and appurtenances in the TOWN OF THESSALON which Contract is by reference herein made a part hereof as fully to all intents and purposes as though recited in full herein.

NOW, THEREFORE, THE CONDITION OF THE OBLIGATION Is such that, if the Principal shall make payment to all Claimants for all labour and material used or reasonably required for use in the performance of the Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

  1. A Claimant for the purpose of this Bond is defined as one having a direct contract with the Principal for labour, material, or both, used or reasonably required for use in the performance of the Contract, labour and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment, directly applicable to the Contract provided that a person, firm or corporation who rents equipment to the Principal to be used in the performance of the Contract under a contract which provides that all or any part of the rent is to be applied towards the purchase price thereof shall only be a Claimant to the extent of the prevailing industrial rental value of such equipment for the period during which the equipment was used in the performance of the Contract.

  2. The Principal and the Surety hereby jointly and severally agree with the Obligee, as Trustee, that every Claimant who has not been paid as provided for under the terms of his contract with the Principal, before the expiration of a period of ninety (90) days after the date on which the last of such Claimant's work or labour was done or performed or materials were furnished by such Claimant, may as a beneficiary of the trust herein provided for, sue on this Bond, prosecute the suit to final judgment for such sum or sums as may be justly due to such Claimant under the terms of his contract with the Principal and have execution thereon. Provided that the Obligee is not obliged to do or take any act, action or proceeding against the Surety on behalf of the Claimants, or any of them, to enforce the provisions of this Bond. If any act, action or proceeding is taken either in the name of the Obligee or by joining the Obligee as a party to such proceeding, then such act, action or proceeding, shall be taken on the understanding and basis that the Claimants, or any of them, who take such act, action or proceeding shall indemnify and save harmless the Obligee against all costs, charges and expenses or liabilities incurred thereon and any loss or damage resulting to the Obligee by reason thereof. Provided still further that, subject to the foregoing terms and conditions, the Claimants or any of them may use the name of the Obligee to sue on and enforce the provisions of this Bond.

  3. No suit or action shall be commenced hereunder by any Claimant:

    (a) unless such Claimant shall have given written notice within the time limits hereinafter set forth to each of the Principal, the Surety and the Obligee, stating with substantial accuracy the amount claimed. Such notice shall be served by mailing the same by registered mail, or served in any manner in which legal process may be served in the Province of Ontario, to the Principal and Surety at any place where an office is regularly maintained for the transaction of business by such persons, and to the Obligee addressed to the attention of the Manager, Claims and

Contract Section, Project Co-ordination Branch, Ministry of the Environment, at 40 St. Clair Ave. W., Toronto. Such notice shall be given

(1) in respect of any claim for the amount or any portion thereof required to be held back from the Claimant by the Principal under either the terms of the Claimant's contract with the Principal or under the Mechanics' Lien Act 1970, Chapter 267 and amendments thereto applicable to the Claimant's contract with the Principal, whichever is the greater within one hundred and twenty (120) days after such Claimant should have been paid in full under the Claimants contract with the Principal.

(2) in respect of any claim other than for the holdback, or portion thereof, referred to above, within one hundred and twenty (120) days after the date upon which such Claimant did or performed, the last of the work or labour or furnished the last of the materials for which such claim is made, under the Claimant's contract with the Principal.

(b) After the expiration of one (1) year following the date on which the Principal ceased work on the Contract, including work performed under the guarantees provided in the Contract.

(c) Other than in a Court of competent jurisdiction in the Province of Ontario, and the parties hereto agree to submit to the jurisdiction of such Court.

4. The amount of this Bond shall be reduced by, and to the extent of any payment or payments made in good faith, and in accordance with the provisions hereof, inclusive of the payment by the Surety of claims under the Mechanics' Lien Act as amended, whether or not such claims be presented under and against this Bond.

PROVIDED ALWAYS and it is hereby agreed and declared that the Obligee and the Principal have the right to change, alter and vary the terms of the Contract, and that the Obligee may in its discretion at any time or times take and receive from the Principal any security whatsoever and grant any extension of time thereon or on any liability of the Principal to the Obligee.

