# EXHIBIT 5

## *Robinson v. Club Epiphany Restaurant & Lounge, [2001] O.J. No. 2101*

Ontario Judgments

Ontario Superior Court of Justice

Epstein J.

March 1, 2001

No. 505/99

**[2001] O.J. No. 2101**

Between Club Epiphany Restaurant & Lounge, and Hopeton Robinson, Lloyd Manning and Everton Wilks

(11 paras.)

## Case Summary

**Libel and slander — Defamation defined — The statement — What constitutes defamatory statements — Disparagement of reputation.**

Appeal by the defendant Club Epiphany Restaurant & Lounge from a decision granting the plaintiffs Robinson, Manning and Wilks damages for defamation. Robinson, Manning and Wilks had posed for pictures to participate in a swimwear competition at the Lounge. The Lounge distributed a brochure designed to promote another event and displayed the pictures of Robinson, Manning and Wilks in connection with words suggesting that they were male dancers. The Lounge argued that there was no defamation and that the action was statute barred.
HELD: Appeal dismissed.

 There was no reason to interfere with the decision of the judge. The limitation period relied upon by the Lounge did not apply.

## Statutes, Regulations and Rules Cited:

Libel and Slander Act, *R.S.O. 1990, c. L.12, ss. 1*, 5(1).

## Counsel

No counsel mentioned.

**EPSTEIN J. (endorsement)**

**1**  This is an appeal from the decision of Deputy Judge Archibald dated June 11, 1999 in which he gave a combined judgment in favour of each of the plaintiffs in 3 separate actions against the common defendant. The judgments appear to have been based on the Deputy Judge's finding that the plaintiffs were entitled to damages as a result of being defamed by the defendant. Typical of the informality that frequently accompanies actions brought in the Small Claims Court, neither the claims nor the defences were clearly framed. However, I do note that the plaintiffs were represented by a paralegal and the defendant was represented by counsel.

**2**  The actions arose from a brief relationship the plaintiffs had with the defendant restaurant and lounge. The defendant appears to be actively involved in various promotional events designed to attract business to the establishment. One of these events was billed as a swimwear competition. Each of the plaintiffs had modelling aspirations and was to some extent involved in the

Robinson v. Club Epiphany Restaurant & Lounge, [2001] O.J. No. 2101

modelling industry. They decided to enter the competition and in the course of it pictures were taken of them in bathing suits. The defendant subsequently produced and distributed a brochure designed to promote another event called "Ladies Night" with "Male Dancers". The brochure consisted of a 1 page glossy document bearing a picture of each of the plaintiffs in a bathing suit.

**3**  The plaintiffs sued on the basis that these pictures had been used without their permission and that as a result they had suffered injury to their reputation due to the fact that the impression the brochure left was that the plaintiffs were involved in a sexually explicit type of routine.

**4**  The trial judge found as a fact that the plaintiffs did not specifically authorize the use of these photographs by the defendant. He further found, after a 2 day trial with 8 witnesses, that "an ordinary person with reasonable understanding within this community would assume the plaintiffs were, what is commonly known as strippers at a night club ... a characterization [that] tends to lower the reputation of the plaintiffs in the estimation of others ..."

**5**  The deputy judge went on to assess damages and found that while no special damages had been proven, general damages were. The deputy judge awarded general and exemplary damages.

**6**  The defendant challenges the decision on 3 main grounds:

　　1.  Whether actionable defamation had been proven, on the facts,

　　2.  Whether the plaintiffs were statute-barred from bringing the action, and

　　3.  The quantum of damages.

**7**  While the actions may have been much more effectively framed, the cases did proceed before the deputy judge as defamation actions and were more or less dealt with by him on that basis. It is clear that the deputy judge did, in several respects, misapprehend the evidence. However, any and all such errors were not material to his overall finding that the defendant published information about the plaintiffs that exposed them to injury to their reputation. There is evidence upon which the deputy judge was open to make the findings and come to the conclusions that he did. This court should not interfere with such findings.

**8**  The limitation argument fails for a number of reasons. First and foremost the section relied upon by counsel for the defendant, s. 5(1) of the Libel and Slander Act, *R.S.O. 1990 c. L.12* does not apply to the case. The section only applies to newspapers and broadcasts as defined in section 1 of the Act. Not even the most liberal reading of section 1 would bring this brochure within those definitions. This, of course, is due to the fact that the notice provisions required under s. 5 were clearly not designed to apply to a "one of" such as a brochure. The notice provisions were designed to give operations that disseminate information on a regular basis the opportunity to address the alleged libel through an attraction or apology, which is impossible in the case of a promotional flyer.

**9**  As well, a number of cases make it clear that a notice requirement such as that contemplated in s. 5(1) of the Act must be pleaded, which it was not. See: Banbury v. Tahir *(1993), 13 O.R. (3d) 609*; Citadel General Assurance Co. v. Johns-Manville Canada Inc. *(1983), 147 D.L.R. (3d) 593* (S.C.C.) and Canadian Plasmapheresis Centres Ltd. v. Canadian Broadcasting Corp. *(1975), 8 O.R. (2d) 55* (H.C.J.). Counsel argues that the lack of notice was implicitly before the deputy judge in the motion for a non-suit that the deputy judge dismissed. However, this is not sufficient according to the case law and in any event no appeal was taken from that order.

**10**  Finally, while I may have dealt with damages differently, such is not the test. I see no reason to interfere with the damages awarded by the deputy judge.

**11**  I see no reason to interfere with the conclusions of the deputy judge in this matter and the appeal is dismissed. The plaintiffs/respondents are entitled to their costs of this appeal. According to the practice of this court, I will fix the costs in favour of each of the plaintiffs in the amount of $750.00. The defendant will therefore have to pay costs in the aggregate amount of $2,250.

Robinson v. Club Epiphany Restaurant & Lounge, [2001] O.J. No. 2101

EPSTEIN J.

---

**End of Document**