# Exhibit A

| | |
|---|---|
| **From:** | Siegel, Nathan |
| **To:** | Joseph Kroetsch |
| **Cc:** | Strom, Rachel; Amy Neuhardt; Sabina Mariella; Alexander Law; Levine, Amanda; Lachman, Sam |
| **Subject:** | RE: WE Charity v. CBC (22-00340-RDM) |
| **Date:** | Thursday, March 23, 2023 4:42:45 PM |

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Dear Joseph,

I am following up on our meet and confer conversations to respond to your proposal for discovery to commence, limited to document discovery between the parties "with a scope similar to what could be obtained under Ontario procedure."

We have consulted with Ontario counsel and our client. Having done so, we think your proposal actually confirms what our position has been - that no discovery should proceed pending the resolution of the pending motion to dismiss.

That is because were this action to be filed in Ontario, this suit would be subject to Ontario's anti-SLAPP statute because the news reports at issue are "expression[s] by CBC "that relate[] to a matter of public interest." *Courts of Justice Act*, R.S.O. 1990, c.43 § 137.1(2). Should the action be filed there, CBC reserves its right to file a motion to dismiss pursuant to that statute. Whenever such a motion is made, the Ontario statute requires that "no further steps may be taken in the proceeding by any party until the motion, including any appeal of the motion, has been finally disposed of." *Id.* § 137.1(5). Pending the resolution of any anti-SLAPP motion in, the only discovery permitted would be a total of seven hours of depositions (or "cross-examinations") limited to the documentary evidence already submitted by the parties in support of or in opposition to the motion. And should an anti-SLAPP motion be filed and granted, there would never be any discovery at all in Ontario.

Proposing that the parties commence document discovery before the pending motion to dismiss is decided is effectively asking CBC to prospectively waive its rights under the Ontario anti-SLAPP law, at least to the extent that statute bars the same discovery you propose to commence here. CBC does not consent to waive those rights.

While CBC believes there are additional reasons why commencing any discovery in this case at this juncture would be inappropriate, which are well-supported by case law, there would appear to be no need to further discuss your proposal. Your proposal's premise is that party document discovery would necessarily proceed in Ontario in the same manner that it would proceed here, should the pending motion be denied. Because that premise is not correct, the appropriate course is to maintain the status quo. Indeed, the fact that there is a stark potential difference between the two jurisdictions on this very point is a compelling reason to maintain the status quo while CBC's *forum non conveniens* motion is still pending.

Regards,

Nathan

**From:** Joseph Kroetsch <jkroetsch@BSFLLP.com>
**Sent:** Tuesday, March 21, 2023 9:17 PM
**To:** Siegel, Nathan <NathanSiegel@dwt.com>
**Cc:** Strom, Rachel <RachelStrom@dwt.com>; Amy Neuhardt <aneuhardt@bsfllp.com>; Sabina Mariella <SMariella@BSFLLP.com>; Alexander Law <alaw@bsfllp.com>; Levine, Amanda <AmandaLevine@dwt.com>; Lachman, Sam <SamLachman@dwt.com>
**Subject:** Re: WE Charity v. CBC (22-00340-RDM)

**[EXTERNAL]**

Hi Nathan, following up on our discussion on Friday, have you been able to connect with the CBC regarding our proposal?

**Joseph F. Kroetsch** (he/him/his)
Partner

**BOIES SCHILLER FLEXNER** LLP

333 Main Street
Armonk, NY 10504
(t) +1 914 749 8388
(m) +1 914 772 6184
jkroetsch@bsfllp.com
www.bsfllp.com

**From:** "Siegel, Nathan" <NathanSiegel@dwt.com>
**Date:** Friday, March 17, 2023 at 10:43 AM
**To:** Joseph Kroetsch <jkroetsch@BSFLLP.com>
**Cc:** "Strom, Rachel" <RachelStrom@dwt.com>, Amy Neuhardt <aneuhardt@bsfllp.com>, Sabina Mariella <SMariella@BSFLLP.com>, Alexander Law <alaw@bsfllp.com>, "Levine, Amanda" <AmandaLevine@dwt.com>, "Lachman, Sam" <SamLachman@dwt.com>
**Subject:** RE: WE Charity v. CBC (22-00340-RDM)

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Joseph,

Just to reiterate, since you made a proposal on our call today we will consider and discuss it with our client and its counsel, as we think our obligation to meet and confer requires us to do. As we discussed there are several reasons why CBC has objected to proceeding with any discovery pending the outcome of the current motion, and our efforts to proceed in good faith to fulfill that obligation are in no way intended to waive or diminish the basis for those objections.

