

April 25, 2023

The Honorable Randolph D. Moss
United State District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave. N.W.
Washington, DC 20001

      Re: WE Charity v. Canadian Broadcasting Corporation, No. 1:22-cv-00340

Dear Judge Moss:

      We represent plaintiff WE Charity in this matter.

      I write to provide the Court updated information in light of documents we received this morning[1] that are inconsistent with facts stated in the parties' Joint Status Report (ECF 29), filed on April 7, 2023 (the "Report").

      In the Report and exhibits to the Kroetsch Declaration filed therewith, WE Charity stated that the North Carolina Secretary of State's Office of Charitable Supervision reached out to WE Charity at the same time CBC engaged in similar outreach to potential witnesses. Report at 9 n.7. WE Charity contended in the Report that the outreach to witnesses prejudices WE Charity. However, in reliance on CBC's representation that it "had nothing to do with" North Carolina's actions, WE Charity accepted this representation as true[2] and said nothing further about the issue.

      Today, we learned that it is **not true** that—as CBC's counsel put it—"CBC has nothing to do with the North Carolina Secretary of State's exercise of its regulatory authority" regarding WE Charity. Documents we received today in response to a public records request show that Harvey Cashore, the lead CBC producer on the defamatory coverage challenged in this lawsuit, solicited North Carolina regulatory officials to act against WE Charity. Mr. Cashore claims to have done the same in other states.[3]

---

[1] Excerpts of the documents are attached as Exhibits A-C to this letter. WE Charity did not attach the entirety of the documents because they were voluminous and repetitive but is willing to provide all documents upon request.

[2] WE Charity has no reason to believe that counsel to CBC made a misrepresentation based on the facts known to counsel at the time.

[3] Mr. Cashore told North Carolina officials that he had reached out to "other state charity licensing offices as well." Exhibit A at 1; Exhibit B at 1.



  Mr. Cashore apparently first reached out to North Carolina via email at 2:21pm on December 13, 2022.  **Mr. Cashore sent this email to state officials during the afternoon recess of oral argument in this case after the *forum non conveniens* portion of the motion was argued.** [Exhibit A at 2]. Mr. Cashore then called Gail Eluwa, the Director of the Office of Charitable Supervision on December 22, 2022 [Exhibit A at 3] and followed up with her the same day in an email. [Exhibit B at 1-4]. In his email, Mr. Cashore does not seek information from the State but instead engages in a lengthy attempt to persuade state officials that WE Charity violated North Carolina law. He concludes with several rhetorical questions[4] that do no more than assert "how bad is it that WE Charity broke the law in the manner I allege?"[5]

  North Carolina officials viewed Mr. Cashore's actions as presenting an "allegation" seeking legal action. When Mr. Cashore pressed Ms. Eluwa for an update, she responded on January 18, 2023, "CSL does not rescind a charitable license nor ask them to cease and desist solicitation activities based on an allegation. WE Charity is still under review to determine if a violation of the statute has occurred." [Exhibit C at 1]. As we note in the Report, North Carolina concluded that WE Charity did not break any law and closed the investigation that CBC prompted. Report at 9, n.7.

  After speaking with Mr. Cashore, another North Carolina Secretary of State official, Liz Proctor, emailed her colleagues with context for Cashore's inquiry. She sent a link to the CBC's coverage of WE Charity challenged as defamatory in this lawsuit. [Exhibit A at 1 ("A bit of background re coverage of the organization and Li: https://www.cbc.ca/news/canada/we-charity-misled-donors-records-show-1,6251985")]. Mr. Cashore never discloses in any of his communications with North Carolina that WE Charity is suing CBC or that he was the lead producer of the defamatory coverage. He never discloses that the same North Carolina filings that are the subject of his allegations were filed in this litigation by CBC as evidence in support of its *forum non conveniens* motion. ECF No. 16-3.

  Given that the facts demonstrated in these documents directly contradict facts presented to the Court in the Report and related filings, WE Charity felt it incumbent upon it to update the Court accordingly.

---

[4] The questions are: "What is the reason that North Carolina requires that a notary affirms the signature of a charity's treasurer or CFO when providing documentation to the North Carolina charitable supervision office?", "How important is it that a charity provides accurate information about its officers and its finances to the North Carolina Secretary of State?", "How significant would it be if the sworn information provided to your office is not correct?", and "In your opinion, how significant is it that the information that WE Charity provided to your office, along with Victor Li's signature, is not the same as the information that Victor Li and his lawyer provided to the Canadian Parliamentary committee referenced above?"

[5] In his December 2022 communications, Mr. Cashore evidently told North Carolina officials that his news story would be published in a "week or two" and "early in the New Year"  Exhibit A at 1, Exhibit B at 1. That never happened.



                                  Respectfully,

                                  /s/ Joseph F. Kroetsch

                                  Joseph F. Kroetsch

cc:    Nathan Siegel
        Rachel Strom