UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WE CHARITY**,<br><br>    *Plaintiff*,<br><br>v.<br><br>**CANADIAN BROADCASTING CORPORATION**,<br><br>    *Defendant*. | Civil Action No. 22-340 (RDM) |

**STIPULATION REGARDING PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER**

The parties hereby stipulate to the following provisions regarding the production of documents in the above-captioned case. This stipulation is subject to and without waiver of any objections that the parties may make in response to discovery.

I.   DEFINITIONS

  A.   **"Document"** shall be interpreted consistent with the Federal Rules of Civil Procedure.

  B.   **"Electronically stored information"** or **"ESI,"** shall be construed consistent with the Federal Rules of Civil Procedure and as used herein, means and refers to computer-generated information or data of any kind, documents stored in or on any storage media located on computers, file servers, disks, tape, or other real or virtualized devices or media.

  C.   **"Native file(s)"** means ESI in the file type for the application in which such ESI is normally created, viewed, and/or modified.

D. **"Metadata"** shall have its plain and ordinary meaning and, for purposes of this matter, references the data fields outlined in Section II.H below which describe the characteristics, origins, and usage of electronic evidence.

E. **"Load file"** means a file or files containing a set of paper-scanned images or electronically processed files and indicates where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A load/unitization file will also contain data relevant to the individual documents, such as agreed-upon metadata, coded data, and OCR or extracted text.

F. **"OCR"** means the optical character recognition file, which is created by software used in conjunction with a scanner that is capable of reading image-based documents and making such documents searchable using appropriate software.

G. **"Extracted text"** means the text extracted from a native file and includes all header, footer, and document body information.

II. **PRODUCTION FORMAT**

Except as detailed below, all scanned paper and ESI should be converted/processed to TIFF files, Bates numbered, and include fully searchable text.

A. **Global De-Duplication**

The parties shall de-duplicate ESI to avoid substantially duplicative productions. The parties will globally de-duplicate as follows:

1. Electronic files: Electronic files will be de-duplicated based upon calculated MD5 Hash values for binary file content.

2. Emails: Emails will be de-duplicated based upon MD5 Hash values for the email family, including parent object and attachments. The following fields

    will be used to create the unique value for each email: To; From; CC; BCC; Subject; Body; and binary stream of all attachments. Emails will be de-duplicated at a family level, including the message and attachment(s). The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

  3. Documents will be de-duplicated against the entire population and all custodians of a de-duplicated document will be listed in a "Custodial Dedupe" field.

**B.** **Bates Numbering Documents**

  1. All images must be assigned a Bates number that shall always: (1) be unique across the entire document production; (2) maintain a constant length across the entire production; and (3) be sequential within a given document.

  2. If a Bates number or set of Bates numbers is skipped in a production, and not otherwise identified on a privilege log, the producing Party will disclose the Bates numbers or ranges in a cover letter accompanying the production.

**C.** **Images**

  1. Images should be single-page, Group IV TIFF files, scanned at 300 x 300 dpi resolution.

  2. Bates numbers should be endorsed on the lower right corner of all images.

  3. The file name for each image should be the Bates number reflected in the lower right corner of each image.

4. The number of TIFF files per folder should not exceed 1,000 files.

5. All TIFF images shall display tracked changes, comments, and other rich data as displayed in the document, if the track changes were visible in the last saved version of the document, whenever possible.

6. All TIFF-formatted documents will be produced in black and white. The producing party will comply with reasonable requests to produce particularly identified ESI in the original, color image of specific documents (*e.g.*, where the color is relevant to the interpretation of the document). If a dispute arises as to the reasonableness of the request, the parties shall meet and confer in an effort to resolve their differences.

7. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document, with the expectation that all familial relationships for all data will be maintained. If a producing party produces a non-unitized document containing more than one document, the requesting party may request that the producing party unitize the document(s) in question in subsequent document production with unique number (Bates Number). The producing party shall use reasonable efforts to reproduce the unitized documents within 7 days of such request.

