**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **WE CHARITY,**<br><br>        **Plaintiff**,<br><br>**v.**<br><br>**CANADIAN BROADCASTING<br>CORPORATION,**<br><br>        **Defendant**. | Civil Action No. 1:22-cv-00340<br><br><br>**DEFENDANT'S ANSWER<br>AND AFFIRMATIVE<br>DEFENSES** |

## Table of Contents

                                                                                    Page

RESPONSE TO PRELIMINARY STATEMENT ........................................................ 1

RESPONSE TO THE PARTIES ............................................................................... 2

I.      RESPONSE TO PLAINTIFF WE CHARITY .................................................. 2

II.     RESPONSE TO DEFENDANT CBC ............................................................. 2

RESPONSE TO SIGNIFICANT NON-PARTIES ..................................................... 3

RESPONSE TO JURISDICTION AND VENUE ......................................................... 4

RESPONSE TO FACTUAL BACKGROUND ............................................................ 4

I.      RESPONSE TO WE CHARITY IS A CHARITY THAT HELPS CHILDREN IN
        THE UNITED STATES AND ABROAD .......................................................... 4

        A.      Response to WE Charity Promotes Charitable Giving and Volunteerism in
                U.S. Schools ................................................................................................ 4

        B.      Response to We Charity Provides Funds to Support the WE
                Organization's Development Work .............................................................. 5

                i.      Response to WE Charity's Five-Pillar Model Encourages
                        Sustainable, Holistic Development ................................................ 5

                ii.     Response to WE Charity Teaches Its Donors About Its Five-Pillar
                        Model, Including by Bringing Tens of Thousands of Visitors To
                        See Its Work First-Hand ............................................................. 6

                iii.    Response to WE Charity's Development in Kenya ........................ 7

        C.      Response to WE Charity's Fundraising Is Subject To Careful Oversight ............ 8

II.     RESPONSE TO WE CHARITY CANADA ANNOUNCES WIND DOWN
        FOLLOWING A POLITICAL SCANDAL UNRELATED TO ITS
        OPERATIONS ................................................................................................ 9

III.    RESPONSE TO EARLY FEBRUARY 2021: THE CBC AIRS ITS FIRST
        FALSE *THE FIFTH ESTATE* EPISODE ABOUT WE CHARITY ................. 10

        A.      Response to *The Fifth Estate* Is the CBC's Premier, Long-form
                Investigative News Program ........................................................................ 10

        B.      Response to Facing Declining Viewership for *The Fifth Estate*, the CBC
                Devised a Strategy to Boost Ratings by Publishing "Clusters" of Stories
                About Already-Covered Topics with "Dramatic Twists and Turns" to
                Create "Social Buzz" ................................................................................ 11

C.      Response to On February 4, 2021, the CBC's *Fifth Estate* Falsely Reported That Multiple Donors Each Fully Funded the Same "Borehole" Project in Kenya ............................................................................ 12

        i.     Response to Whistler Water Never Stated it Fully Funded the Kipsongol Borehole ................................................... 12

        ii.    Response to Nicola Told the CBC That It Never Understood Its Donation to be the Sole Funding Source for the Kipsongol Borehole Project ...................................................................... 13

        iii.   Response to The UBC Student Group's Emails Made Clear That The Group Understood It Did Not Fully Fund the Kipsongol Borehole ...................................................................... 14

        iv.   Response to Unilever Never Purported to Fund a Borehole and To WE Charity's Knowledge, Never Confirmed CBC's Interpretation of Unilever's Campaign .................................................. 15

        v.    Response to Other Donors Told The CBC That It Was Wrong, But CBC Kept That Fact from Its Viewers ..................................... 15

        vi.   Response to The CBC Knew the Facts Demonstrating That the February Episode Was Wrong, But Never Corrected Its False Reporting ................................................................. 16

IV.   RESPONSE TO LATE FEBRUARY 2021: THE CBC RELIES ON A DISCREDITED SOURCE TO INITIATE ITS INVESTIGATION INTO WE CHARITY SCHOOLS IN KENYA ......................................................... 17

      A.      Response to Reed Cowan Claimed He Raised Millions of Dollars That Should Have Funded More Schools Than WE Charity Built, Then Admitted He Greatly Exaggerated His Donations .................................. 17

      B.      Response to Reed Cowan's Public Attacks on WE Charity Were a Prelude to an Extortionate Demand for $40 Million, Threatening to Make WE Charity "Infamous" ..................................................... 18

V.    RESPONSE TO MARCH 2021: AFTER THE CBC AGAIN PUBLISHES FALSE CLAIMS ABOUT WE CHARITY'S PROJECTS IN KENYA, THE DONORS IN THE CBC'S COVERAGE REFUTE THE STORY AND EXPOSE THE CBC'S MISCONDUCT ....................................................... 19

VI.   RESPONSE TO MARCH 2021: THE CBC DOES NOT PUBLISH A STORY ABOUT WE CHARITY AFTER IT LEARNS ITS REPORTERS AGAIN MISREPRESENTED WHAT THE CHARITY TOLD ITS DONORS .......................... 20

VII.  RESPONSE TO JUNE-SEPTEMBER 2021: THE CBC PRESENTS FALSE FACTS TO SOURCES IN AN ATTEMPT TO PERSUADE THEM OF A PREDETERMINED NARRATIVE WHILE DISREGARDING INCONSISTENT FACTS. ............................................................................ 21

4869-1426-5983v.3 0116066-000002

A.      Response to The CBC Requested Information Regarding WE Charity-Funded Schoolrooms in Kenya ............................................... 22

B.      Response to The CBC Falsely Informed Sources That WE Charity Deceived Donors Despite Knowing It Lacked the Data on Which to Base Such an Allegation ............................................................. 23

C.      Response to WE Charity Provided the CBC With Detailed Information, Including Photographic Evidence and Maps, Showing That It Funded 852 Schoolrooms in Kenya .......................................................... 24

D.      Response to Over a Hundred of WE Charity's Donors, Including Donors Responsible for the Majority of Funding for Kenya, Told the CBC That It Misunderstood the Donors' Expectations ................................. 25

E.      Response to The CBC Told a High-Level Kenyan Public Official That WE Charity Misused Donor Funds ...................................... 27

VIII.   RESPONSE TO SEPTEMBER 2021: THE CBC CONDUCTS A SHAM INVESTIGATION IN KENYA THAT BY DESIGN COULD NOT VERIFY ITS REPORTING AND ENGAGES IN UNLAWFUL NEWSGATHERING CONDUCT ..................................................................... 28

A.      Response to The CBC Knew That It Had to Visit Kenya to Verify Its Allegations and Understood That to Do So, It Needed to Obtain Government Permission to Visit Government-Run Schools Funded by WE Charity ................................................................ 29

B.      Response to The CBC Entered Schools in Kenya Without Government Permission During a Pandemic and Was Asked to Leave by Community Members ............................................................... 30

C.      Response to Kenyan Government Officials Complained About the CBC's Illegal Newsgathering Conduct .......................................... 31

D.      Response to The CBC's Senior Leadership Was Aware of Its Journalists' Misconduct ............................................................. 32

IX.     RESPONSE TO SEPTEMBER – NOVEMBER 2021: BACK IN NORTH AMERICA, THE CBC CONTINUES TO PURSUE A PREDETERMINED FALSE NARRATIVE WHILE PURPOSEFULLY AVOIDING THE TRUTH ............. 34

A.      Response to The CBC Cancelled a Promised On-Air Opportunity for WE Charity to Respond to Financial Allegations After WE Charity Performed Its Side of the Bargain ................................................... 34

B.      Response to The CBC Refused to Wait to Review a Forensic Accounting Report on WE Charity's Financials .................................... 37

C.      Response to WE Charity Provided the CBC with a Preliminary Forensic Audit Report Showing That Money Donated for Kenya Was Used by WE Charity for Kenya ........................................................ 39

X.      RESPONSE TO NOVEMBER 2021 – JANUARY 2022: THE CBC PUBLISHES FALSE AND DEFAMATORY STATEMENTS CONCERNING WE CHARITY ........ 40

A.    Response to The Teaser ..................................................................... 40
B.    Response to The First Promo .............................................................. 41

    i.    Response to The First Promo for the November Episode Falsely
Accused WE Charity of Fraud and Deceit ................................. 41
    ii.   Response to WE Charity Informed the CBC of the Errors in the
First Promo ............................................................................... 41

C.    Response to The Second Promo .......................................................... 42

    i.    Response to The Second Promo Again Accused WE Charity of
Fraud and Deceit ...................................................................... 42
    ii.   Response to WE Charity Informed the CBC of the Errors in the
Second Promo ........................................................................... 42
    iii.  Response to WE Charity Reminded the CBC That Its False and
Defamatory Reporting Would Be Targeting WE Charity in the
United States, And the CBC Did Not Disagree ........................ 44

D.    Response to The Website Postings ...................................................... 44
E.    Response to The Tweet ....................................................................... 45
F.    Response to The Article Accused WE Charity of "Routinely" Misleading
Donors ................................................................................................ 45
G.    Response to The Newsletter ................................................................ 46
H.    Response to CBC Radio: *The Current* episode with Matt Galloway ................. 47
I.    Response to The November Episode of The Fifth Estate ..................... 49
J.    The Podcast ........................................................................................ 52
K.    Response to The Enquête Episode ...................................................... 53

XI.    RESPONSE TO THE CBC PUBLISHED THE CORE ALLEGATIONS IN THE
DEFAMATORY PUBLICATIONS WITH KNOWLEDGE OF OR IN
RECKLESS DISREGARD OF THEIR FALSITY ....................................... 55

A.    Response to The CBC Falsely Accused WE Charity of Defrauding Its
Donors by Diverting Funds Donated for Use in Kenya ........................ 55

    i.    Response to The CBC Intended to Tell Its Audience That WE
Charity Defrauded Donors by Diverting Funds Donated for Kenya ........ 55
    ii.   Response to The CBC Knew That It Was False to Report that WE
Charity Diverted Funds Donated for Use in Kenya to Other
Purposes ................................................................................... 56
    iii.  Response to The CBC Reported that WE Charity Hired a Forensic
Auditor but Misleadingly Omitted the Content of His Report to
Falsely Indicate That WE Charity Saw Merit in the CBC's Claims ........ 57

B.    Response to The CBC Falsely Reported That WE Charity's Own Forensic
Auditor Confirmed That WE Charity Diverted $29 Million Raised for
Kenya to Use for Canada Instead ........................................................ 57

C.      Response to The CBC Falsely Claimed That WE Charity's Own Count
        Showed That It Funded Only 360 Schoolrooms in Kenya When the CBC
        Knew the Correct Figure Was 852........................................................................ 59

D.      Response to The CBC Falsely Claimed That WE Charity "Inflated" Its
        School Count by Counting Latrines as Schoolrooms ........................................... 60

E.      Response to The CBC Falsely Underreported the Number of Schoolrooms
        in Each of Six Kenyan Communities That Its Reporters Visited ........................ 61

        i.       Response to The CBC Misrepresented the Number of Schoolrooms
                 in Pimbiniet....................................................................................... 62

        ii.      Response to The CBC Misrepresented the Number of Schoolrooms
                 in Irkaat ............................................................................................ 63

        iii.     Response to The CBC Misrepresented the Number of Schoolrooms
                 in Rongena ........................................................................................ 63

        iv.      Response To The CBC Misrepresented the Number of
                 Schoolrooms in Sikirar ..................................................................... 64

        v.       Response to The CBC Misrepresented the Number of Schoolrooms
                 in Eor Ewuaso ................................................................................... 64

        vi.      Response to The CBC Misrepresented the Number of Schoolrooms
                 in Mwangaza ..................................................................................... 65

        vii.     Response to The CBC Fabricated a WE Charity Response to the
                 CBC's Counts of Schoolrooms in Kenyan Communities......................... 65

F.      Response to The CBC Misrepresented WE Charity's Donors as Publicly
        Stating That They "Fully Funded" Over 900 Primary Schools in Kenya.............. 66

        i.       Response to The CBC Knew from Prior Experience That It Would
                 be Reckless at Best to Rely on Online Postings to Accuse WE
                 Charity of Double-Funding Projects in Kenya ......................................... 66

        ii.      Response to The CBC Knew That Social Media Postings Were
                 Inherently Unreliable and Easily Misinterpreted but Refused to
                 Verify Its Allegations with WE Charity ..................................................... 67

        iii.     Response to The CBC Claimed that Donors Believed They Fully
                 Funded Schoolrooms Even When the Donors Told Them That Was
                 Wrong ................................................................................................ 69

        iv.      Response to The CBC Knew of Specific Instances in Which It Had
                 Misinterpreted Online and Social Media Postings Regarding WE
                 Charity's Education Projects in Kenya .................................................... 70

        v.       Response to The CBC's Failure to Show Its Readers and Viewers
                 the Social Media Statements on Which It Allegedly Relied Is
                 Evidence of the CBC's Actual Malice ...................................................... 72

G.      Response to The CBC Falsely Claimed That WE Charity Told Multiple
        Donors They Each Fully Funded the Same Schoolrooms in Kenya.................... 72

        i.       Response to The CBC Falsely Accused WE Charity of Deceiving
                 Donor Watson Jordan ........................................................................... 73

v

        ii.     Response to The CBC Falsely Accused WE Charity of Deceiving Donors Rukshan de Silva and Iroquois Ridge High School .................... 76

H.     Response to The CBC Falsely Claimed that WE Charity's Internal Documents Showed That Multiple Donors Fully Funded the Same Structures in Kenya and that WE Charity Did Not Build Structures If It Believed Donors Would Not Notice .............................................................. 78

I.     Response to The CBC Falsely Claimed That WE Charity Blocked the CBC from Filming at Primary Schools in Kenya ................................................. 81

        i.      Response to The CBC Did Not Get Government Permission It Knew It Needed to Access and Film at the Government-Run Schools Funded by WE Charity ............................................................ 81

        ii.     Response to Instead of Getting Permission, the CBC Attempted to Gain Entry to Schools Through Illegal Means, Prompting the Kenyan Government's Response that the CBC Falsely Portrayed as Obstruction by WE Charity ...................................................... 83

        iii.    Response to The CBC Concealed the True Reason Why It Encountered Difficulties Filming at Government-Run Schools in Kenya and Instead Falsely Blamed WE Charity ...................................... 84

J.     Response to The CBC Misled Its Audience to Believe That WE Charity Had No Response to Many of Its Allegations .................................................... 85

XII.    RESPONSE TO WE CHARITY HAS BEEN HARMED BY AND WILL CONTINUE TO SUFFER HARM FROM THE CBC'S PUBLICATION OF THE DEFAMATORY PUBLICATIONS AND ITS UNLAWFUL NEWSGATHERING CONDUCT ..................................................................................... 88

RESPONSE TO CAUSES OF ACTION ................................................................... 90

Count I (Defamation) .............................................................................................. 90

Count II (Breach of Contract) ................................................................................. 91

Count III (Promissory Estoppel) ............................................................................ 91

Count IV (Negligent Misrepresentation) ................................................................ 92

AFFIRMATIVE DEFENSES ................................................................................... 93

FIRST DEFENSE .................................................................................................... 93

SECOND DEFENSE ................................................................................................ 93

THIRD DEFENSE .................................................................................................... 93

FOURTH DEFENSE ................................................................................................ 94

4869-1426-5983v.3 0116066-000002

FIFTH DEFENSE ................................................................................................................... 94

SIXTH DEFENSE .................................................................................................................. 94

4869-1426-5983v.3 0116066-000002

**Table of Authorities**

**Page(s)**

**State Statutes**

N.Y. Civil Rights Law 79-h(b) ..................................................................38

N.Y. Civil Rights Law § 76-a ..................................................................93

**Constitutional Provisions**

Constitution of the United States First and Fourteenth Amendments ...........................94

New York State Constitution Article I, § 8..................................................94

**Other Authorities**

https://cbc.radio-canada.ca/en/vision/governance/journalistic-standards-and-practices ...............85

*Las Vegas Review Journal* ..................................................................19

*The Washington Post* ..................................................................18

4869-1426-5983v.3 0116066-000002

Defendant Canadian Broadcasting Corporation ("CBC"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff WE Charity ("WE Charity"), using the same headings and paragraph numbering employed by Plaintiff.

## RESPONSE TO PRELIMINARY STATEMENT

1.      CBC denies each and every allegation in Paragraph 1 of the Complaint.

2.      CBC admits that Plaintiff is a charity incorporated under the laws of New York. CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 and, on that basis, denies each and every remaining allegation in Paragraph 2.

3.      CBC denies each and every allegation in Paragraph 3 of the Complaint.[1]

4.      CBC denies each and every allegation in Paragraph 4 of the Complaint.

5.      CBC denies each and every allegation in Paragraph 5 of the Complaint.

6.      CBC denies each and every allegation in Paragraph 6 of the Complaint.

7.      CBC denies each and every allegation in Paragraph 7 of the Complaint.

8.      CBC denies each and every allegation in Paragraph 8 of the Complaint.

9.      CBC denies each and every allegation in Paragraph 9 of the Complaint.

10.     CBC denies each and every allegation in Paragraph 10 of the Complaint.

11.     CBC denies each and every allegation in Paragraph 11 of the Complaint.

12.     CBC denies each and every allegation in Paragraph 12 of the Complaint.

13.     CBC denies each and every allegation in Paragraph 13 of the Complaint.

---

[1] For the avoidance of any doubt, CBC notes that one among many reasons for denying the allegations in Paragraph 3 is that their contention that statements allegedly made by CBC were about Plaintiff, the entity defined in Paragraph 2, is denied.  As this basis for denying allegations in Paragraph 3 will apply to many other paragraphs in the Complaint, in whole or in part, it will be incorporated within denials to each subsequent paragraph and will not be restated separately with respect to each subsequent paragraph.

