IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WE CHARITY,<br><br>                           *Plaintiff,*<br>vs.<br><br>THE CANADIAN BROADCASTING CORPORATION,<br><br>                          *Defendant.* | Civil Action No.  22-00340-RDM |

### PLAINTIFF WE CHARITY'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Plaintiff WE Charity submits this supplemental brief in further support of its proposed protective order (ECF No. 43) pursuant to the Court's Minute Order dated October 6, 2023.

In the joint submission, WE Charity proposed including, among other things, a sentence clarifying that if either party discloses confidential information produced pursuant to the Court's protective order and claims that the information is "Independently Obtained Information," the burden will be on the disclosing party to prove that its reporting does not violate the protective order.  *See generally* ECF No. 43 at 1, 3-5, 7-9.  The proposed sentence reads: "A party claiming that its publication or disclosure of information reflects only Independently Obtained Information shall bear the burden to prove that the publication or disclosure complies with this Order."  ECF No. 43-1 at 6.  When a party defends its disclosure of confidential information by claiming it independently sourced the information, it alone knows how it sourced the information, so it should bear the burden of proving that such sourcing did not violate the protective order.

1

The Court has asked for supplemental briefing on the burdens that WE Charity believes "the Court would apply in assessing alleged violations of the protective order in the absence of WE Charity's burden-shifting sentence." October 6, 2023, Minute Order.  A review of those burdens demonstrates that, in the absence of the proposed burden-shifting sentence, it will be difficult to hold CBC accountable for a violation of the protective order where CBC contends that the disclosed information was independently sourced through its journalism.  These difficulties arise because of this case's unusual posture in which CBC proposes providing confidential documents to reporters who continue to actively report on the same subject matter that is at issue in the lawsuit, and where the CBC contends its reporting is protected by source privileges.  Given these circumstances, WE Charity respectfully requests that the Court adopt the proposed burden-shifting sentence in the protective order.[1]

Under normal circumstances, a party "moving for a finding of civil contempt must show, by clear and convincing evidence, that: (1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order." *SEC v. Showalter*, 227 F. Supp. 2d 110, 120 (D.D.C. Sep. 12, 2002); *see also Walker v. Center for Food Safety*, 667 F. Supp. 2d 133, 136 (D.D.C. Nov. 5, 2009) (same).  "A party commits contempt when it violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order.  Civil contempt is a remedial device intended to achieve full compliance with a court's order." *Pigford v. Veneman*, 307 F. Supp. 2d 51, 55–56 (D.D.C. 2004) (finding a violation of a protective order but declining to impose sanctions).  The Court has inherent authority as well as authority under Federal Rule of

---

[1] Alternatively, the Court should adopt the highly confidential provision in WE Charity's proposed protective order.  ECF No. 43 at 5-7.

Civil Procedure 37(b) to issue sanctions for failure to comply with a court order. *See Thomas v. Moreland*, No. 18-800, 2022 WL 19560135, at *5 (D.D.C. Mar. 23, 2022); Fed. R. Civ. P. 37(b).

After the party moving for civil contempt has made the three-part showing, the burden shifts to the party who failed to comply with the court order to justify its conduct, by, for example, establishing that it was unable to comply with the order or that it substantially complied with it by taking all reasonable steps within its power to comply. *See Showalter*, 227 F. Supp. 2d at 120 ("Once the court determines that the movant has made the above three-part showing, the burden shifts to the defendant to justify the noncompliance."); *SEIU Nat'l Indus. Pension Fund v. Artharee*, 48 F. Supp. 3d 25, 30 (D.D.C. June 10, 2014) ("In civil contempt proceedings, a party can justify its failure to comply with a court order by establishing its inability to comply or good faith substantial compliance. To prove good faith substantial compliance, the contemnor must show that it took all reasonable steps within its power to comply.").

As an illustration, consider what would happen if CBC published an article that included screenshots of a confidential document produced by WE Charity. WE Charity would have no problem clearing the first two hurdles in order to show civil contempt for violation of the protective order. That is because CBC agrees that its reporters cannot publish or otherwise use WE Charity's confidential information for any purpose other than this lawsuit and that using WE Charity's confidential information for journalistic purposes would violate the protective order. ECF No. 43 at 2–3. However, WE Charity would run into significant difficulty at the third step (proving failure to comply) if CBC claimed that the confidential document was "Independently Obtained Information" and refused to identify how it obtained the information. WE Charity would be powerless to call CBC's bluff without extraordinary discovery into the alleged protective order violation.

Furthermore, CBC could invoke a journalistic source privilege to shield itself from such discovery. This is hardly hypothetical: CBC has already invoked source privileges in connection with its Answer and indicated it intends to continue doing so through discovery in this action.[2] Depending on the jurisdiction whose law the Court determines governs, the privilege could be absolute or qualified. If it is absolute, then CBC's claim of independently sourcing would effectively immunize it from accountability. And even if the privilege is qualified, to pierce the privilege would require diverting resources to additional briefing and, potentially, additional discovery to satisfy the applicable law's requirements.[3]

CBC claims that WE Charity's concerns are hypothetical or speculative, but they are no more so than any enforcement provision in an order or a contract. The applicability of the burden-shifting sentence WE Charity requests is *contingent* on the occurrence of both: (1) a party's disclosure of confidential information; and (2) the disclosing party's claim that the information was independently sourced. By anticipating and accounting for this foreseeable contingency, the burden-shifting provision would reduce uncertainty in the event of a suspected violation. And if the contingency never occurs, then so much the better for both parties.[4]

---

[2] *See* CBC's Answer (ECF No. 42) ¶¶ 286, 287, 289; Joint Discovery Report and Proposed Scheduling Order (ECF No. 36) at 9-10.

[3] For example, D.C. courts have held that in some circumstances, to overcome a qualified immunity requires the party seeking discovery to take substantial other discovery to try and obtain the sought-after information through alternative means. *See, e.g.*, *In re Slack*, 768 F. Supp. 2d 189, 196–97 (D.D.C. 2011) ("the plaintiff must also demonstrate that no alternate source for the information exists" to overcome reporter's privilege); *Hatfill v. Gonzales*, 505 F. Supp. 2d 33, 40 (D.D.C. 2007) (denying motion to quash subpoena to media because plaintiff had taken 35 non-expert depositions, propounded 230 interrogatories, requested 836 admissions, and issued 61 requests for production of documents in order to determine identity of sources).

[4] Like any litigant, CBC has no First Amendment right to disseminate confidential pre-trial discovery material governed by a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984).

For the reasons discussed above and in the joint submission, the Court should adopt either the sentence quoted above or the highly confidential provision proposed by WE Charity.

Dated: October 20, 2023                                       Respectfully submitted,

/s/ *Joseph F. Kroetsch*

Joseph F. Kroetsch (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300
jkroetsch@bsfllp.com

Jonathan H. Sherman (Bar No. 468539)
Amy L. Neuhardt (Bar No. 996791)
BOIES SCHILLER FLEXNER, LLP
1401 New York Avenue, NW
11th Floor
Washington, DC 20005
Tel: (202) 274-1137
Fax: (202) 237-6131
jsherman@bsfllp.com
aneuhardt@bsfllp.com

Rodney A. Smolla (Bar No. 6327)
164 Chelsea St
South Royalton, VT 05068
Tel: (864) 373-3882
rodsmolla@gmail.com

Sabina Mariella (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 754-4541
smariella@bsfllp.com

*Attorneys for Plaintiff WE Charity*