UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WE CHARITY,<br><br>                 *Plaintiff*,<br><br>v.<br><br>CANADIAN BROADCASTING CORPORATION,<br><br>                 *Defendant*. | Civil Action No. 22-340 (RDM) |

## ~~PROPOSED~~ RDM PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL

The undersigned parties (""Party" or "Parties") and counsel of record each stipulate and move the Court for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of confidential or proprietary information produced in discovery in this action. Because the Court finds that good cause exists for issuance of a confidentiality order governing the pre-trial phrase of this action,

**IT IS HEREBY ORDERED** this 2d day of November, 2023, by the United States District Court for the District of Columbia:

1.    **Designation of Discovery Materials as Confidential.** All documents and communications produced during discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

    a.    The designation of confidential information shall be made by placing or affixing

on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information; non-public financial information; non-public material relating to ownership or control of any nonpublic company or entity; non-public business plans, product development information, or marketing plans; trade secrets or other confidential research, development, or commercial information which is in fact confidential; any other sensitive non-public information, including but not limited to newsgathering and editorial information; any other category of information hereinafter given confidential status by the Court. A party shall not routinely designate material as "CONFIDENTIAL" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. If documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential.

Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

b. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within ten business days after receipt of the transcript. The party deposing the witness shall designate any testimony that describes a document that has been designated as "CONFIDENTIAL," as described above, as "CONFIDENTIAL" within ten business days after receipt of the transcript. During the seven-business-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

c. Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). For the avoidance of doubt, information or documents designated as confidential under this Order shall not be published by the Parties.

d. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to

any other person or entity, except that disclosures may be made in the following circumstances:

i. Disclosure may be made to counsel and employees of counsel for the parties assisting in the conduct of the litigation of the lawsuit.

ii. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

iii. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

iv. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

v. During the course of depositions, exhibits marked CONFIDENTIAL pursuant to this Order, or containing information marked CONFIDENTIAL pursuant to this Order, may be shown to a testifying witness. However, witnesses and, if applicable, their counsel shall not be permitted to retain a copy of any CONFIDENTIAL exhibits or information at the conclusion of the witness's deposition unless otherwise permitted by this Protective Order.



e. Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as Confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

f. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential or Confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL", if that word does not already appear.

2.  **Confidential Information Filed with Court.** To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof that discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion to seal pursuant to Local Civil Rule 5.1(h)(1). The filing of the motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order or other applicable law.

3.     **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4.     **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5.     **Information Independently Obtained.** The provisions of this Order do not apply to information obtained by either Party independent of its production in this litigation, or information from publicly available sources, regardless of whether that information was marked "CONFIDENTIAL" when produced pursuant to the provisions of this Order ("Independently Obtained Information"). For the avoidance of any doubt, notwithstanding all other provisions of this Order, the Parties shall not be prohibited from publishing, disclosing, or otherwise using any Independently Obtained Information, regardless of whether that information was marked "CONFIDENTIAL" when produced pursuant to the provisions of this Order.



6.     **Notice Regarding Production of Confidential Discovery.** If a person subject to this Order is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, that seeks disclosure of

any confidential discovery material, the receiving person must notify, to the extent permitted by law, the producing Party, in writing, and include with that notice a copy of the discovery request, subpoena, order or other form of legal process as soon as reasonably practical and in any event no later than ten (10) calendar days after receipt unless production is required earlier, in which case the notice must be made in time for the producing Party to take steps as set forth below. The receiving Party also must promptly inform the Party that caused the discovery request, subpoena, order, or other form of legal process to issue that some or all of the material covered by the discovery request, subpoena, order, or other form of legal process is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other matter that caused the discovery request, subpoena, order, or other form of legal process to issue. The receiving Party shall not produce the requested confidential discovery material unless and until a court of competent jurisdiction so directs, except if the producing Party (a) consents, or (b) fails to file a motion to quash or fails to notify the receiving person in writing of its intention to contest the production of the confidential discovery material within ten (10) days of notice from the receiving person, in which case the receiving person may produce on the production date, but no earlier, or (c) as otherwise required by law. In connection with any production of confidential discovery material subject to this Order, the receiving person shall request confidential treatment of the confidential discovery material. The produced confidential discovery material shall continue to be treated in this action in accordance with this Order.

7.     **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy,

any sealed material at the end of the litigation, including any appeals.

8. **Information Security Protections.** Any person in possession of Confidential information received from another person or entity in connection with this action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential information, protect against any reasonably anticipated threats or hazards to the security of such Confidential information, and protect against unauthorized access to or use of such Confidential information. If a receiving party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential information subject to this Order, they shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the producing entity can reasonably ascertain the size and scope of the breach. The receiving party agrees to cooperate with the producing entity or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

9. **Inadvertent Disclosure.** Nothing in this Order shall require disclosure of documents, information, and/or other materials protected by the attorney-client privilege, attorney work product privilege, reporter's privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a party becomes aware that it has inadvertently produced information that it believes is protected by the attorney-client privilege, attorney work product privilege, reporter's privilege, or other privilege or immunity ("Inadvertently Disclosed Information"), that party must promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production,

the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification that it has returned or destroyed all such copies. In the event that the receiving party disputes the producing party's claim concerning the protected nature of the Inadvertently Disclosed Information, (i) the producing party and the receiving party shall meet and confer in good faith to resolve the dispute, (ii) if the dispute remains unresolved after reasonable efforts, the receiving party may file a motion under seal seeking an order compelling production of the Inadvertently Disclosed Information (which shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production), and (iii) the Inadvertently Disclosed Information shall continue to be treated as protected pending the Court's determination of the privilege dispute. The party claiming privilege retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.

Dated: Nov. 2, 2023

Hon. RANDOLPH D. MOSS
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WE CHARITY,**<br><br>              *Plaintiff,*<br><br>v.<br><br>**CANADIAN BROADCASTING CORPORATION,**<br><br>              *Defendant.* | Civil Action No. 22-340 (RDM) |

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation. I further agree that I will not use such Confidential Discovery Material for any purpose other than this litigation, and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Date: