**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WE CHARITY, | |
| *Plaintiff,* | |
| vs. | Case No. 1:22-cv-00340-RDM-MJS |
| CANADIAN BROADCASTING CORPORATION, | |
| *Defendant.* | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO DISCOVERY RULINGS

# **TABLE OF CONTENTS**

I.     Background ................................................................................................. 2

II.    Legal Standard ........................................................................................... 4

III.   The Information Sought Is Highly Relevant and CBC Did Not Meet its Heavy Burden to Overcome This Relevance ................................................. 5

   A.   The Discovery Sought Is Highly Relevant to the Central Factual Question of Actual Malice. ...................................................................................................... 5

   B.   CBC Did Not Meet its "Good Cause" Burden for a Protective Order Under Rule 26(c). 10

   C.   The Discovery Sought Is Not Unduly Burdensome And, Even If It Were, Plaintiffs Should Be Permitted to Seek Deposition Testimony on the Subject ............................... 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alexander v. FBI,*
   186 F.R.D. 71, 75 (D.D.C. 1998) ............................................................................ 14, 15

*Alexander,* 186 F.R.D. ....................................................................................................... 16

*Am. Ctr. for Civ. Just. v. Ambush,*
   794 F. Supp. 2d 123, 129 (D.D.C. 2011) ............................................................................ 8

*Biro v. Conde Nast,*
   963 F. Supp. 2d 255, 277 (S.D.N.Y. 2013) ...................................................................... 10

*Buie v. Dist. of Columbia,*
   No. CV 16-1920-CKK, 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) ......................... 8

*Church of Scientology Int'l v. Behar,*
   238 F.3d 168, 174 (2d Cir. 2001) ................................................................................ 12, 13

*Diaz-Garcia v. Surillo-Ruiz,*
   45 F. Supp. 3d 163, 169 (D.P.R. 2014) ............................................................................ 16

*Doe v. District of Columbia,*
   231 F.R.D. 27, 30 (D.D.C. 2005) ..................................................................................... 13

*Ecomission Sols., LLC v. CTS Holdings, Inc.,*
   2016 WL 4506974, at *2 (D.D.C. Aug. 26, 2016) ........................................................ 9, 14

*First Am. Corp. v. Al-Nahyan,*
   2 F. Supp. 2d 58, 60 (D.D.C. 1998) ................................................................................... 8

*Hi-Tech Pharms., Inc. v. Cohen,*
   277 F. Supp. 3d 236, 249 (D. Mass. 2016) ...................................................................... 12

*Jewish War Veterans of the United States of America, Inc. v. Gates,*
   506 F.Supp.2d 30, 42 (D.D.C.2007) ............................................................................. 9, 17

*Mancia v. Mayflower Textile Servs. Co.,*
   253 F.R.D. 354, 358 (D. Md. 2008) ................................................................................. 17

*Neuder v. Battelle Pac. Nw. Nat'l Lab.,*
   194 F.R.D. 289, 292 (D.D.C. 2000) ................................................................................... 8

*Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.,*
   322 F.R.D. 1, 6 (D.D.C. 2017) ......................................................................................... 14

*Palin v. New York Times Co.,*
   113 F.4th 245, 267 (2d Cir. 2024) ............................................................................... 12, 13

*Ramos v. Sessions,*
   2018 WL 11511478, at *1 (D.D.C. Mar. 13, 2018) .......................................................... 16

*Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs,*
   249 F. Supp. 3d 516, 520 (D.D.C. 2017) ......................................................................... 14

*U.S. v. U.S. Gypsum Co.,*
   333 U.S. 364, 395 (1948) ................................................................................................... 8

*Wiginton v. CB Richard Ellis, Inc.,*
   229 F.R.D. 568, 577 (N.D. Ill. 2004) ................................................................................. 9

**Rules**

Fed. R. Civ. P. 72(a) ............................................................................................... 8
Fed. R. Civ. P. 26 ............................................................................................ *passim*
Local Rule 59.1(b) ................................................................................................ 8

## **MEMORANDUM**

On February 14, 2025, Judge Sharbaugh ruled on Plaintiff WE Charity's ("Plaintiff," "WE Charity," or "WE") Supplemental Submission Regarding Outstanding Discovery Disputes (the "Order"). *See* ECF No. 78. Plaintiff respectfully objects to Part 1 of the Order and asks the Court to set it aside and compel Defendant CBC to produce the discovery denied in that part of the Order.