PROVIDED FURTHER and it is hereby agreed and declared that the Principal and the Surety shall not be discharged or released from liability hereunder and that such liability shall not be in any way affected by any such changes, alterations, or variations, taking or receiving of security, or extension of time, as aforesaid, or by the exercise by the Obligee of any of the rights or powers reserved to it under the Contract or by its forbearance to exercise any such rights or powers, including (but without restricting the generality of the foregoing) any changes in the extent or nature of the works to be constructed, altered, repaired or maintained under the Contract, or by any dealing, transaction, forbearance or forgiveness which may take place between the Principal and the Obligee.

PROVIDED FURTHER and it is hereby agreed and declared that the Surety shall not be liable for a greater sum than that specified in this Bond.

IN WITNESS WHEREOF the Principal and the Surety have AFFIXED THEIR SIGNATURES AND CORPORATE SEALS this 17th day of July 1977.

```
SIGNED AND SEALED BY THE PRINCIPAL  ) JOHN CARLO LTD.
                                    )
     In the presence of             ) Per:_____
                                    )
............................       ) JOHN CARLO INC.
           Witness                  )
                                    ) Per:_____
Occupation..................        )                      Principal
                                    )
Address.....................        ) CNA ASSURANCE COMPANY
                                    ) ..............................
```

```
                                                              Surety.
                                      B.A.Bailey (Attorney-in-fact)
```

7     The defence as I understand it is threefold:

8     1. That no written notice was given by registered mail to the principal or to the obligee;

9     2. That there was a breach of the contract between the principal and the obligee in that the obligee failed to pay the principal and that this breach releases the surety; and

10    3. That the plaintiff company could have made some recovery in the mechanics' lien action and cannot now succeed for more than the deficiency that would have remained had the claim been properly put forward in such action.

11    It is also submitted on behalf of the surety that the labour and material bond covers for labour and material only and not for interest.

12    Her Majesty the Queen in Right of The Province of Ontario, represented by the Minister of the Environment, trustee, was added as a party plaintiff as a precaution at the opening of trial and with the consent of counsel for the surety.

13    I will deal with the defences raised in order. The plaintiff company is a "claimant" within the meaning of the bond and under the terms of the bond may sue the surety. The plaintiff company has not, however, fully complied with the provisions of the bond requiring written notice by registered mail or personal service. Written notice was given by registered mail to the surety and by mail to the obligee, but not to the principal. The principal was fully advised and was in no way prejudiced by the lack of written notice by registered mail. This lack of notice is, however, relied upon as an admittedly technical defence to the action.

14    If the plaintiff company can only sue by virtue of the right given to it to sue in the bond, then it may be, subject to what I have to say later concerning the pleadings, that it is bound by the terms and conditions of the bond and that there is no power in this Court to relieve against such terms and conditions. Should, however, the plaintiff company possess an independent cause of action, quite apart from the purported right to sue given by the bond, then it seems to me that it can exercise such independent cause of action and is not bound by the terms of the bond.

15    Contract bonds, such as the one in question in this action, are not contracts of insurance but rather contracts of suretyship and guarantee. The foundation of a labour and material bond is to guarantee to the owner that the principal will pay all sums due for labour and materials provided the claimant has a direct contract with the principal. It is quite different from a performance bond which guarantees to the owner that the contractor will perform the terms of the contract.

16    It is the general law that only the parties to a contract may sue upon it even though the plaintiff has a direct interest in the performance of the contract: see *Dunlop Pneumatic Tyre Co. v. Selfridge & Co.*, [1915] A.C. 847, [1914-15] All E.R. Rep. 333 (H.L.); and *Scruttons Ltd. v. Midland Silicones Ltd.*, [1962] A.C. 446, [1962] 1 All E.R. 1, [1961] 2 Lloyd's Rep. 365 (H.L.). See also *Greenwood Shopping Plaza Ltd. v. Beattie*, unreported decision of the Supreme Court of Canada pronounced June 17, 1980 [now reported 39 N.S.R. (2d) 119, 10 B.L.R. 234, 71 A.P.R. 119, [1980] I.L.R. 1-1243, 32 N.R. 163]. However, where a trust has been set up a cestui que trust may sue, although not a party to the trust contract: see *Affréteurs Réunis Société Anonyme v. Leopold Walford (London) Ltd.*, [1919] A.C. 8801 (H.L.); *Vandepitte v. Preferred Accident Ins. Corp. of New York*, [1933] A.C. 70 (P.C.). The proposition is stated in Underhill's Law of Trusts and Trustees (13th ed., 1979), at p. 110:

> **Contracts.**
>
> Where contracts are concerned, if A promises B for value that A will pay money or transfer property to C there is a perfectly valid contract between A and B but C cannot sue on the contract since he is not a party to the contract and has not provided the consideration therefor. However, if B at the time of making the contract was acting as trustee for C or intended to hold the benefit of the contract as trustee for C, or later declares himself trustee thereof for C, then, from the

Case 1:22-cv-00340-RDM   Document 22-30   Filed 06/24/22   Page 8 of 10

Johns-Manville Canada Inc. v. John Carlo Ltd., 1980 CarswellOnt 108
1980 CarswellOnt 108, [1980] O.J. No. 3084, 113 D.L.R. (3d) 686, 12 B.L.R. 80...

time of the contract or the subsequent declaration of trust, C, with equity's assistance though a volunteer, will be able to enforce the contract, joining B as co-defendant, if B is not prepared to be plaintiff, and C will obtain specific performance or full damages as appropriate.

17     The intention to create a trust must be clear: see *Re Webb*, [1941] Ch. 225; and *Re Schebsman*, [1944] Ch. 83 (C.A.).

18     In the present case it seems to me that this intention is clear. Paragraph 2 provides for an action by a claimant "as a beneficiary of the trust herein provided".

19     There is little authority in Canada regarding the application of the above principles to labour and material bonds. Counsel were unable to refer me to any case in point and I have been unable to find any exactly in point. The matter has been considered in the province of Quebec under the relevant articles of the Civil Code: see N.H. Saloman, *Labour and Material Payment Bonds* (1973), 19 McGill L.J. 433, and the cases cited therein. D.A. Keith, Q.C., in his article *Performance Bonds*, Law Society of Upper Canada Special Lectures (1962), at pp. 317-321, expresses the opinion that a right of a claimant to enforce payment under a labour and material bond is unenforceable by reason of the principle set out in *Dunlop Pneumatic Tyre Co. v. Selfridge & Co.*, supra. In *Legal Aspects of Surety Bonds*, G.O. Jewers, 1966 Pitblado Lectures 41, reference is made to *Can. Oil Cos. v. Scottish Can. Assur. Corp.*, Man. Q.B., Bastin J., January 1960 (unreported). This decision dealt with a performance bond. The trial Judge held that while by contract a trusteeship giving benefits to a third party could be enforceable by the trustee or the beneficiaries, no such trust had been proved in that case. This decision was affirmed by an unreported decision of the Manitoba Court of Appeal. The *Can. Oil Cos.* case was followed in *Re Bodner Road Const. Ltd.; R. v. Can. Indemnity Co.* (1963), 43 W.W.R. 641, 41 D.L.R. (2d) 617, which was again a case in Manitoba involving a performance bond and again the Court held that it was not intended under the terms of the bond and the contract that the subcontractors and suppliers should receive any protection. A similar case is *Tobin Tractor (1957) Ltd. v. Western Surety Co.* (1963), 42 W.W.R. 532, 40 D.L.R. (2d) 231 (Sask. Q.B.).

20     It appears to me that in this case, unlike performance bonds, the plaintiff company does possess an independent cause of action, apart from the right to sue given by the contract. The trust has arisen by virtue of the contract but is governed by the terms of the trust and not by the terms of the contract, and the plaintiff company is not required to comply with the conditions concerning notice imposed by the contract.

21     Still dealing with the first defence the lack of notice was not pleaded as a defence to the action, although the plaintiff company pleaded in the statement of claim that it gave the written notice required by the bond.

22     Rule 148 reads as follows:

148. Any condition precedent, the performance or occurrence of which is intended to be contested, shall be distinctly specified in his pleading by the party relying thereon, and an averment of the performance or occurrence of all conditions precedent necessary for the case by the plaintiff or defendant shall be implied in his pleading.

23     Williston and Rolls, The Law of Civil Procedure (1970), at p. 696, explains this Rule as follows:

It is not necessary for the plaintiff to plead a condition precedent in his statement of claim, but the wording of the rule must be carefully considered. It does not say that such an averment is immaterial, only that it shall be implied. The plaintiff is no longer obligated to plead the due performance of all conditions precedent to his right of action, but the burden of proving due performance or waiver of performance is still on him, if the defendant raises the issue of lack of performance. The allegation by the plaintiff in his statement of claim that he gave such notice does not relieve the defendant from stating in his pleading his intention to contest it; the plaintiff's allegation merely expresses what in its absence would be implied. It may not always be easy to decide whether a matter is a condition precedent which need not be pleaded, or if it is a necessary and essential element of the cause of action in which case it must be pleaded by the plaintiff. The test is this: a condition precedent, as opposed to a substantive or constitutive element of a cause of action, is not the essence of the cause of action, but has been made essential as an additional formality superimposed on what was otherwise valid.