Regards,

Nathan

---

**From:** Joseph Kroetsch <jkroetsch@BSFLLP.com>
**Sent:** Friday, March 17, 2023 4:25 PM
**To:** Siegel, Nathan <NathanSiegel@dwt.com>
**Cc:** Strom, Rachel <RachelStrom@dwt.com>; Amy Neuhardt <aneuhardt@bsfllp.com>; Sabina Mariella <SMariella@BSFLLP.com>; Alexander Law <alaw@bsfllp.com>; Levine, Amanda <AmandaLevine@dwt.com>; Lachman, Sam <SamLachman@dwt.com>
**Subject:** Re: WE Charity v. CBC (22-00340-RDM)

---

**[EXTERNAL]**

Nathan, it was good talking this morning and I'm cautiously optimistic we won't need to burden the Court with this dispute.

As we discussed, let's see if it is possible for the parties to agree on initially limiting to discovery to: (1) party discovery; (2) without depositions; (3) concerning the defamation claim; (4) with a scope similar to what could be obtained under Ontario procedure. My understanding is that discovery in Ontario would not be materially different from in D.C. federal court, but let's see what your Canadian co-counsel says and hopefully we can find a constructive path forward.

**Joseph F. Kroetsch** (he/him/his)
Partner

**BOIES SCHILLER FLEXNER** LLP

333 Main Street
Armonk, NY 10504
(t) +1 914 749 8388
(m) +1 914 772 6184
jkroetsch@bsfllp.com
www.bsfllp.com

---

**From:** "Siegel, Nathan" <NathanSiegel@dwt.com>
**Date:** Thursday, March 16, 2023 at 9:07 PM
**To:** Joseph Kroetsch <jkroetsch@BSFLLP.com>
**Cc:** "Strom, Rachel" <RachelStrom@dwt.com>, Amy Neuhardt <aneuhardt@bsfllp.com>, Sabina Mariella <SMariella@BSFLLP.com>, Alexander Law <alaw@bsfllp.com>, "Levine, Amanda" <AmandaLevine@dwt.com>, "Lachman, Sam" <SamLachman@dwt.com>
**Subject:** Re: WE Charity v. CBC (22-00340-RDM)

Call my cell 301 651 0728

Sent from my iPhone

> On Mar 17, 2023, at 2:59 AM, Joseph Kroetsch <jkroetsch@bsfllp.com> wrote:

**[EXTERNAL]**

Let's plan on 10am then. I'll call your office.

**Joseph F. Kroetsch** (he/him/his)
Partner

**BOIES SCHILLER FLEXNER** LLP

333 Main Street
Armonk, NY 10504
(t) +1 914 749 8388
(m) +1 914 772 6184
jkroetsch@bsfllp.com
www.bsfllp.com

**From:** Siegel, Nathan <NathanSiegel@dwt.com>
**Sent:** Thursday, March 16, 2023 8:19:12 PM
**To:** Joseph Kroetsch <jkroetsch@BSFLLP.com>
**Cc:** Strom, Rachel <RachelStrom@dwt.com>; Amy Neuhardt <aneuhardt@bsfllp.com>; Sabina Mariella <SMariella@BSFLLP.com>; Alexander Law <alaw@bsfllp.com>; Levine, Amanda <AmandaLevine@dwt.com>; Lachman, Sam <SamLachman@dwt.com>
**Subject:** Re: WE Charity v. CBC (22-00340-RDM)

I'll respond to your last question later, but on the timing just to move this along I could be available anytime 9-11:30 am  to call the clerk.

Sent from my iPhone

> On Mar 17, 2023, at 2:06 AM, Joseph Kroetsch <jkroetsch@bsfllp.com> wrote:
>
> **[EXTERNAL]**
>
> Nathan,
>
> Prior to receiving your email, I called chambers to ask whether the clerk would be willing to entertain a question about the judge's standing order. The clerk said that was fine, and to call back with opposing counsel. I therefore don't think there is any problem here asking the court whether our present dispute is a discovery dispute. (And if the court is upset about our asking, I'm happy to say I insisted.)
>
> I understand your position that our disagreement is a discovery dispute; in our view it is not a discovery dispute because we are not in discovery--if we were, there would be no dispute. Rule 26(d)(1) dictates the timing of discovery and, as you know, discovery does not begin until we engage in the Rule 26(f) meet and confer in which you have declined to participate.  Because you have said you will not meet and confer without a scheduling

conference on the calendar, or a scheduling order due, the matter for the Court to decide is whether to set a date for a scheduling conference or scheduling order to be submitted. We do not think that is a discovery dispute. But ultimately, we will do whatever the Court prefers and view the simplest path forward to be a joint call to chambers to ask the clerk.