**D.    Text**

Searchable text of the entire document must be provided for every record, at the document level. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (e.g.,

the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension). Extracted text must be provided for all documents that originated in electronic format, and electronic text must be extracted directly from the native electronic file unless it is a redacted document, an image file, or a hard copy document.  In these instances, a text file shall be created using OCR and shall be produced in lieu of extracted text.   File names shall not have any embedded spaces.

    **E.**    **Paper Documents**

        1.    Paper documents, including spreadsheets maintained in paper form[1], shall be produced as TIFF images (consistent with the specifications in Section II.C.)  The production will include the appropriate load file which will, at a minimum, contain the following fields (described in detail in Section II.H.7.):

           (a)    Beginning Bates Number (PRODBEGNUMBER)

           (b)    Ending Bates Number (PRODENDNUMBER)

           (c)    Beginning Attachment Bates Number (PRODBEGATTACH)

           (d)    Ending Attachment Bates Number (PRODENDATTACH)

           (e)    Custodian

           (h)    Text Path (TEXTLINK).

        2.    In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records

---

[1] If spreadsheets are maintained in native form, the producing party may not intentionally produce them in paper form only.  This does not, however, impose a duty on the producing party to search for duplicate electronic versions of spreadsheets identified in paper form.

(*i.e.*, paper documents should be logically unitized) unless linked as a document family.

F. **Production and Use of Native Files**

    1. Production of Native Files

        (a) The full path of the native file, as it exists in the production, must be provided in the .DAT file for the NATIVELINK field.

        (b) The number of native files per folder should not exceed 1,000 files.

        (c) For files not also imaged to TIFF format, a placeholder image that identifies the Bates number and confidentiality designation associated with the native document must be provided in lieu of a TIFF image. The file name of the native file produced shall be the Bates number of the corresponding TIFF slip sheet. Produce the following documents in native format with an image placeholder unless redactions are required:

            (i) Microsoft Excel documents (with all data unhidden) including CSV files that are not easily converted to TIFF images;

            (ii) PowerPoint: All pages (or slides) of the file should be produced with the corresponding notes below the slide; and

            (iii) Multimedia files (audio, visual, etc.).

(d) To the extent a native file produced cannot be rendered or viewed without the use of proprietary third-party software, the parties shall meet and confer to discuss options.

### G. Image Load File

The image key within each production load file shall be named the same as the Bates number of the page. The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database**.** The name of the image load file shall mirror the name of the delivery volume and should have an .opt extension (e.g., ABC001.opt). The volume names shall be consecutive (e.g., ABC001, ABC002, *et. seq.*).

The format is as follows:

*ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

*ImageID*: The unique designation that *Concordance*® and *Concordance Image*® use to identify an image.

***Note*: *This imageID key must be a unique and fixed length number. This number will be used in the .DAT file as the ImageID field that links the database to the images. The format of this image key must be consistent across all productions. The format should be a 7 digit number to allow for the possible increase in the size of a production. The imageID should correspond exactly to the Begin Bates number in the document, including both the Bates prefix and the fixed length number (*e.g. ABC0000001*).*

*VolumeLabel*: Optional

*ImageFilePath*: The full path to the image file.

*DocumentBreak*: The letter "Y" denotes the first page of a document. If this field is blank, then the page is not the first page of a document.

*FolderBreak*: Leave empty

*BoxBreak*: Leave empty

*PageCount*: Optional

    **H.**    **Metadata**

        1.    The metadata load file shall use the following standard Concordance delimiters:

            (a)    Comma: ¶ (Character 20)

            (b)    Quote: þ (Character 254)

            (c)    Newline: ® (Character 174)

            (d)    Multi-line: ; (Character 59)

        2.    All date fields shall be produced in "mm/dd/yyyy."

        3.    A carriage-return line-feed shall be used to indicate the start of the next record.

        4.    Load files shall not span across media (*e.g.*, CDs, DVDs, Hard Drives, etc.) – *i.e.*, a separate volume shall be created for each piece of media delivered.