4869-1426-5983v.3 0116066-000002

14.     CBC denies each and every allegation in Paragraph 14 of the Complaint.

15.     CBC denies each and every allegation in Paragraph 15 of the Complaint.

**RESPONSE TO THE PARTIES**

**I.     RESPONSE TO PLAINTIFF WE CHARITY**

16.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and, on that basis, denies each and every allegation in Paragraph 16.

17.     CBC admits that Free the Children was founded in Canada.  CBC denies the remaining allegations in Paragraph 17.

18.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and, on that basis, denies each and every allegation in Paragraph 18.

19.     CBC admits that Plaintiff WE Charity is a domestic not-for-profit corporation, that it is a registered 501(c)(3) charity in the United States and that its mailing address is as alleged.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 and, on that basis, denies each and every remaining allegation in Paragraph 19.

**II.     RESPONSE TO DEFENDANT CBC**

20.     CBC admits the allegations in the first two sentences of Paragraph 20.  Except as so admitted, CBC denies each and every allegation in Paragraph 20 of the Complaint.

21.     CBC states that the allegation that cbcnews.ca "has a substantial international reach, including in the United States" is vague and on that basis denies it.  CBC admits the remaining allegations in Paragraph 21 of the Complaint.

22.     CBC admits that it cross-promotes some of its content as alleged in Paragraph 22 of the Complaint, but denies that it cross-promotes all of its content.

23.     CBC admits that it distributes and licenses some of its broadcast content as

alleged in Paragraph 23 of the Complaint.

24.     CBC admits the allegations in Paragraph 24 of the Complaint.

25.     CBC denies each and every allegation in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, CBC does not contest that it is an agency or instrumentality of the Canadian government.  CBC further admits that it receives funding from the Canadian government, but denies that the amount is $1.1 billion.

27.     CBC admits that it has "Journalistic Standards and Practices" for certain news programs and that those JSPs are publicly accessible.  CBC states that the allegation that CBC "purports to be governed" by its JSPs is vague and, on that basis, CBC denies that allegation in Paragraph 27.  CBC denies each and every remaining allegation in Paragraph 27 of the Complaint

## RESPONSE TO SIGNIFICANT NON-PARTIES

28.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and, on that basis, denies each and every allegation in Paragraph 28.

29.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and, on that basis, denies each and every allegation in Paragraph 29.

30.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, on that basis, denies each and every allegation in Paragraph 30.

31.     CBC admits that Carol Moraa is based in Kenya.  Except as so admitted, CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 and, on that basis, denies each and every remaining allegation in Paragraph 31.

32.     CBC admits the allegations in Paragraph 32 of the Complaint.

33.     CBC admits the allegations in Paragraph 33 of the Complaint.

3

## RESPONSE TO JURISDICTION AND VENUE

34.     Paragraph 34 contains legal conclusions that do not require a response.  To the extent that a response is required, CBC admits that this Court has subject matter jurisdiction over this action with respect only to Plaintiff's defamation claim.

35.     Paragraph 35 contains legal conclusions that do not require a response.  To the extent that a response is required, CBC does not – at this time and for purposes of this case only – contest that this Court has personal jurisdiction over it.

36.     Paragraph 36 contains legal conclusions that do not require a response.  To the extent that a response is required, CBC admits that venue is proper in the District of Columbia with respect only to Plaintiff's defamation claim.

## RESPONSE TO FACTUAL BACKGROUND

I.     **RESPONSE TO WE CHARITY IS A CHARITY THAT HELPS CHILDREN IN THE UNITED STATES AND ABROAD**

37.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and, on that basis, denies each and every allegation in Paragraph 37.

A.     **Response to WE Charity Promotes Charitable Giving and Volunteerism in U.S. Schools**

38.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and, on that basis, denies each and every allegation in Paragraph 38.

39.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 and, on that basis, denies each and every allegation in Paragraph 39.

40.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and, on that basis, denies each and every allegation in Paragraph 40.

41.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and, on that basis, denies each and every allegation in Paragraph 41.

4869-1426-5983v.3 0116066-000002

42.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and, on that basis, denies each and every allegation in Paragraph 42.

43.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 and, on that basis, denies each and every allegation in Paragraph 43.

44.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and, on that basis, denies each and every allegation in Paragraph 44.

45.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 and, on that basis, denies each and every allegation in Paragraph 45.

46.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and, on that basis, denies each and every allegation in Paragraph 46.

**B.      Response to We Charity Provides Funds to Support the WE Organization's Development Work**

47.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and, on that basis, denies each and every allegation in Paragraph 47.

48.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 and, on that basis, denies each and every allegation in Paragraph 48.

49.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and, on that basis, denies each and every allegation in Paragraph 49.

**i.      Response to WE Charity's Five-Pillar Model Encourages Sustainable, Holistic Development**

50.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and, on that basis, denies each and every allegation in Paragraph 50.

51.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and, on that basis, denies each and every allegation in Paragraph 51.

52.     CBC lacks information sufficient to form a belief as to the truth or falsity of the

5

allegations in Paragraph 52 and, on that basis, denies each and every allegation in Paragraph 52.

53.     CBC denies each and every allegation in Paragraph 53.

54.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 and, on that basis, denies each and every allegation in Paragraph 54.

> **ii.     Response to WE Charity Teaches Its Donors About Its Five-Pillar Model, Including by Bringing Tens of Thousands of Visitors To See Its Work First-Hand**

55.     CBC admits that Plaintiff has a website that discusses a five-pillar development model.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55 and, on that basis, denies each and every remaining allegation in Paragraph 55.

56.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 and, on that basis, denies each and every allegation in Paragraph 56.

57.     CBC lacks information sufficient to form a belief as to the truth or falsity of whether the quoted language existed somewhere within the website of Free the Children in 2011, and, on that basis, denies the allegation.  CBC denies each and every remaining allegation in Paragraph 57. [2]

---

[2] CBC notes that numerous paragraphs of the Complaint quote excerpts from numerous videos, audio recordings and documents originating from both parties and non-parties.  Some examples include, but are not limited to, Plaintiff's website, emails to and from numerous individuals, CBC publications and broadcasts, emails written by third parties, newspaper articles published by non-parties, and many other sources.  Typically, each paragraph of the Complaint quoting such sources alleges that particular words were stated in a particular publication or document, and then also make additional allegations that describe, characterize, or otherwise comment on the words quoted.  Throughout this Answer, CBC will admit or deny the alleged existence of the alleged publication or document, and admit or deny that the words quoted are contained within that document.   By doing so, CBC does not purport to be responding to the truth or falsity of the words quoted as if they are themselves distinct allegations of fact that require separate responses.  Not only would such an approach be impossibly burdensome, it would not be an reasonable way to construe the Complaint since it frequently quotes excerpts from communications it alleges are to or from both parties.  To the extent an allegation quoting such material also contains additional allegations purporting to describe, characterize or otherwise comment  or expand on the words quoted – as Paragraph 57 of the Complaint does – CBC will respond to those additional allegations.

6

58.     CBC lacks information sufficient to form a belief as to the truth or falsity of whether the quoted language existed somewhere within the website of Free the Children in 2011, and, on that basis, denies the allegation.  CBC denies each and every remaining allegation in Paragraph 58.

59.     CBC admits that the quoted words appeared on Plaintiff's website, among others. Except as so admitted, CBC denies the remaining allegations of  Paragraph 59.

60.     CBC admits that the quoted words appeared on Plaintiff's website, among others. Except as so admitted, CBC denies the remaining allegations of Paragraph 60.

61.     CBC admits that the quoted words appeared on Plaintiff's website among others. Except as so admitted, CBC denies the remaining allegations of Paragraph 61.

62.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and, on that basis, denies each and every allegation in Paragraph 62.

63.     CBC denies each and every allegation in Paragraph 63

### iii.     Response to WE Charity's Development in Kenya

64.     CBC lacks information sufficient to form a belief as to the truth or falsity of the

---

In addition, CBC notes that quotations excerpted in the Complaint often contain editorial and/or interpretive material added by Plaintiff - such as bold highlighting, quotation marks, and other symbols. When admitting that a particular video, audio recording or document contained the words quoted, this Answer does not purport to respond to or speak to the propriety of such editorial or other interpretive additions, and should not be taken as implying agreement with those additions.  Again, to do so would be impossibly burdensome and such interpretive additions are, in any event, plainly subjective and not allegations of fact.  In each case, CBC states that the words of the underlying materials speak for themselves.

Finally, CBC notes that this Answer assumes good faith on the part of Plaintiff in its transcription of audio and/or audio-visual material.  It is possible that, during the course of the litigation, there may be errors in transcription that become apparent and/or disagreements regarding the appropriate use of punctuation and other aspects of transcription beyond the words, since the underlying material itself only contains words.  By admitting to the existence of words quoted, CBC reserves the right to correct any such errors and/or dispute the use of other aspects of transcriptions apart from the words themselves. Here too, CBC states that the underlying materials quoted in the Complaint (and all materials quoted throughout this litigation) ultimately speak for themselves and their contents cannot be altered, including but not limited by the good-faith efforts of either party to reproduce them accurately.

allegations in Paragraph 64 and, on that basis, denies each and every allegation in Paragraph 64.

65. CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 and, on that basis, denies each and every allegation in Paragraph 65.

66. CBC denies the allegations in paragraph 66 to the extent that they equate and refer interchangeably to Plaintiff and the "WE Organization." CBC otherwise lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 and, on that basis, denies each and every allegation in Paragraph 66.

67. CBC denies the allegations in paragraph 67 to the extent that they equate and refer interchangeably to Plaintiff and the "WE Organization." CBC otherwise lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 and, on that basis, denies each and every allegation in Paragraph 67.

68. CBC denies the allegations in Paragraph 68.

69. CBC denies the allegation in Paragraph 69 to the extent that it refers vaguely to "WE." CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 and, on that basis, denies each and every allegation in Paragraph 69.

**C.     Response to WE Charity's Fundraising Is Subject To Careful Oversight**

70. CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 and, on that basis, denies each and every allegation in Paragraph 70.

71. CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 and, on that basis, denies each and every allegation in Paragraph 71.

72. CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 and, on that basis, denies each and every allegation in Paragraph 72.

73. CBC admits that what Plaintiff represents are its audited financial statements are posted on its website for the years 2010-2022. CBC lacks information sufficient to form a belief

8

as to the truth or falsity of the remaining allegations in Paragraph 73, and, on that basis, denies each and every remaining allegation in Paragraph 73.

74.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 and, on that basis, denies each and every allegation in Paragraph 74.

75.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 and, on that basis, denies each and every allegation in Paragraph 75.

76.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and, on that basis, denies each and every allegation in Paragraph 76.

## II.    RESPONSE TO WE CHARITY CANADA ANNOUNCES WIND DOWN FOLLOWING A POLITICAL SCANDAL UNRELATED TO ITS OPERATIONS

77.    CBC admits the allegations in Paragraph 77 of the Complaint.

78.    CBC admits the allegations of Paragraph 78, except that, as so admitted, CBC lacks information sufficient to form a belief as to the truth or falsity of the allegation that the facts alleged were "unbeknownst to WE Charity Canada," and, on that basis, denies that allegation in Paragraph 78.

79.    CBC admits the allegations in Paragraph 79 of the Complaint, except to the extent that it purports to characterize a finding as "exonerated" and refers the Court to the Ethics' Commissioner's report for its meaning and content.

80.    CBC denies that no WE Organization entity (including WE Charity Canada) was ever under investigation.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 80 and, on that basis, denies each and every remaining allegation in Paragraph 80.

81.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 and, on that basis, denies each and every allegation in Paragraph 81.

82.     CBC admits that in September 2021 WE Charity Canada announced that it would wind down its operations.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 82 and, on that basis, denies each and every remaining allegation in Paragraph 82.

83.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 and, on that basis, denies each and every allegation in Paragraph 83.

## III.    RESPONSE TO EARLY FEBRUARY 2021: THE CBC AIRS ITS FIRST FALSE *THE FIFTH ESTATE* EPISODE ABOUT WE CHARITY

84.     CBC admits that the reporting challenged in this lawsuit was produced and reported by CBC journalists working for *The Fifth Estate*, its long-form investigative news program.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 84 of the Complaint.

85.     CBC denies each and every allegation in Paragraph 85 of the Complaint.

### A.     Response to *The Fifth Estate* Is the CBC's Premier, Long-form Investigative News Program

86.     CBC admits that it broadcasts a weekly, hour-long investigative news program called *The Fifth Estate* and that the quoted words appear within language the CBC uses to describe *The Fifth Estate*.  Except as so admitted and referred, CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 and, on that basis, denies each and every remaining allegation in Paragraph 86.

87.     CBC admits that it sometimes purchases billboard, bus, taxi and other forms of advertising.  Except as otherwise admitted, CBC denies each and every remaining allegation in Paragraph 87 of the Complaint.

88.     CBC denies the allegations in Paragraph 88 of the Complaint.

89.     CBC admits that residents near the Canadian border with a standard antenna may

10

be able to receive CBC's signal and that some cable companies in the Northern United States offer CBC as a channel option.  CBC lacks knowledge regarding the allegations concerning VPNs and on that basis denies them, and denies that all Fifth Estate episodes may be accessed through the means alleged in the remaining allegations in Paragraph 89.

90.     CBC admits that *The Fifth Estate* airs commercials during its broadcasts and that it aired commercials during the broadcasts on February 4, 2021 and November 18, 2021.  Except as so admitted, CBC denies the remaining allegations in Paragraph 90 of the Complaint.

91.     CBC admits that it aired two episodes on *The Fifth Estate* on the dates alleged and that the documentary first aired on February 4, 2021 was rebroadcast multiple times.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 91 of the Complaint.[3]

92.     CBC admits the allegations in Paragraph 92 of the Complaint.

93.     CBC does not recall the conversation alleged in the second sentence of Paragraph 93, but does not presently recall a previous example of Mr. Cashore reporting on an international development charity.  CBC does not recall the conversation to which Plaintiff purports to be referring in the third sentence of Paragraph 93 but denies that, prior to September 2021, Mr. Cashore's only visits to developing countries were the two alleged in Paragraph 93.

**B.      Response to Facing Declining Viewership for *The Fifth Estate*, the CBC Devised a Strategy to Boost Ratings by Publishing "Clusters" of Stories About Already-Covered Topics with "Dramatic Twists and Turns" to Create "Social Buzz"**

94.     CBC admits that an article in published by *The Globe and Mail* on July 17, 2019 contained the quoted words, among others.

95.     CBC admits that the quoted words appeared within *The Globe and Mail* article,

---

[3] Subject to these denials, including denying that the documentaries alleged were "about [Plaintiff]," solely for ease of reference in subsequent responses in this Answer CBC will also refer to the documentaries as the "February Episode" and "November Episode."

among others, and that *The Globe and Mail* characterized a document as an internal CBC strategy document. CBC denies the remaining allegations of Paragraph 95 of the Complaint.

96.    CBC admits that the quoted words appeared within *The Globe and Mail* article, among others.

97.    CBC admits there was a political scandal about the CSSG. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 97 of the Complaint.

### C.    Response to On February 4, 2021, the CBC's *Fifth Estate* Falsely Reported That Multiple Donors Each Fully Funded the Same "Borehole" Project in Kenya

98.    CBC admits the allegations in Paragraph 98 of the Complaint.

99.    CBC denies each and every allegation of Paragraph 99 of the Complaint.

100.   CBC denies each and every allegation in Paragraph 100 of the Complaint.

101.   CBC denies each and every allegation in Paragraph 101 of the Complaint.

102.   CBC denies each and every allegation in Paragraph 102 of the Complaint.

103.   CBC lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 103 that any of the identified persons or entities are "donors" to Plaintiff, and, on that basis, denies each and every reference to "donors" in Paragraph 103. CBC denies each and every remaining allegation in Paragraph 103.

### i.    Response to Whistler Water Never Stated it Fully Funded the Kipsongol Borehole

104.   CBC denies each and every allegation in Paragraph 104 of the Complaint.

105.   CBC admits that the alleged report from North Shore News appeared on the screen and contained the words quoted, and that the February Episode contained the words quoted, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 105 of the Complaint.

106.    CBC denies each and every allegation in Paragraph 106 of the Complaint.

107.    CBC admits that an email from Stuart McLaughlin's email address was sent on March 2, 2021 and contained the words quoted, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 107 and, on that basis, denies each and every remaining allegation in Paragraph 107.

> ii.    **Response to Nicola Told the CBC That It Never Understood Its Donation to be the Sole Funding Source for the Kipsongol Borehole Project**

108.    CBC denies the first sentence of paragraph one of Paragraph 108 of the Complaint.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 108, and on that basis, denies them.

109.    CBC admits it reported the quoted words regarding Nicola.

110.    CBC denies each and every allegation in Paragraph 110 of the Complaint.

111.    CBC admits that the words quoted in the third sentence of Paragraph 111 appeared on the screen and that those words did not include the word "borehole."  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 111 of the Complaint.

112.    CBC admits that Mr. Kroetsch of Boies Schiller Flexner sent a letter to Katarina Germani dated March 10, 2021 that contained within it the words quoted in Paragraph 112, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 112 of the Complaint.

113.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 and, on that basis, denies each and every allegation in Paragraph 113 of the Complaint.

114.    CBC admits that the February Episode stated in a voiceover the words quoted in Paragraph 114, among others, and showed a photograph labeled "Kipsongol Borehole."  CBC

lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 114 and, on that basis, denies each and every remaining allegation in Paragraph 114 of the Complaint.

115. CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 and, on that basis, denies each and every allegation in Paragraph 115 of the Complaint.

116. CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 and, on that basis, denies each and every allegation in Paragraph 116 of the Complaint.

117. CBC admits that the quoted language appeared on Nicola's website. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 117 of the Complaint.

118. CBC lacks information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 118 that Plaintiff did not send the photo of the borehole and, on that basis, denies that allegation in Paragraph 115. CBC denies each and every remaining allegation in Paragraph 118 of the Complaint.