Part 1 of the Order denied WE Charity's motion to compel document discovery concerning seven CBC journalists' personal experience with charitable fundraising solicitations. The Order further applies to deposition questioning about the same topic. There is no dispute that the journalists' experience with charitable fundraising solicitations is relevant. This case arises out of Defendant Canadian Broadcast Corporation's ("CBC") reporting that WE Charity "routinely misled" its donors through its charitable solicitations. The CBC journalists' state of mind regarding the truth or falsity of that reporting is squarely at issue. Nor is there any dispute that the discovery material sought would be protected by the confidentiality protections of the Court's existing protective order. But Judge Sharbaugh held that the requested discovery's relevance was "attenuated here, at best," and outweighed by CBC's interest in preserving the privacy of its reporters' charitable giving. Thus, relying on Rule 26(c), Judge Sharbaugh denied discovery requests and entered a protective order that prevents WE Charity from getting testimony from CBC's journalists about their personal experience with the central issue in this case: charitable fundraising solicitation.

Respectfully, there are multiple errors in the Order. First, the CBC journalists' personal experience with charitable fundraising is *highly* relevant because CBC intends to assert that those journalists believed their reporting was true. The journalists' understanding of what they claimed are deceptive WE Charity donor solicitations must have been informed by their own personal

1

experience. WE Charity will show at trial that CBC mischaracterized WE Charity's communications with its donors in ways that the reporters could not have believed was true. But CBC will presumably contend otherwise, and WE Charity should be entitled to test the credibility of their asserted state of mind by reference to their actual knowledge and experience with the subject matter at issue.

Second, CBC did not come close to meeting its heavy burden to oppose discovery under Rule 26(c). CBC did not move for a protective order, did not brief Rule 26(c) in any of its submissions or oral argument, or cite a single case in support of its objection to discovery on charitable fundraising. CBC likewise did not cite any particularized facts in support of its opposition to discovery, as courts in this District require. CBC simply asserted in conclusory fashion that the entire subject matter was private and should be shielded from all discovery. CBC failed to meet its burden as a matter of law.

Finally, even if the Order's denial of documentary discovery is upheld, the Order goes too far by denying WE Charity the ability to ask CBC's journalists about their experience with the subject matter of the litigation. No such protective order was even briefed by the parties, much less warranted under the circumstances. WE Charity will be highly prejudiced if Part 1 of the Order is upheld, and CBC's journalists can testify that they personally believed WE Charity's charitable solicitations were deceptive while blocking discovery of the journalists' knowledge of, and experience with, charitable solicitations.

## I.    <u>Background</u>

WE and CBC have been engaged in a monthslong discovery dispute arising out of CBC's refusal to produce communications reflecting its journalists' knowledge of and prior experience with other charities in response to WE's RFPs. Specifically, those RFPs request the following:

2

REQUEST NO. 80: All Communications since 2013 that Harvey Cashore, Diana Swaine, Brodie Fenlon, Matthew Pierce, Kate McKenna, Cecil Rosner, or Mark Kelley received from charities, political entities, political candidates, or non-profits soliciting donations or support, describing the impact of their donations or support, or thanking them for donations or support.

REQUEST NO. 81: All Communications since 2013 between Harvey Cashore, Diana Swaine, Brodie Fenlon, Matthew Pierce, Kate McKenna, Cecil Rosner, or Mark Kelley and charities, political entities, political candidates, or non-profits Concerning donations or contributions that they made.

REQUEST NO. 90: All Documents and Communications Concerning any fundraising activities undertaken by Harvey Cashore, Diana Swaine, Brodie Fenlon, Matthew Pierce, Kate McKenna, Cecil Rosner, or Mark Kelley for any charitable or political cause since 2013.