Case 1:22-cv-00340-RDM   Document 22-30   Filed 06/24/22   Page 9 of 10

Johns-Manville Canada Inc. v. John Carlo Ltd., 1980 CarswellOnt 108
1980 CarswellOnt 108, [1980] O.J. No. 3084, 113 D.L.R. (3d) 686, 12 B.L.R. 80...

24     In *Sentinel-Review Co. v. Robinson*, [1928] S.C.R. 258, [1928] 3 D.L.R. 97, in which the Court considered, amongst other things, whether the defendant in an action for libel need plead, in his statement of defence, the failure of the plaintiff to give notice, pursuant to s. 8 of The Libel and Slander Act, R.S.O. 1914, c. 71, before he could raise an objection as to the sufficiency of such notice, Duff J., for the Court, at pp. 261-62, explained the history behind the Rule and the difference between the substantive elements of a cause of action and conditions precedent which a plaintiff must observe in order to entitle him to sue:

> Formerly a plaintiff was required to set out in his declaration every condition precedent and to aver with particularity performance of it. Later, by the *Common Law Procedure Act*, it was provided that the plaintiff or defendant might aver performance of conditions precedent generally, and that 'the opposite party shall not deny such averment generally, but shall specify in his pleading the condition or conditions precedent the performance of which he intends to contest.' (Harrison, C.L.P. Act, p. 93). After the enactment of this Act, it was usual to allege in the declaration that 'all conditions were performed, and all things happened, and all times elapsed necessary to entitle the plaintiff to maintain the action.'

> Under the practice established by the Judicature Acts, the necessity of a general averment of the performance of conditions precedent was dispensed with, such an averment being implied; but it is still, as required by C.R. 146, incumbent on a party who intends to contest the performance of any condition precedent to specify it distinctly in his pleading.

> The distinction (between a condition precedent in this sense, and a condition which is one of the constitutive elements of the plaintiff's right), is perhaps not easily capable of statement in abstract form; and differences of opinion will arise as to the category to which a particular fact belongs ...

> Nor are the respondents, by the allegation in paragraph 8 of the statement of claim, relieved from the duty under C.R. 146 to state in their pleading their intention to contest the giving of notice. That allegation merely expresses what, in the absence of it, would be implied.

25     I conclude that it is incumbent upon the defendant to raise the defence of lack of or improper notice by plea and if this defence is not pleaded then, in my opinion, the defence cannot succeed. I realize that this is a highly technical position but it is a technical defence.

26     I turn now to the second defence. It is suggested that there was a material change in the head contract by the refusal of the Ministry to make payment. I very much doubt that a dispute as to the amount owing amounts to a material change in the contract but, in any event, it seems to me that the matter has been settled by the Supreme Court of Canada in *Town of Truro v. Toronto Gen. Ins. Co.*, 6 N.S.R. (2d) 163, [1973] I.L.R. 1-556, 38 D.L.R. (3d) 1.

27     At p. 8 [D.L.R], Dickson J., for the Court, said this:

> The Court has not been referred to any case, and I can find none, in which a material change in contract A., to which the obligee is a party, discharged a guarantee in respect of contract B, to which the obligee is not a party.

28     Dealing with the third defence, it is my view that the claimant is not required to seek recovery from all sources before claiming under the bond.

29     So far as interest is concerned the bond covers "such sum or sums as may be justly due to such claimant under the terms of his contract with the Principal". The contract with the principal specifically provides for interest.

30     For the above reasons there will be judgment for the plaintiff company against Citadel General Assurance Company for $80,068.16, with interest at 12 per cent per annum from February 1, 1978 to the date of the judgment, together with costs.

31     The action of Her Majesty the Queen in Right of the Province of Ontario, represented by the Ministry of Environment, trustee, will be dismissed without costs.

*Judgment for plaintiff company.*

---

**End of Document**      Copyright © Thomson Reuters Canada Limited or its licensors (excluding individual court documents). All rights reserved.