I would ask you to reconsider and let me know when you are available tomorrow morning to call chambers about this question--i.e., is this a discovery dispute?

As for your comments about our supposed attempts to silence the press, these statements continue to confuse me. How, precisely, would meeting and conferring on a discovery schedule under Rule 26(f) silence the press?

**Joseph F. Kroetsch** (he/him/his)
Partner
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
(t) +1 914 749 8388
(m) +1 914 772 6184
jkroetsch@bsfllp.com
www.bsfllp.com

**From:** Siegel, Nathan <NathanSiegel@dwt.com>
**Sent:** Thursday, March 16, 2023 1:39:01 PM
**To:** Joseph Kroetsch <jkroetsch@BSFLLP.com>; Strom, Rachel <RachelStrom@dwt.com>
**Cc:** Amy Neuhardt <aneuhardt@bsfllp.com>; Sabina Mariella <SMariella@BSFLLP.com>; Alexander Law <alaw@bsfllp.com>; Levine, Amanda <AmandaLevine@dwt.com>; Lachman, Sam <SamLachman@dwt.com>
**Subject:** RE: Re: WE Charity v. CBC (22-00340-RDM)

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Joseph,

We think our various exchanges of correspondence on this subject already make it abundantly clear where the "vindictiveness" and "malice" in this case lies. Your client's efforts to use this litigation as a tool to try to threaten and silence the CBC's conduct of any further journalism about WE Charity, which began shortly after filed this case and continues to this date, are quite plain. And it would now appear that you intend to use the

discovery process to try to accomplish the same.  CBC continues to reserve all remedies accordingly.

With respect to procedure, it appears from your latest email that we are closer to agreement with respect to what the applicable rules provide.  The rules of course do not prohibit parties from meeting and conferring about discovery, either now or at any time, should both parties choose to do so.  But they likewise do not require that they do so at this point in this case, and we continue to believe that it would be premature to do so now.  That is so for two reasons.  First, the pending motion for forum non conveniens *is* a dispositive motion, since if it were granted the case would be dismissed and no discovery would be permitted.  Second, for all the reasons I have stated in our correspondence concerning the CBC's on-going journalism, the putative rationale you provide is not a legitimate basis for pursuing discovery.  So in our view there continues to be good reason for discovery to be stayed, as it has been *de facto* for the past year.

We would not be comfortable joining a call with the Court's chambers as you request, because we think that would contravene the Court's Standing Order in this case.  That Order states that "the parties may not contact chambers by telephone", unless "extraordinary circumstances or emergencies so require".  We hope you will agree that this matter is neither.   Rather, the Order states that if the parties have a discovery dispute that they are unable to resolve informally, they should contact the Courtroom Deputy to arrange for a hearing.  We hope that you will reconsider whether you want to continue to pursue this matter with the Court now, when the pending dispositive motion has been *sub judice* for more than three months.  But if you do wish to pursue it, we would agree that we have been unable to resolve this informally, and would be willing to join a call with the Courtroom Deputy to arrange for a hearing.

Regards,

Nathan

---

**From:** Joseph Kroetsch <jkroetsch@BSFLLP.com>
**Sent:** Wednesday, March 15, 2023 7:08 PM
**To:** Siegel, Nathan <NathanSiegel@dwt.com>; Strom, Rachel <RachelStrom@dwt.com>
**Cc:** aneuhardt@bsfllp.com; SMariella@BSFLLP.com; alaw@bsfllp.com; Levine, Amanda <AmandaLevine@dwt.com>; Lachman, Sam <SamLachman@dwt.com>
**Subject:** Re: WE Charity v. CBC (22-00340-RDM)

**[EXTERNAL]**

Further to the email below, please let me know when you have a few minutes to jointly call the Court's chambers to inquire as to the Court's preferred method of raising this issue (e.g., motion, letter, hearing). We view this as a question about the Court's rules and preferences, not the substance of our dispute. Thank you.