        5.    The name of the metadata load file shall mirror the name of the delivery volume, and shall have a .dat extension (*i.e.*, ABC001.dat).

        6.    The volume names shall be consecutive for each produced source. (*i.e.*, ABC001, ABC002, *et. seq*.

        7.    The first record shall contain the field names in order of the data set forth in the chart below. The text and metadata of email and the attachments, and

native file document collections should be extracted and provided in a .DAT file using the field definition and formatting described below.

| Field Name | Sample Data | Description | Applicable Doc Type |
|---|---|---|---|
| PRODBEGNUMBER | EDC0000001 | Begin Bates number (production number) | All |
| PRODENDNUMBER | EDC0000001 | End Bates number (production number) **The PRODENDBATES field should be populated for single page documents/emails. | All |
| PRODBEGATTACH | EDC0000001 | Begin Bates number of family unit (*i.e.*, Bates number of the first page of the parent email) | All |
| PRODENDATTACH | EDC0000015 | Last Bates number of family range (*i.e.*, Bates number of the last page of the last attachment) | All |
| CUSTODIAN | Smith, John | Individual from whom the document originated | All |
| ALL CUSTODIANS | Smith, John | All individuals from which a document was de-duplicated | Alls |
| FROM | John Smith | Author of the e-mail message | Email |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Main recipient(s) of the e-mail message **semi-colon should be used to separate multiple entries | Email |

| Field Name | Sample Data | Description | Applicable Doc Type |
|---|---|---|---|
| CC | Frank Thompson [mailto:frank_Thompson@cdt.com] | Recipient(s) of the "Carbon Copies" of the e-mail message<br>**semi-colon should be used to separate multiple entries | Email |
| BCC | John Cain | Recipient(s) of "Blind Carbon Copies"<br>**semi-colon should be used to separate multiple entries | Email |
| DOCUMENT SUBJECT | Board Meeting Minutes | Subject field extracted from the metadata of the native file | Email and E-docs |
| EMAIL SUBJECT | Board Meeting Minutes | Subject field extracted from the metadata of an email file | Email |
| TITLE | Board Meeting Minutes | The title of a document | E-docs |
| AUTHOR | John Smith | Creator of the document | E-docs |
| CREATEDATE | 10/10/2010 | Date the file was created | E-docs |
| CREATETIME[2] | 7:00 PM | Time file was created | E-docs |
| SORTDATE | 10/10/2010 | Families: Date of the parent document<br>Single/Loose Files: Date of the Document<br>*Email = Sent Date<br>*Electronic Loose File = Last Mod Date | Email and E-docs |

---

[2] Date and Time fields may also be combined into a single field and included in the loadfile as a single combined value.

| Field Name | Sample Data | Description | Applicable Doc Type |
|---|---|---|---|
| SORTTIME | 7:00 PM | Families: Time of the Parent document<br>Single/Loose Files: Time of the Document<br>*Email = Sent Time<br>*Electronic Loose File = LastMod Time | Email and E-docs |
| LASTMODDATE | 10/12/2010 | Date the document was last modified | E-docs |
| LASTMODTIME | 7:00 PM | Time document was last modified | E-docs |
| SENTDATE | 10/12/2010 | Date the email was sent | Email |
| SENTTIME | 7:00 PM | Time email was sent | Email |
| FILESIZE | 5,952,000 | File size in bytes | Email and E-docs |
| FILEPATH | J:\Shared\SmithJ\October Agenda.doc | Original Path to the document.<br>Includes Folder information for Emails, Windows Directory structure for loose files | Email and E-docs |
| FILEXT | MSG | The file type extension | Email and E-docs |
| FILETYPE | email | File Type: email, image, spreadsheet, presentation, etc. | All |
| MD5HASH | A558c8b8295854fa69a2ad9a7cc75ab7 | Unique identifier of the file | All |
| FILENAME | OctoberAgenda.doc | Original name of the file or subject of email | E-docs |

| Field Name | Sample Data | Description | Applicable Doc Type |
|---|---|---|---|
| TEXTLINK | .\ABC-002\TEXT\TEXT001\EDC-0000001.txt | Contains Path to .TXT files | All |
| DOCLINK | .\ABC-001\NATIVES\NATIVES001\EDC-0000001_Confidential.xls | Contains path to native files | Email and E-docs |