119. CBC admits that a letter sent to CBC after February, 4, 2021 included a signature and the name of founder and Chairman of Nicola. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 119 of the Complaint.

### iii. Response to The UBC Student Group's Emails Made Clear That The Group Understood It Did Not Fully Fund the Kipsongol Borehole

120. To the extent Paragraph 120 purports to refer to a letter sent by Scott Baker, CBC admits that Mr. Baker sent a letter to CBC. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 120.

121. CBC admits that it reported in the February Episode that it spoke with Mr. Cohen

and reported the words quoted in Paragraph 121.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 121 of the Complaint.

122.   CBC admits that it did not confirm Mr. Cohen's reported recollection with Plaintiff.

123.   CBC denies each and every allegation in Paragraph 123 of the Complaint.

124.   CBC denies each and every allegation in Paragraph 124 of the Complaint.

125.   CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 and, on that basis, denies each and every allegation in Paragraph 125 of the Complaint.

126.   CBC admits that it included information in the online article cited in paragraph 126 regarding this source.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 126 of the Complaint.

### iv.     Response to Unilever Never Purported to Fund a Borehole and To WE Charity's Knowledge, Never Confirmed CBC's Interpretation of Unilever's Campaign

127.   CBC admits that a *Chicago Tribune* article dated August 18, 2015 contains some of the words that appear in indented quotes in paragraph 127, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 127 of the Complaint.

128.   CBC denies each and every allegation in Paragraph 128 of the Complaint.

### v.      Response to Other Donors Told The CBC That It Was Wrong, But CBC Kept That Fact from Its Viewers

129.   CBC admits that Mr. Cashore sent an email that contained the words quoted in paragraph 129, among others.  CBC lacks sufficient information to form a belief as to the truth or falsity of the allegation that the email was to a donor of Plaintiff, and, on that basis, denies that allegation.  CBC denies each and every remaining allegation in Paragraph 129 of the Complaint.

15

130.    CBC denies each and every allegation in Paragraph 130 of the Complaint.

131.    CBC admits that Mr. Cashore's email referenced in Paragraph 131 included the words quoted in Paragraph 131 (except for the bracketed words), among others, and that the recipient of the email sent an email in response that included the words quoted in paragraph 131, among others.   CBC lacks sufficient information to form a belief as to the truth or falsity of the allegation that the emails were to and from a donor of Plaintiff, and, on that basis, denies that allegation.  CBC denies each and every remaining allegation in Paragraph 131 of the Complaint.

132.    CBC admits that it did not mention the organization that was the subject to the emails alleged in Paragraph 132 in the February Episode.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 132 of the Complaint.

### vi.     Response to The CBC Knew the Facts Demonstrating That the February Episode Was Wrong, But Never Corrected Its False Reporting

133.    CBC admits that counsel stating that it represented "WE Charity ("WE"), including its ongoing operations in the United States," sent correspondence to the CBC on the dates alleged.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 133 of the Complaint.

134.    CBC admits that its counsel sent correspondence to the counsel referenced in Paragraph 134 that contained the words quoted in Paragraph 134, among others.

135.    CBC admits that the counsel referenced in Paragraph 135 sent correspondence to CBC's in-house counsel that contained the words quoted in Paragraph 135, among others.

136.     CBC admits the allegations in Paragraph 136 of the Complaint.

137.    CBC admits that it rebroadcast the episode regarding the Kipsongol borehole on February 6, 2021, February 7, 2021, April 24, 2021, April 25, 2021, July 10, 2021 and July 11, 2021.  Except as so admitted, CBC denies each and every allegation in Paragraph 137 of the

Complaint.

138.    CBC admits that the February episode of *The Fifth Estate* remains available to view on YouTube and on CBC's website.  Except as so admitted, CBC denies each and every allegation in Paragraph 138 of the Complaint.

## IV.    RESPONSE TO LATE FEBRUARY 2021: THE CBC RELIES ON A DISCREDITED SOURCE TO INITIATE ITS INVESTIGATION INTO WE CHARITY SCHOOLS IN KENYA

139.    CBC denies each and every allegation in Paragraph 139 of the Complaint.

140.    CBC admits that Mr. Kelley said the words "sort of got us rolling on this," among others, in a November 24, 2021 Podcast published by the CBC called "Frontburner."  Except as so admitted, CBC denies each and every allegation in Paragraph 140 of the Complaint.

141.    CBC admits that Mr. Cowan is an American TV news anchor.  Except as so admitted,  CBC denies each and every allegation in Paragraph 141 of the Complaint.

142.    CBC admits that Mr. Cowan appeared before a Canadian Parliamentary Committee and testified, in part, that a plaque bearing his deceased son's name (among other words on the plaque) had been removed from a primary school in Kenya and replaced with a plaque honoring a different person.  Except as so admitted, CBC denies each and every allegation in Paragraph 142 of the Complaint..

143.    CBC denies each and every allegation in Paragraph 143.

144.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144 of the Complaint and, on that basis, denies each and every allegation in Paragraph 144.

145.    CBC denies each and every allegation in Paragraph 145 of the Complaint.

## A.    Response to Reed Cowan Claimed He Raised Millions of Dollars That Should Have Funded More Schools Than WE Charity Built, Then Admitted He Greatly Exaggerated His Donations

146.    CBC admits that the words quoted in paragraph 146 were spoken by Mr. Cowan, among many others.  Except as so admitted, CBC denies each and every allegation in Paragraph 146 of the Complaint.

147.    CBC admits that it reported the words quoted in Paragraph 147 of the Complaint, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 147 of the Complaint.

148.    CBC denies each and every allegation in Paragraph 148 of the Complaint.

149.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 of the Complaint and, on that basis, denies each and every allegation in Paragraph 149.

150.    CBC denies each and every allegation in Paragraph 150 of the Complaint.

**B.      Response to Reed Cowan's Public Attacks on WE Charity Were a Prelude to an Extortionate Demand for $40 Million, Threatening to Make WE Charity "Infamous"**

151.    Paragraph 151 of the Complaint purports to characterize an article published by *The Washington Post* on April 2, 2021.  CBC admits that *The Post* published a story concerning Mr. Cowan on that date, and respectfully refers the Court to this article for its content and meaning, which speaks for itself.  Except as so referred, CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 151 and, on that basis, denies each and every remaining allegation in Paragraph 151 of the Complaint.

152.    CBC admits that the demand letter published by *The Post* contained the words quoted in Paragraph 152, among others.  Except as so admitted, CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 152 and, on that basis, denies each and every remaining allegation in Paragraph 152 of the Complaint.

18

153.    CBC admits that the demand letter published by *The Post* contained the words quoted in Paragraph 153, among others.  Except as so admitted, CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 153 and, on that basis, denies each and every remaining allegation in Paragraph 153 of the Complaint.

154.    CBC admits that Mary Hausch of the University of Nevada, Las Vegas wrote an article published in the *Las Vegas Review Journal*.  CBC respectfully refers the Court to this article for its content and meaning, which speaks for itself.

155.    CBC states that the reference to "did not update its coverage" is vague and is therefore not capable of a response, but to the extent any response is deemed necessary it is denied.  CBC admits that Canadian counsel William McDowell, writing on behalf of "WE Charity" and "related entities," wrote to CBC on June 2, 2021 and his letter contained links to media coverage concerning Mr. Cowan.  Except as so admitted, CBC denies the remaining allegations in Paragraph 155 of the Complaint.

**V.    RESPONSE TO MARCH 2021: AFTER THE CBC AGAIN PUBLISHES FALSE CLAIMS ABOUT WE CHARITY'S PROJECTS IN KENYA, THE DONORS IN THE CBC'S COVERAGE REFUTE THE STORY AND EXPOSE THE CBC'S MISCONDUCT**

156.    CBC admits that it aired a news segment and published an online news article as alleged in the first sentence of Paragraph 156.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 156 of the Complaint.

157.    CBC denies each and every allegation in Paragraph 157 of the Complaint.

158.    CBC admits that Mr. Kelley and Mr. Cashore interviewed Donna McFarlane for the story.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 158 of the Complaint.

4869-1426-5983v.3 0116066-000002

159.    CBC admits that Ms. Farlane wrote to the CBC after the March 7 segment aired and that her correspondence contained the words quoted in Paragraph 159 of the Complaint, among other words.

160.    CBC admits that Ms. McFarlane enclosed a letter to CBC signed by eight persons whose names are on the letter in Exhibit H, and that the letter contained the text quoted in Paragraph 160.   Except as so admitted, CBC denies each and every allegation in Paragraph 160 of the Complaint.

161.    CBC admits that Stuart McLaughlin and his wife appear to have signed the letter to CBC contained in Exhibit H and that Mr. McLaughlin was the President of Whistler Water in 2015.  Except as so admitted, CBC denies each and every allegation in Paragraph 161 of the Complaint.

162.    CBC admits that Ms. McFarlane complained to Mr. Nagler and that Mr. Nagler's response to her included the words quoted in Paragraph 162 of the Complaint, among others.

**VI.    RESPONSE TO MARCH 2021: THE CBC DOES NOT PUBLISH A STORY ABOUT WE CHARITY AFTER IT LEARNS ITS REPORTERS AGAIN MISREPRESENTED WHAT THE CHARITY TOLD ITS DONORS**

163.    CBC denies each and every allegation in Paragraph 163 of the Complaint.

164.    CBC admits that on March 10, 2021, Ms. McKenna, a producer at CBC, sent an email to Scott Baker.  Except as so admitted, CBC denies each and every allegation in Paragraph 164 of the Complaint.

165.    CBC denies each and every allegation in Paragraph 165 of the Complaint.

166.    CBC admits that the reporter's email included the words quoted in Paragraph 166 of the Complaint, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 166 of the Complaint.

167.    CBC admits that Mr. Kroetsch wrote CBC's in-counsel on March 10, 2021 and

that his letter included the words quoted in Paragraph 167, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 167 of the Complaint.

168.    CBC admits that Mr. Kroetsch's letter included the words quoted in Paragraph 168, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 168 of the Complaint.

169.    CBC admits that Mr. Kroetsch's letter included the words quoted in Paragraph 169, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 169 of the Complaint.

170.    CBC admits that Mr. Kroetsch's letter included the words quoted in Paragraph 170, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 170 of the Complaint.

171.    CBC admits that *The Fifth Estate* did not publish another story in or around March 2021 about the funding of structures in Kenya.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 171 of the Complaint.

172.    CBC denies each and every allegation in Paragraph 172 of the Complaint.

**VII.    RESPONSE TO JUNE-SEPTEMBER 2021: THE CBC PRESENTS FALSE FACTS TO SOURCES IN AN ATTEMPT TO PERSUADE THEM OF A PREDETERMINED NARRATIVE WHILE DISREGARDING INCONSISTENT FACTS.**

173.    CBC denies each and every allegation in Paragraph 173 of the Complaint.

174.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 of the Complaint and, on that basis, denies each and every allegation in Paragraph 174.

175.    CBC lacks information sufficient to form a belief as to the truth or falsity of what communications allegedly took place between Plaintiff and donors to Plaintiff, and, on that basis,

denies each and every allegation in Paragraph 175 regarding such communications.  CBC denies each and every remaining allegation in Paragraph 175 of the Complaint.

176.    CBC denies each and every allegation in Paragraph 176 of the Complaint.

177.    CBC denies each and every allegation in Paragraph 177 of the Complaint.

**A.      Response to The CBC Requested Information Regarding WE Charity-Funded Schoolrooms in Kenya**

178.    CBC admits that Mr. Cashore wrote to Ms. Wiszowaty on June 19, 2021, and that his email contained the words quoted in Paragraph 178, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations regarding by whom Ms. Wiszowaty is employed, and, on that basis, denies the remaining allegations in Paragraph 178 of the Complaint

179.    CBC admits that Ms. Wiszowaty responded to Mr. Cashore on June 24, 2021, and that her response contained the words quoted in Paragraph 179, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 179 of the Complaint.

180.    CBC admits that William McDowell submitted a document to a Parliamentary Committee that contained the words quoted in the first sentences of Paragraph 180, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 180 of the Complaint.

181.    CBC admits that Mr. Cashore's response to Ms. Wiszowaty included the words quoted in the final sentence of Paragraph 181, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 180 of the Complaint.

182.    CBC admits that Ms. Wiszowaty's response included the words quoted in Paragraph 182, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 182 of the Complaint.

4869-1426-5983v.3 0116066-000002

183.    CBC admits that Mr. Cashore's response to Ms. Wiszowaty contained the words quoted in Paragraph 183 of the Complaint, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 183 of the Complaint.

184.    CBC admits that Mr. Cashore's response to Ms. Wiszowaty contained the words quoted in Paragraph 184 of the Complaint, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 184 of the Complaint.

**B.    Response to The CBC Falsely Informed Sources That WE Charity Deceived Donors Despite Knowing It Lacked the Data on Which to Base Such an Allegation**

185.    CBC admits that its journalists from *The Fifth Estate* did not go to Kenya to report on any of the primary schoolrooms about which the November Episode reported prior to September 2021.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 185 of the Complaint.

186.    CBC denies the allegations in the first sentence of paragraph 186.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 186 regarding communications between donors to Plaintiff and "former charity employees" and Plaintiff, and, on that basis, denies each and every allegation in the second sentence of Paragraph 186.  CBC admits that in some conversations with sources, the reporters said their research showed that there was a discrepancy between the number of primary schoolrooms donors funded and the number represented to Parliament that were built.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 186 of the Complaint.

187.    CBC admits that Ms. Al-Waheidi sent an e-mail to Mr. Cashore on July 12, 2021 that contained the words quoted in Paragraph 187, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 187 of the Complaint.

23

188.     CBC admits that Mr. Cashore sent an e-mail to Ms. Al-Waheidi on July 13, 2021 that contained the words quoted in Paragraph 188, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 188 of the Complaint.

189.     CBC admits that Ms. Al-Waheidi sent an e-mail to Mr. Cashore on July 26, 2021 that contained the words quoted in Paragraph 189, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 189 of the Complaint.

190.     CBC admits that Mr. Cashore sent an e-mail to Ms. Al-Waheidi the following day that contained the words quoted in Paragraph 190, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 190 of the Complaint.

191.     CBC denies each and every allegation in Paragraph 191 of the Complaint.

192.     CBC admits that Don Morrison responded to an inquiry from Mr. Cashore on July 6, 2021, that he was the former Chief Operating Officer of Research in Motion, and that his response included the words quoted in Paragraph 192, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 190 of the Complaint.

193.     CBC admits that Mr. Cashore wrote to Mr. Morrison on Julu 29, 2021 and that his email contained the words quoted in Paragraph 193, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 193 of the Complaint.

194.     CBC admits that William McDowell sent an e-mail to CBC's in-house counsel on September 3, 2021 that contained the words quoted in Paragraph 194, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 194 of the Complaint.

C.      **Response to WE Charity Provided the CBC With Detailed Information, Including Photographic Evidence and Maps, Showing That It Funded 852 Schoolrooms in Kenya**

195.      CBC admits that Ms. Al-Waheidi wrote to Mr. Cashore and Ms. Swain on

24

August 16, 2021 and that her email contained the words quoted in Paragraph 195, among others. CBC further admits that the email included a link to information online that Ms. Al-Waheidi maintained shows "photos of each of the 852 schools and school rooms it has funded constructing or renovating" and information about the villages in which they are purportedly located.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 195 of the Complaint.

196.    CBC denies each and every allegation in Paragraph 196 of the Complaint.

197.    CBC admits that on September 11, 2021 Robin Wiszowaty e-mailed CBC maps of each village that purported to show the location of various educational structures in each village, and that those maps were later put online for public access on the website of the WE Charity Foundation.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 197.

198.    CBC admits that Ms. Al-Waheidi's August 16, 2021 e-mail to Mr. Cashore contained the words quoted in Paragraph 198, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 198 of the Complaint.

199.    CBC denies each and every allegation in Paragraph 199 of the Complaint.

**D.    Response to Over a Hundred of WE Charity's Donors, Including Donors Responsible for the Majority of Funding for Kenya, Told the CBC That It Misunderstood the Donors' Expectations**

200.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 200 of the Complaint, and, on that basis, denies each and every allegation in Paragraph 200.

201.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 201 of the Complaint because the reference to unspecified "donors" is vague, and, on that basis, denies each and every allegation in Paragraph 201 of the Complaint.

25

202.    CBC admits that an individual who organized a fundraising campaign in Winnipeg wrote to Mr. Cashore in July after speaking with him and that his email contained the words quoted in Paragraph 202. Except as so admitted, CBC denies each and every allegation in Paragraph 202.

203.    CBC admits that Mr. Cashore responded to Mr. Trepel in an email that included the words quoted in Paragraph 203, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 203.

204.    CBC admits that Gaby Ghorbani wrote to Mr. Cashore after speaking with him and that her email contained the words quoted in the Paragraph 204. CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 204 and, on that basis, denies each and every remaining allegation in Paragraph 204 of the Complaint.

205.    CBC admits that Dave Richardson emailed to CBC a letter that purports to have been signed by the people whose names appear at the end of the letter, and that the letter contains the words quoted in Paragraph 205, among others. CBC denies that the letter was signed by 77 of Plaintiff's largest donors. CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 205 and, on that basis, denies each and every remaining allegation in Paragraph 205.

206.    CBC admits that the letter attached to Mr. Richardson's e-mail contained the words quoted in Paragraph 206, among others. CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 205 and, on that basis, denies each and every remaining allegation in Paragraph 205

207.    CBC admits that Ms. Cowen sent a letter to CBC's Barbara Williams dated

4869-1426-5983v.3 0116066-000002

September 29, 2021 that contains the words quoted in Paragraph 207, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 207.

208.   CBC admits that Ms. Cowen's letter contained the words quoted in Paragraph 208, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 208 of the Complaint.