*See* ECF No. 74-A at 20–21, 26.

As a compromise, on January 8, 2025, WE offered to narrow its requests to the following narrowly tailored categories of documents:

1.   Personalized communications from charities to Harvey Cashore, Diana Swaine, Brodie Fenlon, Matthew Pierce, Kate McKenna, Cecil Rosner, or Mark Kelley, concerning such journalists' donations or their charitable impact.

2.   Communications from charities to the above journalists which reference a specific potential impact—e.g., providing specific goods, or relief for a particular disaster.

3.   Documents concerning the above journalists' personal participation in charitable fundraising efforts—i.e., raising funds, not merely giving funds.

*See* ECF No. 74-C.

On February 14, 2025, the Order denied Plaintiff's motion to compel Defendant Canadian Broadcast Corporation's ("CBC")'s production of documents responsive to WE Charity's Requests for Production ("the RFPs") Nos. 80, 81, and 90. In addition to denying Plaintiff's requested relief that CBC be required to produce documents responsive to the RFPs, Judge Sharbaugh extended his ruling to "deposition questions on these same topics." Kroetsch Decl. Ex. A at 32:2-11. The Court's order therefore bars WE Charity from seeking discovery, including at depositions, concerning CBC's journalists' personal experience communicating with charities or

3

engaging in charitable fundraising. The Court held that WE Charity would be limited to asking CBC's journalists about their professional experience concerning charities—which WE Charity understands to be nonexistent aside from the WE Charity reporting at issue in this litigation.

Judge Sharbaugh recognized during the hearing that the discovery requested is relevant to actual malice. *See* Ex. A at 27:15-19 ("the Court does see some facial validity in the argument that these documents could potentially be relevant to probe certain journalist's state of mind in a way that might bear on the question of actual malice."). Nevertheless, the Court denied Plaintiff's motion to compel because it concluded, erroneously, that the "invasiveness" of the requests outweighed their relevance, and granted CBC a protective order pursuant to Rule 26(c) even though CBC had not requested that relief nor provided any support to meet its burden for receiving such relief. Ex. A at 31:24-25.

## II.    Legal Standard

Under Fed. R. Civ. P. 72(a) and Local Rule 59.1(b), a party may seek reconsideration of a magistrate judge's nondispositive order, such as a ruling in a discovery dispute. *See Neuder v. Battelle Pac. Nw. Nat'l Lab.,* 194 F.R.D. 289, 292 (D.D.C. 2000). A magistrate judge's decision may be reversed if it is "'clearly erroneous or contrary to law.'" *Id.* (quoting Fed. R. Civ. P. 72(a)).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations marks omitted); *see also Buie v. Dist. of Columbia*, 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (citations omitted). The "contrary to law" standard "permits *de novo* review of a magistrate judge's legal conclusions." *See Am. Ctr. for Civ. Just. v. Ambush*, 794 F. Supp. 2d 123, 129 (D.D.C. 2011) (citing *First Am. Corp. v. Al-Nahyan*, 2 F. Supp. 2d 58, 60 (D.D.C. 1998)) (citation omitted).

## III.    The Information Sought Is Highly Relevant and CBC Did Not Meet its Heavy Burden to Overcome This Relevance

The party that brings a motion to compel "bears the initial burden of explaining how the requested information is relevant." *Jewish War Veterans of the United States of America, Inc. v. Gates*, 506 F.Supp.2d 30, 42 (D.D.C.2007). The burden then shifts to the non-moving party "to explain why discovery should not be permitted." *Id.* Where "relevance is in doubt, courts should err on the side of permissive discovery." *Wiginton v. CB Richard Ellis, Inc.,* 229 F.R.D. 568, 577 (N.D. Ill. 2004); *see also Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("Relevance under Rule 26(b)(1) has been construed more broadly for discovery than for trial.").