**Joseph F. Kroetsch** (he/him/his)
Partner

**BOIES SCHILLER FLEXNER LLP**

333 Main Street
Armonk, NY 10504
(t) +1 914 749 8388
(m) +1 914 772 6184
jkroetsch@bsfllp.com
www.bsfllp.com

**From:** Joseph Kroetsch <jkroetsch@BSFLLP.com>
**Date:** Wednesday, March 15, 2023 at 12:13 PM
**To:** "Siegel, Nathan" <NathanSiegel@dwt.com>, "Strom, Rachel" <RachelStrom@dwt.com>
**Cc:** Amy Neuhardt <aneuhardt@bsfllp.com>, Sabina Mariella <SMariella@BSFLLP.com>, Alexander Law <alaw@bsfllp.com>, "Levine, Amanda" <AmandaLevine@dwt.com>, "Lachman, Sam" <SamLachman@dwt.com>
**Subject:** Re: WE Charity v. CBC (22-00340-RDM)

Nathan,

We disagree that meeting and conferring is unnecessary unless and until a scheduling conference is set or scheduling order is due; such dates merely dictate the latest dates by which such meeting and conferring must occur. Nothing prohibits the parties from meeting and conferring now, if CBC were willing to do so.

We are open to discussing a limited scope of discovery while the motion to dismiss is still pending, but as a forum non motion is not dispositive, we believe there is no basis to stay discovery. We ask that you please reconsider your position and, if you are willing to meet and confer, please let me know when you are available to discuss.

Should you continue to object to meeting and conferring regarding discovery, we intend to ask the Court to set a Rule 16 scheduling conference or, in the alternative, set a date by which a scheduling order is due. Per your request, we will state that CBC opposes this request and

intends to file an opposition.

You say in your email below that the parties "informally agreed not to commence discovery while the motions were pending." We are aware of no such agreement and you cite none.

We seek to commence discovery now because it has become clear to us that CBC has already begun unilaterally conducting discovery under the guise of journalism. Irrespective of whether CBC intends to publish the results of such journalism, the CBC is conducting *de facto* discovery for its defense in this action. Mr. Cashore has been contacting individuals and organizations that the CBC identified to the Court as potential witnesses in its *forum non* motion, asking them questions concerning the subject matter of this litigation. We are not trying to interfere with what CBC will doubtlessly claim is legitimate journalism. But we do believe it is improper to ask WE Charity to sit on its hands while CBC gets a head start on discovery.

We also are concerned that CBC's ersatz discovery through Mr. Cashore risks compromising the discovery record and WE Charity's access to nonparty witnesses willing to voluntarily provide discovery materials. Mr. Cashore has been contacting third parties about WE Charity's funding of schools by telling them that he is producing *another* documentary on the subject and then requesting information and/or evidence. This has an obvious coercive effect; no normal person wants to be named and shamed on *The Fifth Estate*. It also incentivizes potential witnesses to distance themselves from WE Charity because Mr. Cashore's bias and track record of false reporting on WE Charity is no secret. By commencing discovery in this case, we hope that CBC will revert to engaging in the normal mechanics of the discovery process.

Of course, it goes without saying that Mr. Cashore and the CBC's ongoing conduct is the very definition of "malice" and will be used as evidence for punitive damages in this litigation. The CBC's actions are vindictive and cannot be based on any good faith belief in the truthfulness or newsworthiness of further reporting on WE Charity. But as it seems CBC is content to increase its liability exposure, we will again ask that CBC continue preserving all records relating to its latest reporting on WE Charity.

Best,
Joseph

**Joseph F. Kroetsch** (he/him/his)
Partner

## BOIES SCHILLER FLEXNER LLP

333 Main Street
Armonk, NY 10504
(t) +1 914 749 8388
(m) +1 914 772 6184
jkroetsch@bsfllp.com
www.bsfllp.com

---

**From:** "Siegel, Nathan" <NathanSiegel@dwt.com>
**Date:** Friday, March 10, 2023 at 12:23 PM
**To:** Joseph Kroetsch <jkroetsch@BSFLLP.com>, "Strom, Rachel" <RachelStrom@dwt.com>
**Cc:** Amy Neuhardt <aneuhardt@bsfllp.com>, Sabina Mariella <SMariella@BSFLLP.com>, Alexander Law <alaw@bsfllp.com>, "Levine, Amanda" <AmandaLevine@dwt.com>, "Lachman, Sam" <SamLachman@dwt.com>
**Subject:** RE: WE Charity v. CBC (22-00340-RDM)

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Joseph,

Local Rule 16.3(a) is quite clear – the need/obligation to meet and confer is triggered by either a scheduling conference being set or a scheduling order being due. Neither has happened in this case. Moreover, the Complaint was served more than a year ago. If there really had been a duty to meet and confer about a discovery plan, then both of us would have theoretically been in default for the better part of a year. Which is not the case. And that is all apart from the fact that we informally agreed not to commence discovery while the motions were pending, as evidenced by the fact that this is the first time in more than a year that you have made this request.