8. Electronic file collection will be "De-NISTed," removing commercially available operating system and application files contained on the current NIST file list. Identification of NIST list matches will be through MD5 Hash values.

I. **Databases**: To the extent a response to discovery requires production of information contained in databases, the parties will meet and confer to discuss an appropriate production protocol for information from such databases.

J. **Compressed files**: Compression file types (*i.e.*, .CAB, .GZ, .TAR., .Z, .ZIP) shall be decompressed in an iterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files.

K. **Replacement files**: Any documents that are replaced in later productions shall be identified in a letter accompanying the production clearly designating such documents as replacements.

      **L.**      **Time Zone**: The preferred time zone of processing ESI is Uniform Coordinated Time (UTC).  Care should be taken, however, that any alteration of time zone during processing does not interfere with or alter original metadata of that ESI.  The producing party shall consistently produce all ESI processed using the same time zone.

**III.**    **ELECTRONIC COLLECTION METHODS**

The parties need not employ forensic data collection or tracking methods and technologies, but instead may make electronic copies for collection and processing purposes using widely-accepted best practices or methods described in manufacturers' and/or programmers' instructions, help menus, websites, and the like (e.g., .pst's, .zip's, etc.).

The parties shall utilize collection methodologies that avoid overwriting or altering preexisting metadata such as file creation date or last modified date.

**IV.**    **OTHER PRESERVATION OBLIGATIONS NOT AFFECTED**

Nothing in this Stipulation shall affect any other obligations of the parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, regulation, or in response to other pending or anticipated litigation.  In addition, nothing in this Stipulation shall eliminate or alter any party's obligation to retain native format copies, including associated metadata, of all documents produced in this litigation, together with the original hard copy documents for all paper discovery produced in this litigation.

**V.**    **NO WAIVER OF RIGHT TO MODIFY**

This Stipulation may be revised or amended by the parties' written agreement.

SO STIPULATED AND AGREED.

Dated: September 15, 2023

/s/ *Joseph F. Kroetsch*

Joseph F. Kroetsch (*pro hac vice*)
Brooke A. Alexander (*pro hac vice*)
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300
jkroetsch@bsfllp.com
balexander@bsfllp.com

Jonathan H. Sherman (Bar No. 468539)
Amy L. Neuhardt (Bar No. 996791)
BOIES, SCHILLER & FLEXNER, LLP
1401 New York Avenue, NW
11th Floor
Washington, DC 20005
Tel: (202) 274-1137
Fax: (202) 237-6131
jsherman@bsfllp.com
aneuhardt@bsfllp.com

Rodney A. Smolla (Bar No. 6327)
164 Chelsea St
South Royalton, VT 05068
Tel: (864)-373-3882
rodsmolla@gmail.com

Sabina Mariella (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 754-4541
smariella@bsfllp.com

*Attorneys for Plaintiff WE Charity*

/s/ *Courtney DeThomas*

Nathan E. Siegel (Bar No. 446253)
Rachel F. Strom (*pro hac vice*)
Courtney DeThomas (Bar. No 888304075)
DAVIS WRIGHT TREMAINE, LLP
1301 K Street, NW
Suite 500 East

Washington, DC 20005
Tel: (202) 973-4237
Fax: (202) 973-4499
nathansiegel@dwt.com
rachelstrom@dwt.com
courtneydethomas@dwt.com

*Attorneys for Defendant Canadian Broadcasting Corporation*

SO ORDERED

_____

Hon. RANDOLPH D. MOSS
United States District Judge