209.   CBC admits that on September 21, 2021 Mark Burke emailed CBC a letter that contained the words quoted in Paragraph 209, among others. CBC denies that the letter was on behalf of over 50 educators who have been donors or fundraisers for Plaintiff. CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 209 and, on that basis, denies each and every remaining allegation in Paragraph 209.

210.   CBC admits that Mr. Burke's letter contained the words quoted in Paragraph 210, among others. CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 210 and, on that basis, denies each and every remaining allegation in Paragraph 210.

211.   CBC admits that on September 24, 2021 its reporter Matthew Pierce wrote to Mark Quattrocchi and that the email contained the words quoted in Paragraph 211, among others. CBC denies that Mr. Quattrocchi was a donor to Plaintiff.

212.   CBC admits that the blog Mr. Pierce referenced did not contain the specific words "fully funded" and that Mr. Quattrocchi sent an email to Mr. Pierce dated September 26, 2021 that contained the words quoted in paragraph 212, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 212 of the Complaint.

213.   CBC denies each and every allegation in Paragraph 213 of the Complaint.

**E.    Response to The CBC Told a High-Level Kenyan Public Official That WE Charity Misused Donor Funds**

27

214.    CBC admits that Samuel Tunai is the governor of Narok County.  Except as so admitted, CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 214 of the Complaint and, on that basis, denies each and every allegation in Paragraph 214.

215.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 215 of the Complaint and, on that basis, denies each and every allegation in Paragraph 215.

216.    CBC admits that on September 10, 2021, William McDowell wrote to CBC's in-house counsel and that his letter contained the words quoted in Paragraph 216, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 216.

217.    CBC admits that on September 14, 2021, Ms. Germani responded to Mr. McDowell and that her response contained the words quoted in paragraph 217.

## VIII.    RESPONSE TO SEPTEMBER 2021: THE CBC CONDUCTS A SHAM INVESTIGATION IN KENYA THAT BY DESIGN COULD NOT VERIFY ITS REPORTING AND ENGAGES IN UNLAWFUL NEWSGATHERING CONDUCT

218.    CBC denies that Plaintiff invited CBC to visit Kenya.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 218 of the Complaint and, on that basis, denies each and every remaining  allegation in Paragraph 218.

219.    CBC denies that Plaintiff has welcomed over 40,000 visitors to projects in Kenya. and denies that Plaintiff has provided extraordinary transparency and access for years.  CBC admits that its journalists did not go to Kenya in the first half of 2021.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 219.

220.    CBC admits that Ms. Wiszowaty wrote to Mr. Cashore and Mr. Kelley and that her email contained the words quoted in Paragraph 220, among others.  Except as so admitted, CBC denies the remaining allegations of Paragraph 220 of the Complaint.

28

221.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 221 of the Complaint and, on that basis, denies each and every allegation in the first sentence of Paragraph 221.  CBC denies the allegations in the second sentence of Paragraph 221.

### A.    Response to The CBC Knew That It Had to Visit Kenya to Verify Its Allegations and Understood That to Do So, It Needed to Obtain Government Permission to Visit Government-Run Schools Funded by WE Charity

222.    CBC admits that Mr. Cashore e-mailed Ms. Robin Wiszowaty on September 3, 2021 to inform her that CBC would be traveling to Kenya and that his email contained the words quoted in Paragraph 222, among others.

223.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 223 of the Complaint and, on that basis, denies each and every allegation in Paragraph 223.  CBC further states that the second sentence of Paragraph 223 asserts a legal conclusion to which no response is required.

224.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 224 of the Complaint and, on that basis, denies each and every allegation in Paragraph 224.

225.    CBC admits that Ms. Wiszowaty wrote to Mr. Cashore and Mr. Kelley and that her email contained the words quoted in Paragraph 225, among others.  CBC further states that the first sentence of Paragraph 225 asserts a legal conclusion, to which no response is required.

226.    CBC admits that Mr. Cashore's response the next day did not specifically mention "the issue of government permission."  CBC further admits that Ms. Wiszowaty wrote to Mr. Cashore on September 9 and that her email contained the words quoted in Paragraph 226, among others.

227.    CBC admits that Mr. Cashore responded later that day and that his response

29

contained the words quoted in Paragraph 227, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 227 of the Complaint.

228.    CBC admits that Ms. Wiszowaty wrote to Mr. Cashore on September 10 and that her response contained the words quoted in Paragraph 228, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 228 of the Complaint.

229.    CBC denies that it provided false assurances to Plaintiff.  CBC further states that the words "government authorization to visit and film at schools in Kenya" is vague and therefore not capable of a response.

230.    CBC denies each and every allegation in Paragraph 230 of the Complaint.

231.    CBC denies each and every allegation in Paragraph 231 of the Complaint.

**B.      Response to The CBC Entered Schools in Kenya Without Government Permission During a Pandemic and Was Asked to Leave by Community Members**

232.    CBC admits its journalists arrived at the village of Motony in Kenya in September 2021, which was during a global pandemic and that the area had low vaccination rates compared to many Western countries at the time.  CBC further admits that it was told to leave.  CBC denies each and every remaining allegation in Paragraph 232.

233.    CBC admits that Mr. Cashore emailed Ms. Wiszowaty and that his email contained the words quoted in Paragraph 233, among others.

234.    CBC denies the allegations in Paragraph 234 of the Complaint.

235.    CBC admits that Ms. Wiszowaty emailed Mr. Cashore and that her email contained the words quoted in Paragraph 235, among others.

236.    CBC admits that on September 11 Ms. Wiszowaty emailed to Mr. Cashore maps purporting to show educational structures in villages.  CBC denies each and every remaining allegation in Paragraph 236 of the Complaint.

30

237.     CBC admits that on September 10 Mr. Cashore emailed Ms. Wiszowaty and that his email contained the words quoted in Paragraph 237, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 237 of the Complaint.

238.     CBC states that the word "proof" in Paragraph 238 is vague and not capable of a response, and that Mr. Cashore's emails speak for themselves.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 238, and on that basis denies the remaining allegations in Paragraph 238.

239.     CBC admits that Ms. Wiszowaty replied to Mr. Cashore and that her email contained the words quoted in Paragraph 239, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 239 of the Complaint.

240.     CBC admits that Mr. Cashore sent Ms. Wiszowaty an email that contained the words quoted in Paragraph 240, among others.  CBC states that the word "evidence" in Paragraph 240 is vague and not capable of a response and that Mr. Cashore's emails speak for themselves.

### C.      Response to Kenyan Government Officials Complained About the CBC's Illegal Newsgathering Conduct

241.     CBC admits that Ms. Wiszowaty emailed Mr. Cashore and Mr. Kelley on September 12 and that her email contained the words quoted in Paragraph 241, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 241.

242.     CBC denies each and every allegation in Paragraph 242 of the Complaint.

243.     CBC admits that it received a copy of the letter attached as Exhibit J, copied to the parties alleged, and that the letter contained the words quoted in Paragraph 243, among others.  CBC denies that it engaged in misconduct.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 243 and on that basis

31

denies the remaining allegations in Paragraph 243 of the Complaint.

244.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 244 of the Complaint and, on that basis, denies each and every allegation in Paragraph 244.

245.    CBC admits that on September 24 a letter purporting to be signed by Governor Tunai was sent to the CBC and that the letter contained the words quoted in Paragraph 245. CBC lacks information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 245 that Governor Tunai wrote the letter, and on that basis denies that allegation. CBC denies each and every remaining allegation in Paragraph 245 of the Complaint.

246.    CBC admits that Governor Tunai attached an email from John Njiru and that the email he attached contained the words quoted in Paragraph 246, among others.  CBC denies each and every remaining allegation of Paragraph 246 of the Complaint.

247.    CBC admits that it did not respond to Governor Tunai.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 247 of the Complaint and, on that basis, denies each and every remaining allegation in Paragraph 247.

**D.    Response to The CBC's Senior Leadership Was Aware of Its Journalists' Misconduct**

248.    CBC denies that its journalists engaged in misconduct in Kenya.  Except as so denied, CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 248 of the Complaint and, on that basis, denies each and every allegation in Paragraph 248.

249.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 249 of the Complaint and, on that basis, denies each

4869-1426-5983v.3 0116066-000002

and every allegation in that sentence. CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 249, and, on that basis, denies each and every remaining allegation in Paragraph 249 of the Complaint.

250.   CBC admits that Ambassador Hynes wrote to Ms. Tait and Ms. Williams, enclosed the September 13, 2021 letter to CBC purportedly from an assistant County Commissioner in Kenya, and that Ambassador's Hynes' letter contained the words quoted in Paragraph 250 of the Complaint.

251.   CBC admits that Ambassador Hynes's letter contained the words quoted in Paragraph 251. CBC denies that CBC's reporting on the charity was wrong. CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 251, and, on that basis, denies each and every remaining allegation in Paragraph 251 of the Complaint.

252.   CBC admits that Ambassador Hynes's letter contained the words quoted in Paragraph 252. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 252 of the Complaint.

253.   CBC admits that neither Ms. Tait nor Ms. Williams personally responded to Ambassador Hynes. CBC admits that *The Fifth Estate's* executive producer Diana Swain responded to him. CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 253, and, on that basis, denies each and every remaining allegation in Paragraph 253 of the Complaint.

254.   CBC admits that Ambassador Hynes wrote to Ms. Tait and copied the persons alleged in Paragraph 254 on October 4, 2021, and that he enclosed his prior message, the September 13 letter purportedly from the Kenyan Ministry of Interior, Governor Tunai's

September 24 letter to CBC, and Barb Cowen's September 29 letter to Ms. Williams.  CBC denies that Ms. Cowen experienced any false reporting by CBC.

255.   CBC admits that Ambassador Hynes's letter contained the words quoted in Paragraph 255.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 255 of the Complaint.

256.   CBC admits the allegations in Paragraph 256 of the Complaint.

## IX.   RESPONSE TO SEPTEMBER – NOVEMBER 2021: BACK IN NORTH AMERICA, THE CBC CONTINUES TO PURSUE A PREDETERMINED FALSE NARRATIVE WHILE PURPOSEFULLY AVOIDING THE TRUTH

257.   CBC denies each and every allegation in Paragraph 257 of the Complaint.

### A.   Response to The CBC Cancelled a Promised On-Air Opportunity for WE Charity to Respond to Financial Allegations After WE Charity Performed Its Side of the Bargain[4]

258.   CBC admits that after Mr. Cashore reached out to Ms. Wiszowaty to inform her that CBC would be traveling to Kenya, Mr. Cashore agreed to Ms. Wisowaty's request that CBC conduct an interview with Carol Moraa.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 258 of the Complaint.

259.   CBC denies each and every allegation in Paragraph 259 of the Complaint.

260.   CBC admits that on September 10, 2021 Ms. Wiszowaty sent an e-mail to Mr. Cashore that contained the words quoted in Paragraph 260 of the Complaint, among others.  CBC denies that Ms. Wiszowaty responded to a request by Mr. Cashore to interview Ms. Moraa, as there was no request.

261.   CBC admits that the words quoted in Paragraph 261 appear, among others, in different emails sent by Mr. Cashore.  Except as so admitted, CBC denies each and every

---

[4] CBC states that it does not believe any response is necessary to the allegations in Paragraphs 258-283 of the Complaint because they relate to causes of action that the Court has dismissed.  Nonetheless, in an abundance of caution CBC is answering these factual allegations, but will not respond to the alleged causes of action themselves.

remaining allegation in Paragraph 261 of the Complaint.

262.    CBC denies each and every allegation in Paragraph 262 of the Complaint.

263.    CBC denies each and every allegation in Paragraph 263 of the Complaint.

264.    CBC admits that CBC did not contact Ms. Wiszowaty for some time after September 13.  Except as so admitted, CBC denies the remaining allegations in Paragraph 264.

265.    CBC admits that on November 4, 2021 it contacted Marc and Craig Kielburger. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 265 of the Complaint.

266.    CBC admits that on November 5, 2021 Marc Kielburger responded to Mr. Cashore in an email that contained the words quoted in Paragraph 266, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 266 of the Complaint.

267.    CBC denies the allegations in Paragraph 267 of the Complaint.

268.    CBC admits that on November 9, 2021 Marc Kielburger wrote to Mr. Cashore and Ms. Swain and that his email contained the words quoted in Paragraph 268 of the Complaint, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 268 and, on that basis, denies each and every remaining allegation in Paragraph 268 of the Complaint.

269.    CBC lacks sufficient information to ascertain the truth or falsity of the allegation that on November 11, 2021 it published the words alleged in Paragraph 305 of the Complaint, which the Complaint (including Paragraph 269) calls a "Teaser," and, on that basis, denies that allegation.  CBC also admits that it aired the video that the Complaint characterizes as the "First Promo" on that date.  CBC denies each and every remaining allegation in Paragraph 269 of the

4869-1426-5983v.3 0116066-000002

Complaint.

270.     CBC admits that Mr. Cashore wrote an email to Mr. Kielburger that contained the words quoted in Paragraph 270 of the Complaint.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 270 of the Complaint.

271.     CBC denies each and every allegation in Paragraph 271 of the Complaint.

272.     CBC denies each and every allegation in Paragraph 272 of the Complaint.

273.     CBC admits that Ms. Wiszowaty sent an email to Mr. Cashore that contained the words quoted in Paragraph 273.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 273 regarding where Ms. Wiszowaty lived or was present when she wrote the email.  CBC denies that Ms. Wiszowaty "agreed" to make herself available as alleged in Paragraph 273 of the Complaint.

274.     CBC admits that on November 12 Mr. Cashore and Mr. Kelley responded to Ms. Wiszowaty and their email contained the words alleged in Paragraph 274.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 274 of the Complaint.

275.     CBC admits that Ms. Wiszowaty responded to Mr. Cashore and Mr. Kelley and her email contained the words alleged in Paragraph 275.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 275 of the Complaint.

276.     CBC admits that Mr. Cashore and Mr. Kelley responded to Ms. Wiszowaty and their email contained the words alleged in Paragraph 276.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 276 of the Complaint.

277.     CBC admits that Ms. Wiszowaty responded to Mr. Cashore and Mr. Kelley and her email contained the words alleged in Paragraph 277.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 277 of the Complaint.

278.    CBC admits that Mr. Cashore and Mr. Kelley responded to Ms. Wiszowaty and their email contained the words alleged in Paragraph 278.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 278 of the Complaint.

279.    CBC admits that it conducted in-person interviews, in part, for the February Episode, the November Episode, and a March 7 report on *The National.*  CBC admits that Mr. Kelley did not wear a mask during an interview of Laurie Styron.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 279 of the Complaint.  CBC further states that Paragraph 279's reference to "the height of the pandemic" is too vague to be a capable of a response.

280.    CBC admits that Ms. Wiszowaty responded to Mr. Cashore and Mr. Kelley, that her email contained the words alleged in Paragraph 280, and that she declined to be interviewed. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 280 of the Complaint.

281.    CBC lacks information sufficient to form a belief as to the truth or falsity of Plaintiff and Ms. Wiszowaty's alleged beliefs, and on that basis, denies the allegations in the first sentence of Paragraph 281.  CBC further denies each and every remaining allegation in Paragraph 281 of the Complaint.

282.    CBC denies each and every allegation in Paragraph 282 of the Complaint.

283.    CBC denies each and every allegation in Paragraph 283 of the Complaint.

**B.      Response to The CBC Refused to Wait to Review a Forensic Accounting Report on WE Charity's Financials**

284.    CBC states that the characterization in Paragraph 284 of Mr. Froese as "highly respected" is a vague and non-factual allegation, and is therefore not capable of a response.  CBC denies that "the CBC" trusts Mr. Froese.  CBC admits that one or more of its investigative

journalists have consulted or interviewed Mr. Froese in the course of their work.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 284.

285.    CBC admits that WE Charity Canada released a statement that it attributed to Mr. Froese stating, "We found no evidence of improper financial benefits to the Kielburgers from WE Charity/Free the Children, [ME to WE] or any WE Canada entity."  Except as so admitted, CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 285 of the Complaint and, on that basis, denies each and every allegation in Paragraph 285.

286.    CBC is not responding to the allegations in Paragraph 286 pursuant to N.Y. Civil Rights Law 79-h(b), D.C. Code 16-4702(1), and/or the reporter's privilege recognized by the First Amendment and/or any other applicable law.  CBC reserves the right to amend this response should the privileges and/or other protections recognized by these sources no longer be applicable.

287.    CBC is not responding to the allegations in Paragraph 287 pursuant to N.Y. Civil Rights Law 79-h(b), D.C. Code 16-4702(1), and/or the reporter's privilege recognized by the First Amendment and/or any other applicable law.  CBC reserves the right to amend this response should the privileges and/or other protections recognized by these sources no longer be applicable.

288.    CBC denies that it refused to disclose allegations concerning Plaintiff to Plaintiff. CBC states that it lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 288 of the Complaint and, on that basis, denies each and every remaining allegation in Paragraph 288.

289.    CBC is not responding to the allegations in Paragraph 289 pursuant to N.Y. Civil

38

Rights Law 79-h(b), D.C. Code 16-4702(1), and/or the reporter's privilege recognized by the First Amendment and/or any other applicable law.  CBC reserves the right to amend this response should the privileges and/or other protections recognized by these sources no longer be applicable.

290.    CBC admits that Marc Kielburger sent an e-mail to CBC on November 5, 2021, and that the email contained the words alleged in Paragraph 290, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 290 of the Complaint.

291.    CBC denies the allegation in Paragraph 291 of the Complaint.

292.    CBC admits that Marc Kielburger sent an e-mail to CBC on November 11, 2021, and that the email contained the words alleged in Paragraph 292, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 292 of the Complaint.

293.    CBC admits that Mr. Cashore sent an e-mail to Mr. Kielburger on November 11, 2021.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 293 of the Complaint.

294.    CBC admits that it published the First Promo on November 11.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 294 of the Complaint.