Instead of analyzing Plaintiff's motion to compel by assessing the relevance and burden of the RFPs under Rule 26(b), Judge Sharbaugh relied almost entirely on the CBC's privacy concerns pursuant to Rule 26(c), which governs protective orders. Ex. A at 26:10-27:3. CBC, however, never sought a protective order preventing the discovery sought and never raised Rule 26(c) in any of its multiple rounds of briefing or in oral argument. Judge Sharbaugh held that "the breadth, burden, and invasiveness of the discovery outweighs [its] relevance[.]" Ex. A at 31:24-25. Even if CBC had requested a protective order, its privacy arguments were insufficient to meet its "heavy" burden under Rule 26(c). *See Ecomission Sols., LLC v. CTS Holdings, Inc.,* 2016 WL 4506974, at *2 (D.D.C. Aug. 26, 2016).

### A.    The Discovery Sought Is Highly Relevant to the Central Factual Question of Actual Malice

Judge Sharbaugh's ruling was based in part on a clearly erroneous conclusion that discovery into the journalists' personal experience with charitable fundraising was insufficiently relevant to the litigation.  Such discovery is undisputedly relevant, but Judge Sharbaugh found that discovery into CBC journalists' personal experience with charitable fundraising was "attenuated

here, at best" from any litigated issue, and therefore not relevant enough to warrant the discovery requested. Ex. A at 29:1-3. To the contrary, however, the crux of the entire lawsuit is that CBC falsely reported that WE Charity's fundraising solicitations "routinely misled" its donors. *E.g.*, ECF No. 1-1 (CBC Article) at 3 ("WE Charity routinely misled school-aged children and wealthy philanthropists across North America for years as it solicited millions for schoolhouses in Kenya and other projects in its Adopt-A-Village program, an investigation by CBC's *The Fifth Estate* has found."). CBC's actual malice case will consist of arguing that its journalists subjectively understood WE Charity's fundraising solicitations to be misleading. To rebut the journalists' self-serving testimony about their understanding of WE's solicitations, WE Charity must obtain discovery on the lived experiences that necessarily informed their understanding.

As Plaintiff emphasized in its briefing, proving actual malice typically requires circumstantial evidence, including evidence that, *inter alia,* the journalist had information that contradicted the reporting. *See Biro v. Conde Nast,* 963 F. Supp. 2d 255, 277 (S.D.N.Y. 2013). Because this case requires WE Charity to prove actual malice, CBC journalists' prior experience with and knowledge about the topic of their reporting is highly probative of their state of mind when making statements about WE Charity's communications with its donors.[1] In other words, as Plaintiff's counsel explained during a December hearing on this issue, the journalists understanding of "how charities work" is central to this case. ECF No. 74-B at 28:10. The

---

[1] Judge Sharbaugh stated that because WE Charity asked the only CBC witness deposed to date, CBC Ombudsman Jack Nagler, about his experience with charitable donations, that "undercuts the legitimacy of the proffered basis for the discovery" sought because Mr. Nagler he is not a reporter. *See* Ex. A at 28:6-16. But the document discovery the Order denies is limited to seven journalists and does not include Mr. Nagler. *See* ECF No. 74-A at 20–21, 26. And WE Charity did not seek to reopen Mr. Nagler's deposition. Even so, it was not improper for WE Charity to ask the person at CBC responsible for overseeing CBC's journalistic standards and practices whether he had familiarity with the subject matter of CBC's reporting prior to moving on to questions specific to that reporting.

journalists lack deep *professional* experience with charities and therefore their knowledge can only be informed by their *personal* experience. Accordingly, their personal experience with charitable solicitations and communications are highly relevant.