We continue to believe that it would not be appropriate to begin the discovery process while the Court is deciding whether the case should be dismissed. So in the absence of any scheduling conference or scheduling order being set or due, any meet and confer call would be premature. Should you decide to request a conference, we would oppose that for these reasons. If you decide to make that request, we would appreciate it if you let us know so that we will have the opportunity to explain our position to the Court.

Regards,

Nathan

---

**From:** Joseph Kroetsch <jkroetsch@BSFLLP.com>
**Sent:** Thursday, March 9, 2023 8:03 PM
**To:** Siegel, Nathan <NathanSiegel@dwt.com>; Strom, Rachel <RachelStrom@dwt.com>
**Cc:** Amy Neuhardt <aneuhardt@bsfllp.com>; Sabina Mariella <SMariella@BSFLLP.com>; Alexander Law <alaw@bsfllp.com>
**Subject:** Re: WE Charity v. CBC (22-00340-RDM)

**[EXTERNAL]**

Nathan,

I am happy to clarify. We are requesting a time when you are available to meet and confer, as opposing parties have a duty to do, before proposing a discovery plan and requesting the Court set a scheduling conference.

Under Local Rule ("LCvR") 16.3(a), counsel "must confer in accordance with this Rule and Fed. R. Civ. P. 26(f) at least 21 days before a scheduling conference is held or a scheduling order is due under Fed. R. Civ. P. 16(b) to: (1) Discuss the matters set forth in LCvR 16.3(c); (2) Make or arrange for disclosures required by Fed. R. Civ. P. 26(a)(1); and (3) Develop a discovery plan that indicates the parties' views and proposals."

Fed. R. Civ. P. 26(f) requires parties to conference "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

Please let us know your availability to meet and confer. Thank you.

Best,
Joseph

**Joseph F. Kroetsch** (he/him/his)
Partner

**BOIES SCHILLER FLEXNER LLP**

333 Main Street
Armonk, NY 10504
(t) +1 914 749 8388
(m) +1 914 772 6184
jkroetsch@bsfllp.com
www.bsfllp.com

**From:** Siegel, Nathan <NathanSiegel@dwt.com>
**Sent:** Thursday, March 9, 2023 5:46:29 PM
**To:** Joseph Kroetsch <jkroetsch@BSFLLP.com>; Strom, Rachel <RachelStrom@dwt.com>
**Cc:** Amy Neuhardt <aneuhardt@bsfllp.com>; Sabina Mariella <SMariella@BSFLLP.com>; Alexander Law <alaw@bsfllp.com>
**Subject:** RE: WE Charity v. CBC (22-00340-RDM)

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Joseph,

We're a little unclear about what you are asking us for. Are you saying you intend to make a request to the Court to set a scheduling conference?

Thanks,

Nathan

**From:** Joseph Kroetsch <jkroetsch@BSFLLP.com>
**Sent:** Thursday, March 9, 2023 2:19 PM
**To:** Siegel, Nathan <NathanSiegel@dwt.com>; Strom, Rachel <RachelStrom@dwt.com>
**Cc:** Amy Neuhardt <aneuhardt@bsfllp.com>; Sabina Mariella <SMariella@BSFLLP.com>; Alexander Law <alaw@bsfllp.com>
**Subject:** WE Charity v. CBC (22-00340-RDM)

**[EXTERNAL]**

Nathan and Rachel,

Under FRCP 26(f) and applicable local rules, we are requesting a discovery conference. What is your availability over the next week to meet and confer?

Best,
Joseph

**Joseph F. Kroetsch** (he/him/his)
Partner

**BOIES SCHILLER FLEXNER** LLP

333 Main Street
Armonk, NY 10504
(t) +1 914 749 8388
(m) +1 914 772 6184
jkroetsch@bsfllp.com
www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]