**C.      Response to WE Charity Provided the CBC with a Preliminary Forensic Audit Report Showing That Money Donated for Kenya Was Used by WE Charity for Kenya**

295.    CBC denies each and every allegation in Paragraph 295 of the Complaint.

296.    CBC admits that on November 17, 2021, Ms. Wiszowaty sent an email to Mr. Cashore, Mr. Kelley and Ms. Swain attaching Mr. Froese's "Preliminary Reporting Letter." Except as so admitted, CBC denies each and every remaining allegation in Paragraph 296 of the Complaint.

297.    CBC admits that the "Preliminary Reporting Letter" Ms. Wiszowaty attached

39

contained the words quoted in Paragraph 297, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 297 of the Complaint.

298.    CBC admits that the "Preliminary Reporting Letter" Ms. Wiszowaty attached contained the words alleged in Paragraph 298, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 298 of the Complaint.

299.    CBC admits that it did not respond to Ms. Wiszowaty personally.

300.    CBC denies each and every allegation in Paragraph 300 of the Complaint.

301.    CBC denies each and every allegation in Paragraph 301 of the Complaint, and also refers the Court to its previous denials that the "Preliminary Reporting Letter" reached "conclusions" as alleged by the Complaint.

## X.    RESPONSE TO NOVEMBER 2021 – JANUARY 2022: THE CBC PUBLISHES FALSE AND DEFAMATORY STATEMENTS CONCERNING WE CHARITY

302.    CBC admits that it published the First Promo, Second Promo, Website Postings, Tweet, Article, Newsletter, The Current, the November Episode, the Podcast and the Enquête Episode.  CBC denies that content was published "to significant numbers of United States viewers."  CBC lacks sufficient information to ascertain the truth or falsity of the allegation that on November 11, 2021 it published the Teaser and, on that basis, denies that allegation. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 302 of the Complaint.

303.    CBC denies each and every allegation in Paragraph 303 of the Complaint.

304.    Paragraph 304 is not a factual allegation that requires a response, but to the extent any response is necessary, CBC denies the characterization of the alleged publications as "Defamatory Publications" and denies that any defamed Plaintiff.

### A.    Response to The Teaser

305.    CBC lacks sufficient information to ascertain the truth or falsity of the allegations in Paragraph 305 and, on that basis, denies that allegation.

306.    CBC denies each and every allegation in Paragraph 306 of the Complaint.

**B.      Response to The First Promo**

**i.      Response to The First Promo for the November Episode Falsely Accused WE Charity of Fraud and Deceit**

307.    CBC admits that on November 11, 2021, CBC broadcast the First Promo.  CBC denies that the transcript in Paragraph 307 is accurate.

308.    CBC denies each and every allegation in Paragraph 308 of the Complaint.

309.    CBC denies each and every allegation in Paragraph 309 of the Complaint.

310.    CBC denies each and every allegation in Paragraph 310 of the Complaint.

**ii.      Response to WE Charity Informed the CBC of the Errors in the First Promo**

311.    CBC denies that it published the Tweet on November 11.  CBC admits that it broadcast the First Promo on November 11.

312.    CBC admits that it published the quoted words in Paragraph 312 on its website in reference to an upcoming news documentary.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 312 of the Complaint.

313.    CBC admits that on November 14 Ms. Wiszowaty wrote to Mr. Cashore, Mr. Kelley and Ms. Swain.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 313 of the Complaint.

314.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 314, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 314 of the Complaint.

315.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph

41

315, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 315 of the Complaint.

316.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 316, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 316 of the Complaint.

317.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 317, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 317 of the Complaint.

318.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 318, among others.

319.    CBC admits that it did not respond to Ms. Wiszowaty.  Except as so admitted, CBC denies each and every allegation in Paragraph 319 of the Complaint.

### C.    Response to The Second Promo

#### i.    Response to The Second Promo Again Accused WE Charity of Fraud and Deceit

320.    CBC admits the allegations of Paragraph 320.

321.    CBC denies each and every allegation in Paragraph 321 of the Complaint.

322.    CBC denies each and every allegation in Paragraph 322 of the Complaint.

#### ii.    Response to WE Charity Informed the CBC of the Errors in the Second Promo

323.    CBC admits that on November 17, 2021, Ms. Wiszowaty wrote again to Mr. Cashore, Mr. Kelley and Ms. Swain, that her email addressed the excerpt of an interview with Watson Jordan included in the Second Promo, and that her email contained the words quoted in Paragraph 323, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 323 of the Complaint.

42

324.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 324, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 324 of the Complaint.

325.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 325, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 325 of the Complaint.

326.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 326, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 326 of the Complaint.

327.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 327, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 327 of the Complaint.

328.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 328, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 328 of the Complaint.

329.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 329, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 329 of the Complaint.

330.    CBC admits that Ms. Wiszowaty's email contained the words quoted in Paragraph 330, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 330 of the Complaint.

331.    CBC admits that it did not respond to Ms. Wiszowaty.  Except as so admitted, CBC denies each and every allegation in Paragraph 331 of the Complaint.

  **iii.**   **Response to WE Charity Reminded the CBC That Its False and Defamatory Reporting Would Be Targeting WE Charity in the United States, And the CBC Did Not Disagree**

332. CBC admits that Mr. Kroetsch wrote CBC on November 17, 2021 and that his letter contained the words quoted in Paragraph 332, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 332 of the Complaint.

333. CBC admits that Mr. Kroetsch's letter contained the words quoted in Paragraph 333, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 333 of the Complaint.

334. CBC admits that Mr. Kroetsch's letter contained the words quoted in Paragraph 334, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 334 of the Complaint.

335. CBC admits that Mr. Kroetsch's letter contained the words quoted in Paragraph 335, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 335 of the Complaint.

336. CBC denies each and every allegations in Paragraph 336 of the Complaint.

337. CBC admits that Mr. Kroetsch's letter contained the words quoted in Paragraph 337, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 337 of the Complaint.

338. CBC admits the allegations in Paragraph 338 of the Complaint.

339. CBC denies each and every allegation in Paragraph 339 of the Complaint.

**D.**  **Response to The Website Postings**

340. CBC admits that on or about November 15, 2021 it posted on its website the image that is reproduced in Paragraph 340 of the Complaint.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 340 of the Complaint.

341.    CBC denies the allegation in Paragraph 341 that the photograph of the primary schoolroom is a Plaintiff primary schoolroom.  Except as so denied, CBC admits the allegations of Paragraph 341.

342.    CBC admits that the web posting contained the words quoted in Paragraph 342, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 342 that the quoted words were "underneath" the banner, and states that upon information and belief the quoted words at the time were to the right of the banner and, on that basis, denies that allegation in Paragraph 342 of the Complaint.

343.    CBC denies each and every allegation in Paragraph 343 of the Complaint.

344.    CBC admits that clicking on the banner linked to a landing page for the episode that contained the words quoted in Paragraph 344.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 344 of the Complaint.

**E.      Response to The Tweet**

345.    CBC admits the allegations in Paragraph 345 of the Complaint.

346.    CBC denies the allegations in Paragraph 346 of the Complaint.

**F.      Response to The Article Accused WE Charity of "Routinely" Misleading Donors**

347.    CBC denies that the Article's headline contained the word "mislead", and states that it is "misled."   Except as so denied, CBC admits the allegations of Paragraph 347 of the Complaint.

348.    CBC denies each and every allegation in Paragraph 348 of the Complaint.

349.    CBC admits the allegations in Paragraph 349 of the Complaint.

350.    CBC admits that the Article contained the words quoted in Paragraph 350, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph

45

350 of the Complaint.

351.    CBC admits that the Article contained the words quoted in Paragraph 351, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 351 of the Complaint.

352.    CBC admits that the Article contained the words quoted in Paragraph 352, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 352 of the Complaint.

353.    CBC admits that the Article contained the words quoted in Paragraph 353, among others, that those words came from a letter sent to CBC on November 10, 2021 by Mr. Kroetsch, and that Mr. McDowell's letter contained the words quoted in Paragraph 353, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 353 of the Complaint.

354.    CBC admits that the Article contained the words quoted in Paragraph 354, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 354 of the Complaint.

355.    CBC admits that the Article contained the words quoted in Paragraph 355, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 355 of the Complaint.

356.    CBC admits that the Article contained the words quoted in Paragraph 356, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 356 of the Complaint.

357.    CBC denies each and every allegation in Paragraph 357 of the Complaint.

**G.    Response to The Newsletter**

358.    CBC admits the allegations in Paragraph 358 of the Complaint.

46

359.     CBC admits that the Newsletter contained the words quoted in Paragraph 359, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 359 of the Complaint.

360.     CBC admits the allegations in Paragraph 360 of the Complaint.

361.     CBC denies the allegations in Paragraph 361 of the Complaint.

362.     CBC denies the allegations in Paragraph 362 of the Complaint.

**H.       Response to CBC Radio: *The Current* episode with Matt Galloway**

363.     CBC admits the allegations in Paragraph 363 of the Complaint.

364.     CBC denies the allegations in Paragraph 364 of the Complaint.

365.     CBC admits that *The Current* began with an excerpt of words by Watson Jordan spoken during Mr. Kelley's interview of Mr. Jordan, and that *The Current* contained the words quoted in Paragraph 365, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 365 of the Complaint.

366.      CBC admits that *The Current* contained the words quoted in Paragraph 366, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 366 of the Complaint.

367.     CBC admits that *The Current* contained the words quoted in Paragraph 367, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 367 of the Complaint.

368.     CBC admits that *The Current* contained an excerpt from CBC's interview with Ms. Moraa, and that it contained the words quoted in Paragraph 368, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 368 of the Complaint.

369.     CBC admits that *The Current* contained the words quoted in Paragraph 369, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 369 of

47

the Complaint.

370.    CBC admits that *The Current* contained the words quoted in Paragraph 370, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 370 of the Complaint.

371.    CBC admits that *The Current* contained the words quoted in Paragraph 371, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 371 of the Complaint.

372.    CBC admits that *The Current* contained the words quoted in Paragraph 372, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 372 of the Complaint.

373.    CBC admits that *The Current* contained the words quoted in Paragraph 373, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 373 of the Complaint.

374.    CBC admits that *The Current* contained the words quoted in Paragraph 374, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 374 of the Complaint.

375.    CBC admits that *The Current* contained the words quoted in Paragraph 375, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 375 of the Complaint.

376.    CBC admits that *The Current* contained the words quoted in Paragraph 376, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 376 of the Complaint.[5]

---

[5] CBC further notes that Paragraph 376 is a good example of one of the issues CBC noted in Footnote 2 of its response to Paragraph 57 of the Complaint – accurately transcribing words, but inaccurately adding

48

377.    CBC admits that *The Current* contained the words quoted in Paragraph 377, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 377 of the Complaint.

378.    CBC admits that *The Current* contained the words quoted in Paragraph 378, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 378 of the Complaint.

I.      **Response to The November Episode of The Fifth Estate**

379.    CBC admits that it aired an episode of *The Fifth Estate*, featuring Mr. Kelley, on November 18, 2021 that lasted approximately 60 minutes, including commercials.   CBC further admits that the documentary contained statements that "WE Charity," which it referred to as "a Canadian charity," deceptively represented to multiple donors that each was the sole funder of primary schoolhouses in Kenya.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 379 of the Complaint.

380.    CBC admits the allegations in Paragraph 380 of the Complaint.

381.    CBC admits that the November Episode contained the words quoted in Paragraph 381, among others, and that those words were broadcast at the beginning of the episode.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 381 of the Complaint.

382.    CBC admits that the November Episode contained the words quoted in Paragraph 382, among others.   Except as so admitted, CBC denies each and every remaining allegation in

---

other information such as quotation marks.  While Mr. Kelley's words are quoted accurately, the placement of quotation marks around the phrase "Here is a schoolhouse built in memory of your son" is not accurate.  Mr. Kelley was simply characterizing the gist of the message sent to Mr. Jordan, not quoting anyone *verbatim*.  Indeed, attributing those words as a verbatim quote from some unspecified "they" would make little sense.  By contrast, in Paragraph 372, similar words Mr. Kelley spoke characterizing the gist of messages sent to other donors (This is the schoolhouse you funded) are not transcribed with quotation marks, and correctly so.

49

Paragraph 382 of the Complaint.

383.    CBC admits that the November Episode contained the words quoted in Paragraph 383, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 383 of the Complaint.

384.    CBC admits that the November Episode contained the words quoted in Paragraph 384, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 384 of the Complaint.

385.    CBC admits that the November Episode contained the words quoted in Paragraph 385, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 385 of the Complaint.

386.    CBC admits that the November Episode contained the words quoted in Paragraph 386, among others, and that the episode reported that "WE Charity" (as defined in CBC's response to Paragraph 379) misled some of its donors.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 386 of the Complaint.

387.    CBC admits that the November Episode contained the words quoted in Paragraph 387, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 387 of the Complaint.

388.    CBC admits that the November Episode contained the words quoted in Paragraph 388, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 388 of the Complaint.

389.    CBC admits that the November Episode contained the words quoted in Paragraph 389, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 389 of the Complaint.

390.    CBC admits that the November Episode contained the words quoted in Paragraph 390, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 390 of the Complaint.

391.    CBC admits that the November Episode contained the words quoted in Paragraph 391, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 391 of the Complaint.

392.    CBC admits that the November Episode contained the words quoted in Paragraph 392, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 392 of the Complaint.

393.    CBC admits that the November Episode contained the words quoted in Paragraph 393, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 393 of the Complaint.

394.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 394 and, on that basis, denies each and every allegation in Paragraph 394 of the Complaint.

395.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 395 and, on that basis, denies each and every allegation in Paragraph 395 of the Complaint.

396.    CBC admits that on June 15, 2021 and November 1, 2021 Mr. Fenlon posted about CBC's decision to disable public commenting on CBC-branded Facebook pages, and that the latter article included the words quoted in Paragraph 396 of the Complaint.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 396 of the Complaint.

397.    CBC admits that it disabled comments on Facebook when posting the November

51

episode and that it did not disable public comments when it posted the November Episode on YouTube.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 397.

398.    CBC admits that Mr. Kroetsch wrote to CBC on February 2, 2022 and that his letter contained the words quoted in Paragraph 398, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 398 of the Complaint.

399.    CBC admits the allegations in the first sentence of Paragraph 399.  To the extent the second sentence of Paragraph 399 is intended to imply some connection between the first and second sentences of Paragraph 399 ("Yet") CBC denies any such connection.  CBC further states that it lacks information sufficient to form a belief as to the truth or falsity of the number of alleged comments as of February 8, 2022, and, on that basis, denies that allegation in the second sentence of Paragraph 399 of the Complaint.

**J.      The Podcast**

400.    CBC admits that on November 24, 2021 it published the Podcast on Apple, Spotify, and other podcasting services.  CBC admits that Mark Kelley was interviewed about *The Fifth Estate*'s reporting, including his experiences with that reporting, among other topics. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 400 of the Complaint.

401.    CBC admits the allegations in Paragraph 401 of the Complaint.

402.    CBC admits that the Podcast contained the words quoted in Paragraph 402, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 402 of the Complaint.

403.    CBC admits that the Podcast contained the words quoted in Paragraph 403, among others.  Except as so admitted, CBC denies each and every remaining allegation in

Paragraph 403 of the Complaint.

404.    CBC admits that the Podcast contained the words quoted in Paragraph 404, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 404 of the Complaint.

405.    CBC admits that the Podcast contained the words quoted in Paragraph 405, among others, and admits that Mr. Kelley said that Watson Jordan was deceived.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 405 of the Complaint.

406.    CBC denies each and every allegation in Paragraph 406 of the Complaint.

407.    CBC admits that the Podcast contained the words quoted in Paragraph 407, among others, and admits that Mr. Kelley said that CBC collected substantial evidence of donors who were told they fully funded specific primary schoolhouses.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 407 of the Complaint.

408.    CBC admits that the Podcast contained the words quoted in Paragraph 408, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 408 of the Complaint.

409.    CBC admits that the Podcast contained the words quoted in Paragraph 409, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 409 of the Complaint.

410.    CBC admits that the Podcast contained the words quoted in Paragraph 410, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 410 of the Complaint.

### K.    Response to The Enquête Episode

411.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 411 as to whether or when Plaintiff learned about the *Enquête* episode

and, on that basis, denies those allegations in Paragraph 411.  CBC admits that it did not inform Plaintiff of its plans to broadcast that episode or ask for its comments with respect to that episode.

412.    CBC denies that *Enquête* is the equivalent of *The Fifth Estate* and denies that CBC is referred to in French as Ici Radio-Canada Tele.  CBC admits the remaining allegations in Paragraph 412 of the Complaint.

413.    CBC admits the allegations in Paragraph 413 of the Complaint.

414.     CBC admits that Mr. Kroetsch wrote to Ms. Germani on January 27, 2021 and that his letter contained the words quoted in Paragraph 414, among others.

415.    CBC admits the allegations in Paragraph 415 of the Complaint.

416.    CBC admits the allegations in Paragraph 416 of the Complaint.

417.    CBC admits that most of the *Enquête* episode was a French translation of corresponding portions of the November Episode.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 417 of the Complaint..

418.    CBC admits that the broadcast began with a short introduction by *Enquête*'s host, Ms. Denis.  CBC has not yet analyzed the accuracy of the translation set forth in Paragraph 418, and, on that basis, denies each and every remaining allegation in Paragraph 418.

419.    CBC admits that the *Enquête* episode is shorter than the November Episode and does not contain some of the content of the November Episode.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 419 of the Complaint.

420.    CBC admits the statements by Mr. Kelley identified in Paragraph 420 of the Complaint do not appear in the *Enquête* episode.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 420 of the Complaint.

421.    CBC denies each and every allegation in Paragraph 421 of the Complaint.

422.    CBC denies each and every allegation in Paragraph 422 of the Complaint.

423.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 423 and, on that basis, denies each and every allegation in Paragraph 423.