Judge Sharbaugh's analysis also erred because it accepted CBC's mischaracterization of WE Charity's discovery requests as seeking only one specific type of donor communication, which led the Court to conclude that this single type of communication was insufficiently central to CBC's reporting to warrant the requested discovery. One of the types of charitable communications that CBC cited in its defamatory coverage were WE Charity "impact reports," *i.e.*, communications telling donors the positive impact a charity's work has achieved. Ex. A at 27:20-28:5. CBC incorrectly portrayed impact reports as the only (or nearly only) subject of WE Charity's discovery requests. To be sure, impact reports were important to CBC's reporting, with one such document giving rise to the title segment of CBC's documentary about an allegedly deceived donor, Watson Jordan. *See* Compl., ECF No. 1 ¶¶ 582-600. After mischaracterizing WE Charity's discovery requests as only seeking impact reports, CBC argued that such discovery was minimally relevant because "WE Charity 'impact reports' were just one among numerous sources for CBC's reporting." *See* ECF No. 71 at 1. But that is precisely why the discovery WE Charity seeks is not limited solely to impact reports, as WE Charity's briefing made clear. *E.g.*, ECF No. 74 at 4 (listing multiple types of "WE donor communications" at issue) and 5 ("while the impact reports were important to CBC's reporting, they were not the only donor communications that CBC relied on (and misconstrued)."). Judge Sharbaugh's finding that impact reports— specifically—were insufficiently important to CBC's reporting thus erroneously foreclosed broader discovery WE Charity has sought from CBC since the outset of the parties' discovery

dispute: "communications reflecting its journalists' knowledge of and prior experience with other charities." ECF No. 65 at 1.

Judge Sharbaugh's assertion that the relevance of the requested discovery is "attenuated here, at best" is inconsistent with the law regarding the evidence relevant to actual malice. Ex. A at 29:1-3. For example, in *Palin v. New York Times Co*., the Second Circuit found it was an abuse of discretion to exclude evidence of the reporter's personal experience because it was relevant to actual malice. *Palin v. New York Times Co*., 113 F.4th 245, 267 (2d Cir. 2024). That case concerned an editorial about politically motivated violence blaming Sarah Palin and her PAC for inspiring a shooting of Congresswoman Gabby Giffords by publishing a map with crosshairs superimposed over target house and senate races. *Id.* at 256-57. The district court excluded evidence that the reporter's brother was running for U.S. senate (as a Democrat) in the one of the crosshairs on the map. *Id.* at 275. The Second Circuit reversed, explaining that the reporter's personal experience with the subject matter of the reporting made it more likely he knew his story was false. *Id.* Likewise here, if the journalists had personal experience with charitable fundraising solicitations, they could be more likely to have known their reporting was false.

In its briefing, WE cited several other cases that likewise demonstrate the relevance of journalists' personal experience to actual malice. ECF No. 74 at 3-4; *see, e.g., Church of Scientology Int'l v. Behar*, 238 F.3d 168, 174 (2d Cir. 2001) (considering author's "personal experience" in determining whether author acted with actual malice); *Hi-Tech Pharms., Inc. v. Cohen*, 277 F. Supp. 3d 236, 249 (D. Mass. 2016) (when evaluating actual malice, the inquiry is "a reasonable person in [defendant's] position (with like experience and background)"). CBC cited no case law at all.

Notwithstanding that it was CBC's burden to show why it can withhold relevant documents, Judge Sharbaugh faulted WE Charity for not identifying a case rejecting the precise position taken by CBC.[2] This approach flipped the legal burden on its head. *Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005) ("the objecting party bears the burden of showing why discovery should *not* be allowed.") (emphasis added). Furthermore, Judge Sharbaugh misconstrued case law WE Charity provided the Court. For example, in one case WE Charity cited, *Church of Scientology*, 238 F.3d at 174, Judge Sharbaugh correctly noted it was the defendant who affirmatively put forward his personal experience. But that does not negate its relevance. In fact, it underscores Plaintiffs' concern. The CBC should not be permitted to affirmatively submit evidence based on its journalists' personal experience while shielding Plaintiff's discovery on the same subject. Under the Court's current order, the CBC is permitted to offer testimony from its journalists that is based—expressly or implicitly—on its reporter's personal experience with charities, but Plaintiff is not permitted to obtain discovery on the same subject.