## XI.    RESPONSE TO THE CBC PUBLISHED THE CORE ALLEGATIONS IN THE DEFAMATORY PUBLICATIONS WITH KNOWLEDGE OF OR IN RECKLESS DISREGARD OF THEIR FALSITY

424.    CBC denies each and every allegation in Paragraph 424 of the Complaint.

425.    CBC denies each and every allegation in Paragraph 425 of the Complaint.

426.    CBC denies each and every allegation in Paragraph 426 of the Complaint.

427.    CBC denies each and every allegation in Paragraph 427 of the Complaint.

### A.    Response to The CBC Falsely Accused WE Charity of Defrauding Its Donors by Diverting Funds Donated for Use in Kenya.

#### i.    Response to The CBC Intended to Tell Its Audience That WE Charity Defrauded Donors by Diverting Funds Donated for Kenya

428.    CBC denies each and every allegation in Paragraph 428 of the Complaint.

429.    CBC admits that the November Episode includes the words quoted in Paragraph 429, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 429 of the Complaint.

430.    CBC admits that the November Episode includes the words quoted in Paragraph 430, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 430 of the Complaint.

431.    CBC denies each and every allegation in Paragraph 431 of the Complaint.

432.    CBC admits that the Article includes the words quoted in Paragraph 432, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph

432 of the Complaint.

433.    CBC admits that the November Episode included the words quoted in Paragraph 433, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 433 of the Complaint.

434.    CBC admits that when Mr. Kelley interviewed Governor Tunai he spoke the words quoted in Paragraph 434, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 434 of the Complaint.

435.    CBC admits that the Website Postings, the First Promo and the Tweet contained the words quoted in Paragraph 435, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 435 of the Complaint.

436.    CBC admits that Mr. McDowell's letter contained the words quoted in Paragraph 436, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 436 of the Complaint.

437.    CBC admits that a letter to Mr. McDowell by CBC's in-house counsel Ms. Germani contained the words quoted in Paragraph 437.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 437 of the Complaint.

### ii.    Response to The CBC Knew That It Was False to Report that WE Charity Diverted Funds Donated for Use in Kenya to Other Purposes

438.    CBC denies each and every allegation in Paragraph 438 of the Complaint.

439.    CBC admits that Mr. McDowell's letter contained the words quoted in Paragraph 439, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 439 of the Complaint.

440.    CBC denies each and every allegation in Paragraph 440 of the Complaint.

441.    CBC denies each and every allegation in Paragraph 441 of the Complaint.

442.   CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 442 and, on that basis, denies each and every allegation in Paragraph 442.

443.   CBC admits that a letter from Mr. McDowell on November 10, 2021, contained the words quoted in Paragraph 443, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 443 of the Complaint.

444.   CBC admits that a letter from Mr. McDowell on November 10, 2021, contained the words quoted in Paragraph 444, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 444 of the Complaint.

445.   CBC denies each and every allegation in Paragraph 445 of the Complaint.

   **iii.    Response to The CBC Reported that WE Charity Hired a Forensic Auditor but Misleadingly Omitted the Content of His Report to Falsely Indicate That WE Charity Saw Merit in the CBC's Claims**

446.   CBC admits that the November Episode contained the words quoted in Paragraph 446, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 446 of the Complaint.

447.   CBC denies each and every allegation in Paragraph 447 of the Complaint.

448.   CBC denies each and every allegation in Paragraph 448 of the Complaint.

**B.    Response to The CBC Falsely Reported That WE Charity's Own Forensic Auditor Confirmed That WE Charity Diverted $29 Million Raised for Kenya to Use for Canada Instead**

449.   CBC denies each and every allegation in Paragraph 449 of the Complaint.

450.   CBC denies each and every allegation in Paragraph 450 of the Complaint.

451.   CBC admits that a "Preliminary Reporting Letter" with Mr. Froese's signature contained the words quoted in Paragraph 451, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 451 of the Complaint.

57

452.    CBC admits that a "Preliminary Reporting Letter" contained the words quoted in Paragraph 452, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 452 of the Complaint.

453.    CBC denies each and every allegation in Paragraph 453 of the Complaint.

454.    CBC denies each and every allegation in Paragraph 454 of the Complaint.

455.    CBC admits that the Article contained the words quoted in Paragraph 455, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 455 of the Complaint.

456.    CBC denies each and every allegation in Paragraph 456 of the Complaint.

457.    CBC admits that two postings under Ms. McKenna's link to the Article contained the words quoted in Paragraph 457, among others.  Except as so admitted, CBC denies the allegations of Paragraph 457 of the Complaint.

458.    CBC admits that Ms. Wiszowaty sent an email to Mr. Cashore, Mr. Kelley and Ms. Swain on November 18, 2021 that contained the words quoted in Paragraph 458, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 458 of the Complaint.

459.    CBC admits the allegations in Paragraph 459 of the Complaint.

460.    CBC admits that Ms. Wiszowaty sent an email that contained the words quoted in Paragraph 460, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 460 of the Complaint.

461.    CBC admits that no one at CBC responded to Ms. Wiszowaty's email referenced in Paragraph 461.  Except as so admitted, CBC denies each and every allegation in Paragraph 461 of the Complaint.

4869-1426-5983v.3 0116066-000002

462.    CBC admits that the Article was updated on November 21, 2021.  Except as so admitted, CBC denies each and every allegation in Paragraph 462 of the Complaint.

463.    CBC denies each and every allegation in Paragraph 463 of the Complaint.

**C.    Response to The CBC Falsely Claimed That WE Charity's Own Count Showed That It Funded Only 360 Schoolrooms in Kenya When the CBC Knew the Correct Figure Was 852**

464.    CBC denies each and every allegation in Paragraph 464 of the Complaint.

465.    CBC admits that the publications referenced in sub-paragraphs (a-e) of Paragraph 465 contain the words quoted in Paragraph 465.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 465 of the Complaint.

466.    CBC denies each and every allegation in Paragraph 466 of the Complaint.

467.    CBC admits that the April 2021 submission to Parliament sent by Mr. McDowell included the words quoted in Paragraph 467, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 467 of the Complaint.

468.    CBC denies each and every allegation in Paragraph 468 of the Complaint.

469.    CBC denies each and every allegation in Paragraph 469 of the Complaint.

470.    CBC admits that an August 16, 2021 email from Dalal Al-Waheidi included the words quoted in Paragraph 470, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 470 of the Complaint.

471.    CBC admits that the email referenced in Paragraph 471 included the words quoted in Paragraph 471, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 471.

472.    CBC denies each and every allegation in Paragraph 472 of the Complaint.

473.    CBC denies each and every allegation in Paragraph 473 of the Complaint.

474.    CBC denies each and every allegation in Paragraph 474 of the Complaint.

59

475.     CBC denies each and every allegation in Paragraph 475 of the Complaint.

476.     CBC admits that Mr. Kelley said the words quoted in Paragraph 476 on the Podcast, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 476 of the Complaint.

**D.      Response to The CBC Falsely Claimed That WE Charity "Inflated" Its School Count by Counting Latrines as Schoolrooms**

477.     CBC denies each and every allegation in Paragraph 477 of the Complaint.

478.     CBC denies each and every allegation in Paragraph 478 of the Complaint.

479.     CBC admits that a September 11, 2021 email from Ms. Wiszowaty to Mr. Cashore included the words quoted in Paragraph 479, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 479 and, on that basis, denies each and every remaining allegation in Paragraph 479.

480.     CBC denies each and every allegation in Paragraph 480 of the Complaint.

481.     CBC admits that during her September interview the words that Mr. Kelley asked Ms. Moraa, and vice-versa, included those quoted in Paragraph 481, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 481 of the Complaint.

482.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations about Plaintiff's alleged "concern" and the reasons for Ms. Moraa's email, and, on that basis, denies those allegations in Paragraph 482.  CBC admits that Ms. Moraa wrote to Mr. Cashore and Mr. Kelley on September 22, 2021 and that her correspondence included the words quoted in Paragraph 482, among others.

483.     CBC admits that *The Current* included the words quoted in Paragraph 483, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 483 of the Complaint.

60

484.    CBC admits that a November 18, 2021 email from Ms. Wiszowaty to Mr. Cashore, Mr. Kelley and Ms. Swain  included the words quoted in Paragraph 484, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 484 of the Complaint.

485.    CBC admits that the November Episode included the words quoted in Paragraph 485, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 485 of the Complaint.

486.    CBC denies each and every allegation in Paragraph 486 of the Complaint.

487.    CBC denies each and every allegation in Paragraph 487 of the Complaint.

**E.    Response to The CBC Falsely Underreported the Number of Schoolrooms in Each of Six Kenyan Communities That Its Reporters Visited**

488.    CBC admits that CBC reporters visited the communities alleged in September 2021, and denies they did so "in the November Episode."  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 488 of the Complaint.

489.    CBC admits that in each of these communities CBC stated that it counted far fewer primary schoolrooms on the ground than were fully funded.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 489 of the Complaint.[6]

490.    CBC denies each and every allegation in Paragraph 490 of the Complaint.

---

[6] For the avoidance of any doubt, CBC notes that it specifically denies that Plaintiff generally uses the term "schoolroom," "schoolhouse" and "school" as Plaintiff uses those terms in the Complaint.  CBC also denies that CBC provided no basis in its coverage or communications to suggest that it views the terms differently than the way Plaintiff used them in the Complaint.  CBC further denies that it provided no basis to suggest that Plaintiff has always viewed those terms differently than the way they are used in the Complaint.  Thus, where CBC generally denies allegations made in other paragraphs in the Complaint that use the term "school," "schoolhouse" or "schoolroom," those denials include, but are not limited to, denying allegations because they are premised on the Complaint's same misleading use of those terms.  And where it is necessary for CBC to specifically respond to one of Plaintiff's allegations regarding its alleged construction of "schoolrooms," CBC generally uses the term "educational structures" in this Answer - a term that representatives of various WE Organization entities have also used (*see, e.g.,* Compl. ¶ 491), and which CBC maintains does not mean the same thing as "school," schoolhouse," or "schoolroom" as those words have historically been used by Plaintiff.

491.    CBC admits that on September 11, 2021, Ms. Wiszowaty emailed maps that purported to show educational structures in each of 30 communities in Kenya, and that her email contained the words quoted in Paragraph 491.  CBC lacks sufficient information to ascertain the truth or falsity of whether those maps accurately depict educational structures built in each of those 30 communities, and, on that basis, denies that allegation.  CBC denies the remaining allegations in Paragraph 491 of the Complaint.

492.    CBC admits that it did not tell viewers that Ms. Wiszowaty e-mailed maps to it purporting to identify all educational structures in 30 communities, or that Ms. Al-Waheidi informed CBC that photographs of educational structures were available on the website of the WE Charity Foundation, a Canadian non-profit entity.  To the extent Paragraph 492 alleges that the maps and photos accurately depict educational structures built in each of those 30 communities, CBC lacks information sufficient to form a belief as to the truth or falsity of that allegation and, on that basis, denies it.  CBC denies the remaining allegations in Paragraph 492 of the Complaint.

493.    CBC denies each and every allegation in Paragraph 493 of the Complaint.

494.    CBC admits that the November Episode included the words quoted in Paragraph 494, among others, and that it included the graphic displayed in Paragraph 494, among other graphics.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 494 of the Complaint.

i.    **Response to The CBC Misrepresented the Number of Schoolrooms in Pimbiniet**

495.    CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 495.  CBC also admits that the total listed at the bottom of the map (56) does not count government construction and latrines.  CBC lacks information sufficient to form a belief as to the

truth or falsity of whether the map accurately depicts educational structures built in Pimbiniet, and, on that basis, denies that allegation. CBC denies each and every remaining allegation in Paragraph 495 of the Complaint.

496. CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 496 prior to the publication of the Challenged Publications. CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Pimbiniet, and, on that basis, denies that allegation. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 496 of the Complaint.

## ii. Response to The CBC Misrepresented the Number of Schoolrooms in Irkaat

497. The Complaint does not contain a Paragraph 497.

498. CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 498. CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Irkaat, and, on that basis, denies that allegation. CBC denies each and every remaining allegation in Paragraph 498 of the Complaint.

499. CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 499. CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Irkaat, and, on that basis, denies that allegation. CBC denies each and every remaining allegation in Paragraph 499 of the Complaint.

## iii. Response to The CBC Misrepresented the Number of Schoolrooms in Rongena

500. CBC admits that the November Episode contained the words quoted in Paragraph 500, among others. CBC denies that Mr. Kelley spoke those words while he was in Rongena.

501. CBC denies each and every allegation in Paragraph 501 of the Complaint.

502. CBC admits that Ms. Wiszowaty provided it with a map of Rongena prior to the

publication of the Challenged Publications, purporting to show the location of each educational structure.  CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Rongena, and, on that basis, denies that allegation.  CBC denies each and every remaining allegation in Paragraph 502 of the Complaint.

> **iv.     Response To The CBC Misrepresented the Number of Schoolrooms in Sikirar**

503.     CBC admits that the November Episode contained the words quoted in Paragraph 503, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 503 of the Complaint.

504.     The complaint does not contain a Paragraph 504.

505.     CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 505.  CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Sikirar and, on that basis, denies that allegation.  CBC denies each and every remaining allegation in Paragraph 505 of the Complaint.

506.     CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 506 prior to the publication of the Challenged Publications.  CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Sikirar and, on that basis, denies that allegation.  CBC admits the allegations in the single-spaced, indented paragraph within Paragraph 506 and that it showed the graphic displayed.  CBC denies each and every remaining allegation in Paragraph 506 of the Complaint.

> **v.      Response to The CBC Misrepresented the Number of Schoolrooms in Eor Ewuaso**

507.     CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 507.  CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Eor Ewuaso and, on that basis, denies that

allegation.  CBC denies each and every remaining allegation in Paragraph 507 of the Complaint.

508.    CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 507 prior to the publication of the Challenged Publications.  CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Eor Ewuaso and, on that basis, denies that allegation.  CBC denies each and every remaining allegation in Paragraph 508 of the Complaint.

### vi.    Response to The CBC Misrepresented the Number of Schoolrooms in Mwangaza

509.    The Complaint does not contain a Paragraph 509.

510.    CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 510.  CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Mwangaza and, on that basis, denies that allegation.  Except as so admitted, CBC denies each and every allegation in Paragraph 510 of the Complaint.

511.    CBC admits that Ms. Wiszowaty provided it with the map displayed in Paragraph 511 prior to the publication of the Challenged Publications.  CBC lacks information sufficient to form a belief as to the truth or falsity of whether the map accurately depicts educational structures built in Mwangaza and, on that basis, denies that allegation.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 511 of the Complaint.

### vii.    Response to The CBC Fabricated a WE Charity Response to the CBC's Counts of Schoolrooms in Kenyan Communities

512.    CBC admits the allegations in Paragraph 512 of the Complaint.

513.    CBC denies each and every allegation in Paragraph 513 of the Complaint.

514.    As Paragraph 514 is premised on the denied allegations of Paragraph 513, CBC denies each and every allegation in Paragraph 514 of the Complaint.

4869-1426-5983v.3 0116066-000002

515.   CBC denies each and every allegation in Paragraph 515 of the Complaint, including to the extent they are premised on the denied allegations of Paragraphs 513 and 514.

516.   CBC denies each and every allegation in Paragraph 516 of the Complaint.

**F.   Response to The CBC Misrepresented WE Charity's Donors as Publicly Stating That They "Fully Funded" Over 900 Primary Schools in Kenya**

517.   CBC denies each and every allegation in Paragraph 517 of the Complaint.

518.   CBC admits that the November Episode contained the words quoted in Paragraph 518, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 518 of the Complaint.

519.   CBC admits that the Podcast contained the words quoted in Paragraph 519, among others.

520.   CBC admits that the Newsletter contained the words quoted in Paragraph 520, among others.

521.   CBC admits that the Article contained the words quoted in Paragraph 521, among others.

522.   CBC denies each and every allegation in Paragraph 522 of the Complaint.

**i.   Response to The CBC Knew from Prior Experience That It Would be Reckless at Best to Rely on Online Postings to Accuse WE Charity of Double-Funding Projects in Kenya**

523.   CBC admits that the November Episode contained the words quoted in Paragraph 523, among others, and that those words described some of the methods CBC used to arrive at its conclusion that donors believed they had fully funded more than 900 primary schoolhouses in Kenya.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 523 of the Complaint.

524.   CBC denies each and every allegation in Paragraph 524 of the Complaint.

66

525.     CBC states that Paragraph 525 is vague as to which "donors" to Plaintiff it purports to reference.  CBC therefore lacks sufficient information to ascertain the truth or falsity of the allegations in Paragraph 525 and, on that basis, denies each and every allegation in Paragraph 525 of the Complaint.

526.     CBC denies each and every allegation in Paragraph 526 of the Complaint.

527.     CBC denies each and every allegation in Paragraph 527 of the Complaint.

**ii.      Response to The CBC Knew That Social Media Postings Were Inherently Unreliable and Easily Misinterpreted but Refused to Verify Its Allegations with WE Charity**

528.     To the extent that Paragraph 528 appears to refer to a November 10, 2021 letter from Mr. McDowell quoted in Paragraphs 529-532, CBC admits that Mr. McDowell asserted that his client could provide information which he maintained could verify the accuracy of aspects of CBC's reporting.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 528 of the Complaint.

529.     CBC admits that Mr. McDowell's November 10, 2021 letter to CBC contained the words quoted in Paragraph 529, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 529 of the Complaint.

530.     CBC admits that Mr. McDowell's November 10, 2021 letter to CBC contained the words quoted in Paragraph 530, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 530 of the Complaint.

531.     CBC admits that Mr. McDowell's November 10, 2021 letter to CBC contained the words quoted in Paragraph 531, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 531 of the Complaint.

532.     CBC admits that Mr. McDowell's November 10, 2021 letter to CBC contained the words quoted in Paragraph 532, among others.  Except as so admitted, CBC denies each and

every remaining allegation in Paragraph 532 of the Complaint.