Importantly, even if neither party is permitted to submit evidence related to the journalists' personal charitable fundraising experience, Plaintiff will be prejudiced. Because actual malice is a subjective inquiry, it requires an individualized analysis with respect to each journalist. *Palin,* 113 F.4th at 262. Generalized arguments that a reasonable person would know something about charitable giving do not hold water in the context of actual malice. Rather, if a reporter has had an idiosyncratic experience that would cause him to know his story is false, that must be taken into account when determining his state of mind. It would be impossible to weigh the credibility of a

---

[2] To the extent that neither WE Charity nor CBC identified a case addressing whether a defamation defendant can withhold discovery about their personal experience with the subject matter of defamatory news coverage, this may reflect that other defendants have thought better than to advance such a legally untenable assertion.

reporter's claim of subjective belief in his own story without having a complete picture of the experience that informed his reporting.

**B.    CBC Did Not Meet its "Good Cause" Burden for a Protective Order Under Rule 26(c)**

CBC did not show good cause to deny discovery into journalists' prior experience with charities.  Courts in this district repeatedly hold repeatedly held that the party seeking a protective order bears a *heavy* burden to establish that it should be granted. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs,* 249 F. Supp. 3d 516, 520 (D.D.C. 2017); *Ecomission Sols., LLC,* 2016 WL 4506974, at *2 (describing movant's burden as "heavy"). To do so, the movant "must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Alexander v. FBI,* 186 F.R.D. 71, 75 (D.D.C. 1998).

*First*, CBC's asserted privacy interests were unfounded. CBC argued the discovery sought "impose[s] an extraordinary and unprecedented invasion of multiple journalists' privacy." ECF No. 71 at 4.  CBC cited no legal authority to support its position that charitable giving is such a private act that it can overcome the general presumption of disclosure. *See Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.,* 322 F.R.D. 1, 6 (D.D.C. 2017) (citing the "broad presumption in favor of discovery of relevant information embodied in Rule 26"). Unlike personal financial information or sensitive medical information, personal charitable giving is not inherently private— especially given Plaintiff's proposal that CBC be permitted to redact the names of charities to which the journalists donated.  Indeed, the premise of CBC's defamatory coverage was that charitable donors often post their donations on social media.

During the hearing, Judge Sharbaugh explained that "the Court is somewhat concerned about the chilling effect in allowing this type of discovery in these types of cases." Ex. A at 31:13-

21. He cited the CBC's false analogy that "[u]nder WE Charity's logic, journalists reporting on sexual misconduct should be compelled to disclose their own sexual history, business and financial journalists their own personal finances, and so on." ECF No. 65 at 2-3. Judge Sharbaugh offered his own example that "a journalist reporting on Planned Parenthood, for example, might be required to disclose their own experiences with family issues and related matters." Ex. A at 31:13-21. But asking a journalist about her personal experience with abortion in a case about reporting on Planned Parenthood raises far greater privacy concerns than the discovery sought in the instant case. Discovery on a person's communications with charities and personal fundraising activity is far less invasive than discovery on their healthcare. Privacy inquiries under Rule 26(c) are case and fact specific. Thus, these hypothetical examples of invasive discovery requests, untethered to the facts of this case, are inapposite. Furthermore, neither the Order nor CBC identifies any legal basis for granting journalists special privacy protection over their personal actions.

*Second*, CBC did not move for a protective order over the discovery sought, and certainly did not meet its heavy burden of establishing that a protective order should be granted with factual support. If CBC wanted to shield relevant information from discovery over "privacy" concerns, it was required to request a protective order and support its request with a "specific demonstration of facts." *Alexander v. FBI,* 186 F.R.D. 71, 75 (D.D.C. 1998). CBC did not do so, and it was improper for Judge Sharbaugh to issue a protective order *sua sponte*, with no meaningful opportunity for the parties to brief the issue. CBC made no factual showing whatsoever—through declarations, exhibits, or otherwise—and simply relied on conclusory statements such as referring to the requested information as "extraordinarily invasive discovery."[3] ECF No. 71 at 5.  And

---

[3] This failure is especially notable given that Plaintiff engaged an e-discovery vendor to assess and prepare a detailed affidavit regarding CBC's *lack of burden* with respect to producing versions of linked documents. ECF No. 74 at 10.

despite multiple opportunities to do so, CBC did not cite a single case, law or rule in support of its objections to producing discovery about its journalists' personal experience with charities.