533.    CBC denies each and every allegation in Paragraph 533 of the Complaint.

534.    CBC admits that a woman who founded a non-profit-organization wrote an email to Mr. Cashore in August 2021 that contained the words quoted in Paragraph 534, among others. CBC lacks sufficient knowledge to ascertain the truth or falsity of whether the woman and/or the organization are donors to Plaintiff, and, on that basis denies that allegation in Paragraph 534. CBC denies each and every remaining allegation in Paragraph 534 of the Complaint.

535.    CBC states that Paragraph 535 is vague as to which "other donors" to Plaintiff and "online statements" it purports to reference.  CBC therefore lacks sufficient information to ascertain the truth or falsity of the allegations in Paragraph 535 and, on that basis, denies each and every allegation in Paragraph 535 of the Complaint.

536.    CBC admits that on November 1, 2021, CBC News Editor Brodie Fenlon announced on CBC's website that it would be permanently closing CBC-branded Facebook pages in News, Current Affairs and Local to comments.  CBC admits that the words quoted in Paragraph 536 were contained within Mr. Fenlon's blog post, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 536 of the Complaint.

537.    CBC denies each and every allegation in Paragraph 537 of the Complaint.

538.    CBC admits that its JSPs contain the words quoted in Paragraph 538, among others.

539.    CBC admits that its JSPs contain the words quoted in Paragraph 539, among others.

540.    CBC admits that its JSPs contain the words quoted in Paragraph 540, among others.  Except as so admitted, CBC denies the remaining allegations of Paragraph 540.

68

541.    CBC admits that its JSPs contain the words quoted in Paragraph 541, among others, and that one of CBC's JSPs within the category of "Use of Social Media" is titled, "Verification of User Generated Content (UGC) in News Stories."  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 541 of the Complaint.

542.    CBC denies each and every allegation in Paragraph 542 of the Complaint.

543.    CBC denies each and every allegation in Paragraph 543 of the Complaint.

544.    CBC denies each and every allegation in Paragraph 544 of the Complaint.

545.    CBC admits that on November 4, 2021, Mr. Cashore wrote to Marc and Craig Kielburger, copying Diana Swain, *The Fifth Estate*'s Executive Producer, and that his email contained the words quoted in Paragraph 545.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 545 of the Complaint.

546.    CBC admits that Marc Kielburger wrote an email that contained the words quoted in Paragraph 546, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 546 of the Complaint.

547.    CBC denies each and every allegation in Paragraph 547 of the Complaint.

### iii.    Response to The CBC Claimed that Donors Believed They Fully Funded Schoolrooms Even When the Donors Told Them That Was Wrong

548.    CBC denies each and every allegation in Paragraph 548 of the Complaint.

549.    CBC denies each and every allegation in Paragraph 549 of the Complaint.

550.    CBC states that Paragraph 550 is vague as to which "donors" to Plaintiff it purports to reference.  CBC therefore lacks sufficient information to ascertain the truth or falsity of the allegations in Paragraph 550 and, on that basis, denies each and every allegation in Paragraph 550 of the Complaint.

551.    CBC denies that all the donors referenced either generally or specifically in

69

Paragraph 551 were donors to Plaintiff.  Except as so denied, CBC admits the allegations of Paragraph 551.

552.    CBC admits that it received a letter containing the words quoted in Paragraph 552, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 552 of the Complaint.

553.    CBC admits that its March 8, 2021 article included the words quoted in Paragraph 553, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 553 of the Complaint.

554.    CBC admits that Ms. Ghorbani wrote to Mr. Cashore and that CBC included in its counts at least 12 primary schools funded by Ms. Ghorbani and/or Pledge to Humanity.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 554 of the Complaint.

555.    CBC denies each and every allegation in Paragraph 555 of the Complaint.

556.    CBC denies each and every allegation in Paragraph 556 of the Complaint.

iv.        **Response to The CBC Knew of Specific Instances in Which It Had Misinterpreted Online and Social Media Postings Regarding WE Charity's Education Projects in Kenya**

557.    CBC denies each and every allegation in Paragraph 557 of the Complaint.

558.    CBC admits that the Article contained the words quoted in the first sentence of Paragraph 558, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 558 of the Complaint.

559.    CBC denies each and every allegation in Paragraph 559 of the Complaint.

560.    CBC admits that on September 3, 2021 Mr. Cashore wrote to Kim Plewes and that his email contained the words quoted in Paragraph 560, among others.  CBC lacks information sufficient to ascertain the truth or falsity of the allegation that Ms. Plewes was

70

employed by Plaintiff, and on that basis denies each and every remaining allegation in Paragraph 560 of the Complaint.

561.    CBC admits that Mr. Cashore, in his email referenced in Paragraph 560, did not share with Ms. Plewes the written statement to which the email referred.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 561 of the Complaint.

562.    CBC admits that on September 11, 2021, Ms. Plewes responded to Mr. Cashore and that her email contained the words quoted in Paragraph 562, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 562 of the Complaint.

563.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 563 and, on that basis, denies each and every allegation in Paragraph 563.

564.    CBC admits that Ms. Al-Waheidi e-mailed Mr. Cashore and Ms. Swain to further discuss the subject of Mr. Cashore's email to Ms. Plewes.  Except as so admitted, CBC denies the  remaining allegations in Paragraph 564 of the Complaint.

565.    CBC admits that Ms. Al-Waheidi's email contained the words quoted in Paragraph 565, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 565 of the Complaint.

566.    CBC denies each and every allegation in Paragraph 566 of the Complaint.

567.    CBC admits that Ms. Al-Waheidi's email contained the words quoted in Paragraph 567, among others.  Except as so admitted, CBC denies the remaining allegations in Paragraph 567 of the Complaint.

568.    CBC admits that Ms. Al-Waheidi's email contained the words quoted in Paragraph 568, among others.   CBC lacks information sufficient to form a belief as to the truth

4869-1426-5983v.3 0116066-000002

or falsity of the allegations in Paragraph 568 and, on that basis, denies each and every remaining allegation in Paragraph 568.

569.   CBC admits that Ms. Al-Waheidi's email contained the words quoted in Paragraph 569, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 569 and, on that basis, denies each and every remaining allegation in Paragraph 569.

570.   CBC admits that Mr. Cashore responded to Ms. Al-Waheidi and that his email contained the words quoted in Paragraph 570, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 570 of the Complaint.

571.   CBC admits that Ms. Al-Waheidi's response contained the words quoted in Paragraph 571, among others.

572.   CBC admits that Ms. Al-Waheidi's email contained the words quoted in Paragraph 572, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 572 and, on that basis, denies each and every remaining allegation in Paragraph 572.

573.   CBC denies each and every allegation in Paragraph 573 of the Complaint.

574.   CBC denies each and every allegation in Paragraph 574 of the Complaint.

> ### v.   Response to The CBC's Failure to Show Its Readers and Viewers the Social Media Statements on Which It Allegedly Relied Is Evidence of the CBC's Actual Malice

575.   CBC denies each and every allegation in Paragraph 575 of the Complaint.

576.   CBC denies each and every allegation in Paragraph 576 of the Complaint.

577.   CBC denies each and every allegation in Paragraph 577 of the Complaint.

### G.   Response to The CBC Falsely Claimed That WE Charity Told Multiple Donors They Each Fully Funded the Same Schoolrooms in Kenya

578.    CBC admits that it reported that Watson Jordan and a Canadian school group that included Rukshan de Silva were informed that they fully funded specific primary schoolrooms in villages in Kenya, that other persons and/or organizations were also told they had fully funded specific primary schoolrooms in Kenya, and that Mr. Jordan and Mr. de Silva were deceived. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 578 of the Complaint.

579.    CBC admits that the Newsletter contained the words quoted in Paragraph 579, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 579 of the Complaint.

580.    CBC denies each and every allegation in Paragraph 580 of the Complaint.

581.    CBC denies each and every allegation in Paragraph 581 of the Complaint.

### i.    Response to The CBC Falsely Accused WE Charity of Deceiving Donor Watson Jordan

582.    CBC admits the allegation in the first sentence of Paragraph 582.  CBC admits the title is a reference to multiple persons and/or organizations having been told that they fully funded the same primary schoolhouses in Irkaat and that Watson Jordan was a deceived individual who appeared in the November Episode.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 582 that Mr. Jordan was a donor to Plaintiff and, on that basis, denies that allegation in Paragraph 582.  CBC denies each and every remaining allegation in Paragraph 582 of the Complaint.

583.    CBC denies each and every allegation in Paragraph 583 of the Complaint.

584.    CBC admits that the Challenged Publications referenced in subparagraphs a-f of Paragraph 584 contained the words quoted in those sub-paragraphs, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 584 of the Complaint.

585.     CBC denies each and every allegation in Paragraph 585 of the Complaint.

586.     CBC denies each and every allegation in Paragraph 586 of the Complaint.

587.     CBC admits that Exhibit O purports to provide updates on each of the five pillars of development in Irkaat identified in Paragraph 587.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 587 of the Complaint.

588.     CBC admits that Exhibit O does not contain the specific words "Here is the schoolhouse built in memory of your son."  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 588 of the Complaint.

589.     CBC admits that in covering each of the five pillars of development in Irkaat, Exhibit O describes and includes photos of multiple projects other than the primary school. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 589 of the Complaint.

590.     CBC admits that Mr. Jordan was sent an email that included the words quoted in Paragraph 590, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 590 of the Complaint.

591.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 591 and, on that basis, denies each and every allegation in Paragraph 591.

592.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 592 relating to what donors allegedly received and, on that basis, denies those allegations in Paragraph 592.  CBC further denies each and every remaining allegation in Paragraph 592 of the Complaint.

593.     CBC admits that Mr. Jordan was sent an email in 2016 that included the words

74

quoted in Paragraph 593, among others, and that it referenced the construction of classrooms in Irkaat.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 593 of the Complaint.

594.    CBC admits that Exhibit O contains the words quoted in Paragraph 594, among others.  Except as so admitted, CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 594 and, on that basis, denies each and every remaining allegation in Paragraph 594.

595.    CBC denies each and very allegation in Paragraph 595 of the Complaint.

596.    CBC admits that it had access to emails sent to Mr. Jordan.  CBC further states that it lacks sufficient information to ascertain the truth or falsity of the allegation that it had access to emails allegedly containing Exs. N & P because it is not certain which emails that allegation is referring to and whether such emails, if any, were sent by Plaintiff, and, on that basis, CBC denies that allegation.  CBC denies the remaining allegations in Paragraph 596 of the Complaint.

597.    CBC admits the allegation in the first sentence of Paragraph 597, admits that Mr. Jordan refers to a collective donation to "WE Charity" (as stated in the book), that Jordan's book never uses the words "Schoolhouse Number Four", and that it contains the words quoted in Paragraph 597, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 597 of the Complaint.

598.    CBC admits the allegations in Paragraph 598 of the Complaint.

599.    CBC admits that it was aware of Mr. Jordan's book prior to publishing the Challenged Statements.  CBC further states that the allegation in Paragraph 599 is vague as to which "CBC reporters" it is referring to and is therefore not capable of a response.  To the extent

any response is necessary, because CBC lacks information about which reporters it is referring to, it lacks information sufficient to ascertain the truth or falsity of the allegation regarding "CBC reporters" and, on that basis, denies that allegation in Paragraph 599.

600.     CBC denies each and every allegation in Paragraph 600 of the Complaint.

### ii.     Response to The CBC Falsely Accused WE Charity of Deceiving Donors Rukshan de Silva and Iroquois Ridge High School

601.     CBC denies each and every allegation in Paragraph 601 of the Complaint.

602.     CBC denies each and every allegation in Paragraph 602 of the Complaint.

603.     CBC denies the allegations in Paragraph 603 of the Complaint.

604.     CBC admits that the November Episode shows Mr. Kelley standing in Pimbiniet, Kenya and saying the words quoted in Paragraph 604, among others.

605.     CBC admits that the November Episode shows Mr. Kelley talking with Mr. de Silva via videoconference and the Episode contains the words quoted in Paragraph 605, among others.  CBC also states that its information and belief is that Mr. de Silva resides in Sydney, Australia.

606.     CBC admits that the November Episode includes Mr. Kelley saying the words quoted in Paragraph 606, among others.

607.     CBC admits that the November Episode includes Mr. Kelley and Mr. de Silva saying the words quoted in Paragraph 607, among others.

608.     CBC admits that the November Episode includes Mr. Kelley and Mr. de Silva saying the words quoted in Paragraph 608, among others.

609.     CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations related to "schoolrooms" that never bore an "MPCH" symbol and, on that basis, denies those allegations in Paragraph 609.  CBC denies each and every remaining allegation in

Paragraph 609 of the Complaint.

610.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff did not tell Mr. de Silva that he fully funded the primary schoolroom, and, on that basis, denies that allegation in Paragraph 610.   CBC denies each and every remaining allegation in Paragraph 610 of the Complaint.

611.    CBC admits that when Mr. de Silva visited Pimbiniet in 2013 there were no staff from Plaintiff's Toronto or Nairobi offices present since, upon information and belief, Plaintiff did not have Toronto or Nairobi offices.   CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 611 and, on that basis, denies each and every remaining allegation in Paragraph 611.

612.    CBC admits that the November Episode includes Mr. de Silva saying the words quoted in Paragraph 612, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 612.

613.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 613 and, on that basis, denies each and every allegation in Paragraph 613.

614.    CBC admits that a September 9, 2021 email from Ms. Wiszowaty to Mr. Cashore contains the words quoted in Paragraph 614, among others.   CBC denies the allegations in the first sentence of Paragraph 614.   CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 614 that Mr. Cashore mentioned that teachers are not Plaintiff's employees in discussions with former employees of Plaintiff, and, on that basis, denies each and every remaining allegation in Paragraph 614 of the Complaint.

615.    CBC lacks information sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 615 and, on that basis, denies each and every allegation in Paragraph 615.

616.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 616 and, on that basis, denies each and every allegation in Paragraph 616.

617.    CBC admits that Mr. de Silva kept an online blog about his travels in 2013, including his visit to Pimbiniet.  CBC further states that Paragraph 617 is vague as to which of Mr. de Silva's internet publications it refers to as "the Blog".  On that basis, CBC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 617 and, on that basis, denies each and every remaining allegation in Paragraph 617.

618.    CBC admits the allegations in Paragraph 618 that Mr. de Silva had an online blog that  contains the words quoted in Paragraph 618.  CBC states that the allegation in Paragraph 618 is vague as to what "references" it is referring to and by whom, and on that basis denies each and every remaining allegation in Paragraph 618.  CBC further states that Paragraph 618 is vague as to which of Mr. de Silva's internet publications it refers to as "the Blog".  CBC therefore lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 618 and, on that basis, denies each and every remaining allegation in Paragraph 618.

619.    CBC denies the allegations in the final sentence of Paragraph 619.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 619 and, on that basis, denies each and every remaining allegation in Paragraph 619.

620.    CBC denies each and every allegation in Paragraph 620 of the Complaint.

**H.    Response to The CBC Falsely Claimed that WE Charity's Internal Documents Showed That Multiple Donors Fully Funded the Same Structures**

**in Kenya and that WE Charity Did Not Build Structures If It Believed Donors Would Not Notice**

621.    CBC denies each and every allegation in Paragraph 621 of the Complaint.

622.    CBC admits that the November Episode included the words quoted in Paragraph 622, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 622.

623.    CBC admits that on *The Current* Mr. Kelley spoke the words quoted in Paragraph 623, among others.

624.    CBC admits that on The Podcast Mr. Kelley spoke the words quoted in Paragraph 624, among others.

625.    CBC admits that the spreadsheets may not show all the donors who understood or were told they paid for particular structures.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 625 of the Complaint.

626.    CBC denies each and every allegation in Paragraph 626 of the Complaint.

627.    CBC states that the first sentence of Paragraph 627 does not identify to which "donors" it purports to be referring.  On that basis, CBC states that it lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 627 and, on that basis, denies them.  CBC admits that the November Episode contained the words quoted in the second sentence of Paragraph 627, among others.  CBC admits that the founder of a non-profit organization that was identified in documents wrote to Mr. Cashore and that her email contained the words quoted in Paragraph 627, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 627 of the Complaint.

628.    CBC denies each and every allegation in Paragraph 628 of the Complaint.

629.    CBC admits that the November Episode included the words quoted in Paragraph

4869-1426-5983v.3 0116066-000002

629, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 629.

630.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 630 and, on that basis, denies each and every allegation in Paragraph 630.

631.    CBC admits that it did not ask Plaintiff whether all the projects in the documents were built.

632.    CBC denies each and every allegation in Paragraph 632 of the Complaint.

633.    CBC denies each and every allegation in Paragraph 633 of the Complaint.

634.    CBC admits that the November Episode included the words quoted in the first sentence of Paragraph 634, among others, and that the document also includes the words quoted in the second sentence of Paragraph 634, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 634.

635.    CBC admits that the November Episode included the words quoted in Paragraph 635, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 635.

636.    CBC admits that the document contains the words quoted in the second sentence of Paragraph 636, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 636.

637.    CBC denies each and every allegation in Paragraph 637 of the Complaint.

638.    CBC denies each and every allegation in Paragraph 638 of the Complaint.

639.    CBC denies each and every allegation in Paragraph 639 of the Complaint.

640.    CBC denies each and every allegation in Paragraph 640 of the Complaint.

4869-1426-5983v.3 0116066-000002

I.      **Response to The CBC Falsely Claimed That WE Charity Blocked the CBC from Filming at Primary Schools in Kenya**

641.    CBC denies each and every allegation in Paragraph 641 of the Complaint.

642.    CBC states that the words "government permission" are vague and are therefore not capable of a response.  To the extent any response is deemed necessary, CBC denies each and every allegation in Paragraph 642 of the Complaint.