*Third*, any legitimate privacy interests are adequately protected by the existing protective order in this case.[4] Under that order, either party may designate documents containing "sensitive personal information" confidential. ECF No. 47 ¶ 1. Indeed, to address any perceived privacy concerns, WE already agreed that the CBC could redact from its documents the specific donation amounts and charity names. Numerous courts have held that, even in cases involving highly confidential and sensitive records, the entry of a protective order is sufficient to protect an individual's privacy interests, and privacy concerns therefore do not warrant restricting discovery outright. *See, e.g., Ramos v. Sessions,* 2018 WL 11511478, at *1 (D.D.C. Mar. 13, 2018) ("[T]he amended protective order, which strictly limits the sharing of confidential medical records, adequately addresses the privacy concerns"); *Diaz-Garcia v. Surillo-Ruiz,* 45 F. Supp. 3d 163, 169 (D.P.R. 2014) ("The Court therefore finds that any privacy interests implicated by the disclosure of personnel files will be adequately safeguarded by a protective order."). In fact, the D.C. Circuit has considered protective orders over far more sensitive information and found that less restrictive protective orders are sufficient to protect the asserted privacy interests. *See Alexander,* 186 F.R.D. at 58 (limiting the disclosure of "highly sensitive" medical records to "attorneys' eyes only"). Neither CBC nor Judge Sharbaugh relied on any legal authority supporting the position that the Protective Order is insufficient to protect CBC's journalists' privacy, and WE is aware of none.

---

[4] "Rule 26(c) is highly flexible" and designed to balance privacy interests with the need for disclosure. *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C. Cir. 1999). Where less restrictive means are available to protect a privacy interest, outright prohibitions on discovery are rarely appropriate under Rule 26(c).

Moreover, CBC made no attempt to satisfy its burden to *factually* support its assertion that the protective order would be inadequate to protect their privacy interests.

CBC has demanded that WE Charity produce, and CBC has received, records of thousands of individuals' private charitable contributions, with their privacy secured only by the Court's protective order. For example, CBC has in its possession years of WE Charity's entire general ledger. CBC has offered no explanation why the privacy protections for WE Charity's donors are not sufficient for their own employees' documents at issue in this litigation.

### C. The Discovery Sought Is Not Unduly Burdensome And, Even If It Were, Plaintiffs Should Be Permitted to Seek Deposition Testimony on the Subject

Once it is established that the discovery sought is relevant, the opponent of the request bears the burden "to explain why discovery should not be permitted." *Jewish War Veterans,* 506 F.Supp.2d at 42. Since there is no dispute that the information sought is relevant, it is CBC's burden to show the request is unduly burdensome. Discovery objections based on asserted burden "are improper unless based on particularized facts." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 358 (D. Md. 2008). CBC fell far short of meeting that burden. CBC did not provide facts—particularized or otherwise—supporting its conclusory assertion that the discovery sought would be burdensome.

Even if CBC had demonstrated an undue burden associated with producing the requested documents, such burden would not apply to deposition testimony. Respectfully, it was error for the Order to bar deposition testimony. The RFP issue was fully briefed and argued twice. At no point in these proceedings did Judge Sharbaugh request—nor did either party brief—the issue of how the outcome of this dispute might apply to the scope of allowable deposition testimony. Thus, at a minimum, the Court should reverse the Order as it pertains to deposition testimony.

Dated:        February 28, 2025

By:        /s/ *Joseph F. Kroetsch*
    Joseph F. Kroetsch

**BOIES SCHILLER FLEXNER LLP**
Joseph F. Kroetsch (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

Fax: (914) 749-8300
jkroetsch@bsfllp.com

*Attorney for Plaintiff*

14