643.    CBC admits that in January 2021 representatives of entities within the WE Organization had invited CBC to visit projects in Kenya.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 643 and, on that basis, denies each and every remaining allegation in Paragraph 643 of the Complaint.

644.    CBC denies each and every allegation in Paragraph 644 of the Complaint.

645.    CBC denies each and every allegation in Paragraph 645 of the Complaint.

646.    CBC admits that the Challenged Publications contain the words quoted in sub-paragraphs a-g of Paragraph 646.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 646 of the Complaint.

647.    CBC denies each and every allegation in Paragraph 647 of the Complaint.

648.    CBC denies each and every allegation in Paragraph 648 of the Complaint.

i.      **Response to The CBC Did Not Get Government Permission It Knew It Needed to Access and Film at the Government-Run Schools Funded by WE Charity**

649.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 649 and, on that basis, denies each and every allegation in that sentence.  CBC further denies each and every remaining allegation in Paragraph 649 of the Complaint.

650.    CBC admits that on September 3, 2021, Mr. Cashore e-mailed Ms. Wiszowaty to

81

inform her that CBC would be traveling to Kenya the following week and that the email contained the words quoted in Paragraph 650, among others.

651.    CBC admits that on September 8, 2021, Ms. Wiszowaty e-mailed Mr. Cashore and that her email contained the words quoted in Paragraph 651, among others.

652.    CBC admits that the following day Ms. Wiszowaty e-mailed Mr. Cashore and that her email contained the words quoted in Paragraph 652, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 652 of the Complaint.

653.    CBC admits that Mr. Cashore responded and confirmed that a local colleague in Nairobi was making the appropriate arrangements, and that his email contained the words quoted in Paragraph 653, among others.

654.    CBC admits that on September 10, 2021, Ms. Wiszowaty e-mailed Mr. Cashore and that her email contained the words quoted in Paragraph 654, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 654 of the Complaint.

655.    CBC admits that later that day Mr. Cashore wrote to Ms. Wiszowaty to say that the permission CBC had received was revoked and that his email contained the words quoted in Paragraph 655, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 655 of the Complaint.

656.    CBC admits that Ms. Wiszowaty e-mailed Mr. Cashore and that her email contained the words quoted in Paragraph 656, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 656 and, on that basis, denies those allegations in Paragraph 656.

657.    CBC admits that Mr. Cashore replied and that his email contained the words quoted in Paragraph 657, among others.  Except as so admitted, CBC denies each and every

remaining allegation in Paragraph 657 of the Complaint.

658.   CBC admits that Ms. Wiszowaty e-mailed Mr. Cashore and that her email contained the words quoted in Paragraph 658, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 658 of the Complaint.

659.   CBC denies each and every allegation in Paragraph 659 of the Complaint.

660.   CBC admits that the document attached as Exhibit L contained the words quoted in Paragraph 660, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 660 and, on that basis, denies each and every remaining allegation in Paragraph 660.

661.   CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 661 and, on that basis, denies each and every remaining allegation in Paragraph 661.

662.   CBC denies each and every allegation in Paragraph 662 of the Complaint.

### ii.   Response to Instead of Getting Permission, the CBC Attempted to Gain Entry to Schools Through Illegal Means, Prompting the Kenyan Government's Response that the CBC Falsely Portrayed as Obstruction by WE Charity

663.   CBC denies each and every allegation in Paragraph 663 of the Complaint.

664.   CBC admits that it did not keep the subject of its reporting a secret, but denies that it represented that it was reporting on Plaintiff.  Except as so admitted and denied, CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 664 and, on that basis, denies each and every remaining allegation in Paragraph 664.

665.   CBC admits that Ms. Wiszowaty e-mailed Mr. Cashore and Mr. Kelley on September 12, 2021, and that her email contained the words quoted in Paragraph 665, among others.  Except as so admitted, CBC denies each and every allegation in Paragraph 665 of the

Complaint.

666.   CBC admits that the document attached as Exhibit L contained the words quoted in Paragraph 666, among others.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 666 regarding the provenance of Exhibit L, and, on that basis, denies that allegation.  CBC denies each and every remaining allegation in Paragraph 666 of the Complaint.

667.   CBC admits that the November Episode contained the words quoted in Paragraph 667, among others, and that the letter prompted CBC to fear for its journalists' safety and rush them back to Canada.  CBC lacks information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 667 regarding the provenance of Exhibit L, and, on that basis, denies that allegation.  CBC denies each and every remaining allegation in Paragraph 667 of the Complaint.

668.   CBC denies each and every allegation in Paragraph 668 of the Complaint.

### iii.   Response to The CBC Concealed the True Reason Why It Encountered Difficulties Filming at Government-Run Schools in Kenya and Instead Falsely Blamed WE Charity

669.   CBC denies each and every allegation in Paragraph 669 of the Complaint.

670.   CBC admits that the Podcast contained the words quoted in Paragraph 670, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 670 of the Complaint.

671.   CBC denies each and every allegation in Paragraph 671 of the Complaint.

672.   CBC admits that *The Current* contained the words quoted in Paragraph 672, among others.

673.   CBC denies each and every allegation in Paragraph 673 of the Complaint.

674.   CBC denies each and every allegation in Paragraph 674 of the Complaint.

84

J.    **Response to The CBC Misled Its Audience to Believe That WE Charity Had No Response to Many of Its Allegations**

675.    CBC admits the allegations in Paragraph 675 of the Complaint.

676.    CBC states that its reporting policies and practices are set forth here: https://cbc.radio-canada.ca/en/vision/governance/journalistic-standards-and-practices   and   are publicly posted.  To the extent the allegations of Paragraph 676 purport to otherwise characterize CBC's journalistic standards and practices, CBC denies the allegations of Paragraph 676.

677.    CBC admits that an Editor's Note by Brodie Fenlon was published on November 20, 2021, and that it contained the words quoted in Paragraph 677, among others.  CBC also admits that Mr. Fenlon stated that CBC journalists assured donors to WE Organization entities expressing concern that their views would be included in the final story.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 677 of the Complaint.

678.    CBC denies each and every allegation in Paragraph 678 of the Complaint.

679.    CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 679 and, on that basis, denies each and every remaining allegation in Paragraph 679.

680.    CBC denies each and every allegation in Paragraph 680 of the Complaint.

681.    CBC admits that *The Current* contained the words quoted in Paragraph 681, among others.

682.    CBC admits that it had not been emailing back and forth with Marc Kielburger personally for months regarding the November Episode and that the first email exchange with Mr. Kielburger personally regarding the November Episode was in November 2021.  To the extent Paragraph 682 may intend to be alleging that CBC had not been emailing back and forth for months with persons whom it understood to be working under Marc Kielburger's

supervision, CBC denies those allegations in Paragraph 682.

683.   CBC states that with the exception of a single alleged "example" (in Paragraph 684), Paragraph 683 does not allege "what statements" it purports to be  referring to, except for the Podcast, or what "other Defamatory Publications" it is referring to.  CBC is therefore not capable of ascertaining the truth or falsity of the allegations of Paragraph 683, and, on that basis, denies them.  CBC further states that with respect to the sole "example" specified in Paragraph 684, CBC denies that the specific words quoted constitute the November Episode's "statement" as characterized in Paragraph 683.

684.   CBC admits that the November Episode contains that words quoted, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 684 of the Complaint.

685.   CBC denies each and every allegation in Paragraph 685 of the Complaint.

686.   CBC denies each and every allegation in Paragraph 686 of the Complaint.

687.   CBC denies each and every allegation in Paragraph 687 of the Complaint.

688.   CBC admits that a July 12, 2021 e-mail from Ms. Al-Wahedi contained the words quoted in Paragraph 688, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 688 of the Complaint.

689.   CBC admits that on September 3, 2021 William McDowell wrote to the CBC and that his email contained the words quoted in Paragraph 689, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 689 of the Complaint.

690.   CBC admits that on September 10, 2021, Mr. McDowell wrote to CBC and that his email contained the words quoted in Paragraph 690, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 690 of the Complaint.

691.     CBC admits that on September 13, 2021, Mr. Cashore wrote to Ms. Wiszowaty and that his email contained the words quoted in Paragraph 691, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 691 of the Complaint.

692.     CBC admits that on November 4, 2021, Mr. Cashore wrote to Marc and Craig Kielburger and that his email contained the words quoted in Paragraph 692, among others.

693.     CBC admits that Mr. Cashore's September 13 and November 4 emails contained the words quoted in Paragraph 693, among others.   Except as so admitted, CBC denies each and every remaining allegation in Paragraph 693 of the Complaint.

694.     CBC admits that Marc Kielburger's November 5, 2021 email contained the words quoted in Paragraph 694, among others.

695.     CBC denies each and every allegation in Paragraph 695 of the Complaint.

696.     CBC admits that on November 9, 2021 Marc Kielburger wrote to Mr. Cashore and Ms. Swain and that his email contained the words quoted in Paragraph 696, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 696 of the Complaint.

697.     CBC denies each and every allegation in Paragraph 697 of the Complaint.

698.     CBC admits that on November 10, 2021, Mr. McDowell wrote to CBC and that his email contained the words quoted in Paragraph 698, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 698 of the Complaint.

699.     CBC admits that on November 14, 2021 Ms. Wiszowaty wrote to CBC and that her email contained the words quoted in Paragraph 699, among others, and that CBC did not send a response to Ms. Wiszowaty.

700.     CBC denies each and every allegation in Paragraph 700 of the Complaint.

701.   CBC admits that the November Episode contained the words quoted in Paragraph 701, among others.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 701 of the Complaint.

702.   CBC denies each and every allegation in Paragraph 702 of the Complaint.

703.   CBC denies each and every allegation in Paragraph 703 of the Complaint.

## XII.   RESPONSE TO WE CHARITY HAS BEEN HARMED BY AND WILL CONTINUE TO SUFFER HARM FROM THE CBC'S PUBLICATION OF THE DEFAMATORY PUBLICATIONS AND ITS UNLAWFUL NEWSGATHERING CONDUCT

704.   CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 704 and, on that basis, denies each and every allegation in Paragraph 704.

705.   CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 705 and, on that basis, denies each and every allegation in Paragraph 705.

706.   CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 706 and, on that basis, denies each and every allegation in Paragraph 706.

707.   CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 707 and, on that basis, denies each and every allegation in Paragraph 707.

708.   CBC admits that on January 27, 2021, Mr. Kroetsch sent an email to CBC's in-house counsel and that his email contained the words quoted in Paragraph 708, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 708.

709.   CBC admits that on November 17, 2021, Mr. Kroetsch sent an email to CBC's in-

house counsel and that his email contained the words quoted in Paragraph 709, among others. Except as so admitted, CBC denies each and every remaining allegation in Paragraph 709.

710. CBC denies each and every allegation in Paragraph 710 of the Complaint.

711. CBC denies each and every allegation in Paragraph 711 of the Complaint.

712. CBC denies each and every allegation in Paragraph 712 of the Complaint.

713. CBC denies each and every allegation in Paragraph 713 of the Complaint.

714. CBC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 714 and, on that basis, denies each and every allegation in Paragraph 714 of the Complaint.

715. Paragraph 715 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, CBC denies each and every allegation in Paragraph 715 of the Complaint.

716. CBC denies each and every allegation in Paragraph 716 of the Complaint.

717. CBC denies each and every allegation in Paragraph 717 of the Complaint.

718. CBC denies each and every allegation in Paragraph 718 of the Complaint.

719. CBC denies each and every allegation in Paragraph 719 of the Complaint.

720. CBC denies each and every allegation in Paragraph 720 of the Complaint.

721. CBC denies each and every allegation in Paragraph 721 of the Complaint.

722. CBC denies each and every allegation in Paragraph 722 of the Complaint.

723. CBC denies each and every allegation in Paragraph 723 of the Complaint.

724. CBC denies each and every allegation in Paragraph 724 of the Complaint.

725. CBC denies each and every allegation in Paragraph 725 of the Complaint.

726. CBC admits that comments may be posted for the November Episode on

YouTube.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 726 of the Complaint.

727.    CBC admits that Plaintiff has helped create positive social impact, among other things.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 727 of the Complaint.

728.    CBC denies each and every allegation in Paragraph 728 of the Complaint.

729.    CBC denies each and every allegation in Paragraph 729 of the Complaint.

730.    CBC denies each and every allegation in Paragraph 730 of the Complaint.

## RESPONSE TO CAUSES OF ACTION

### Count I
### (Defamation)

731.    CBC repeats and re-alleges its answers to Paragraphs 1 through 730 as if fully set forth herein.

732.    CBC admits that it published the Challenged Publications, except that it lacks sufficient information to ascertain the truth or falsity of the allegation that CBC published what the Complaint refers to as the Teaser.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 732 of the Complaint.

733.    CBC admits that it cross-promoted the November 18, 2021, *Fifth Estate* investigation.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 733 of the Complaint.

734.    CBC denies each and every allegation in Paragraph 734 of the Complaint.

735.    CBC denies each and every allegation in Paragraph 735 of the Complaint.

736.    CBC denies each and every allegation in Paragraph 736 of the Complaint.

737.    CBC denies each and every allegation in Paragraph 737 of the Complaint.

90

738.    CBC denies each and every allegation in Paragraph 738 of the Complaint.

739.    CBC denies each and every allegation in Paragraph 739 of the Complaint.

740.    CBC denies each and every allegation in Paragraph 740 of the Complaint.

741.    CBC admits that it did not issue a retraction.  Except as so admitted, CBC denies each and every remaining allegation in Paragraph 741 of the Complaint.

## Count II
### (Breach of Contract)

742.    No answer to this allegation is required because Count II was dismissed by the Court.  (Dkt. 33.)

743.    No answer to this allegation is required because Count II was dismissed by the Court.  (Dkt. 33.)

744.    No answer to this allegation is required because Count II was dismissed by the Court.  (Dkt. 33.)

745.    No answer to this allegation is required because Count II was dismissed by the Court.  (Dkt. 33.)

746.    No. answer to this allegation is required because Count II was dismissed by the Court.  (Dkt. 33.)

## Count III
### (Promissory Estoppel)

747.    No answer to this allegation is required because Count III was dismissed by the Court.  (Dkt. 33.)

748.    No answer to this allegation is required because Count III was dismissed by the Court.  (Dkt. 33.)

749.    No answer to this allegation is required because Count III was dismissed by the Court.  (Dkt. 33.)

4869-1426-5983v.3 0116066-000002

750.    No answer to this allegation is required because Count III was dismissed by the Court. (Dkt. 33.)

751.    No answer to this allegation is required because Count III was dismissed by the Court. (Dkt. 33.)

752.    No answer to this allegation is required because Count III was dismissed by the Court. (Dkt. 33.)

## Count IV
### (Negligent Misrepresentation)

753.    No answer to this allegation is required because Count IV was dismissed by the Court. (Dkt. 33.)

754.    No answer to this allegation is required because Count IV was dismissed by the Court. (Dkt. 33.)

755.    No answer to this allegation is required because Count IV was dismissed by the Court. (Dkt. 33.)

756.    No answer to this allegation is required because Count IV was dismissed by the Court. (Dkt. 33.)

757.    No answer to this allegation is required because Count IV was dismissed by the Court. (Dkt. 33.)

758.    No answer to this allegation is required because Count IV was dismissed by the Court. (Dkt. 33.)

759.    No answer to this allegation is required because Count IV was dismissed by the Court. (Dkt. 33.)

760.    No answer to this allegation is required because Count IV was dismissed by the Court. (Dkt. 33.)

4869-1426-5983v.3 0116066-000002

**AFFIRMATIVE DEFENSES**

Further responding to the Complaint, CBC asserts the following defenses.  By doing so, Defendant does not assume any burden of proof that it would not otherwise bear because applicable law places the burden on Plaintiff.  By designating the following as defenses, CBC does not in any way waive or limit any defenses that are or may be raised by its denials, allegations, and averments set forth herein.  The defenses are pleaded in the alternative, are raised to preserve CBC's right to assert such defenses if necessary, and are raised without prejudice to CBC's ability to raise other and further defenses.  CBC reserves the right to amend, supplement, and/or otherwise modify any responses in its Answer and Affirmative Defenses, including without limitation the right to assert additional defenses that become known to it through discovery or otherwise.

**FIRST DEFENSE**

Plaintiff cannot meet its burden of proving that some or all of the allegedly defamatory statements are materially false statements of fact because (1) it cannot meet its burden of establishing that some or all of the challenged statements are statements of fact and/or (2) any challenged statements of fact are substantially true.

**SECOND DEFENSE**

Plaintiff is a public figure and cannot meet its burden of proving actual malice by clear and convincing evidence.

**THIRD DEFENSE**

This action is one involving public petition and participation pursuant to N.Y. Civil Rights Law § 76-a and Plaintiff cannot meet its burden of proving actual malice by clear and convincing evidence.

93

**FOURTH DEFENSE**

Plaintiff has failed to mitigate its alleged damages.

**FIFTH DEFENSE**

To the extent Plaintiff may seek recovery for any statements made in the course of official proceedings, such as the proceedings of Canadian Parliamentary committees, those statements are protected by the fair report privilege.

**SIXTH DEFENSE**

Plaintiff's claim for injunctive relief is barred by the First and Fourteenth Amendments to the Constitution of the United States and/or Article I, Section 8 of the New York State Constitution and/or applicable state law.


/s/ Nathan Siegel
Nathan Siegel (DC Bar No. 446253)
Rachel Strom (*pro hac vice*)
Courtney DeThomas (DC Bar No. 888304075)

DAVIS WRIGHT TREMAINE LLP

1301 K Street N.W., Suite 500 East
Washington, DC  20005
(202) 973-4200
(202) 973-4499 (fax)
nathansiegel@dwt.com
rachelstrom@dwt.com
courtneydethomas@dwt.com

*Attorneys for Defendant*
*Canadian Broadcasting Corporation*

4869-1426-5983v.3 0116066-000002