UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WE CHARITY,

        Plaintiff,

   v.

THE CANADIAN BROADCASTING
CORPORATION,

        Defendant.

Case No. 22-cv-340-RDM-MJS

**ORDER ON SEALING MOTIONS**

      Among their recent discovery-dispute submissions, Plaintiff WE Charity ("WE Charity") and Defendant Canadian Broadcasting Company ("CBC") both filed motions to seal certain exhibits on the public record. (ECF Nos. 72, 73.) In articulating a basis for sealing, the motions relied exclusively on the fact that the exhibits at issue were marked "confidential" under the provisions of the parties' protective order. (ECF No. 47.) At the close of its recent hearing, the Court directed the parties to file supplemental motions that articulated a specific justification for continued sealing of any exhibit(s) they wished to maintain under seal. (ECF No. 78, Order ¶ 5.) After all, "the starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Southeast Comm. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). And without more, the mere fact that a document was designated as "confidential" under a protective order is insufficient to justify sealing. *See, e.g.*, *TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*, 718 F. Supp. 2d 90, 94–95 (D.D.C. 2010).

In filing its supplemental discovery brief, CBC originally moved to seal all the accompanying exhibits—Exhibits 1 through 13[1]—and moved to redact a line from its brief that quoted from an exhibit marked "confidential." (ECF No. 72.) CBC was the party that designated all these exhibits as "confidential" in discovery except for Exhibits 8 and 9, which were designated by WE Charity. For its part, WE Charity originally moved to seal about four dozen of the exhibits accompanying its supplemental brief—Exhibits E through L, Exhibit Q, Exhibits U through Z, Exhibits AA through BF, and Exhibit BK. (ECF No. 73.) Even though WE Charity filed the exhibits, CBC was the party that designated all as "confidential" except for Exhibits E and L, which are summary charts prepared by WE Charity based on documents produced by CBC.

The parties have since filed their supplemental submissions. (ECF Nos. 83, 84, 86.) In short, both sides now say that no continued sealing is necessary except for purposes of redacting personal email addresses and other discrete categories of information from certain exhibits.

Specifically, WE Charity now seeks continued sealing of CBC's Exhibits 8 and 9 only, and strictly for the limited purpose of redacting "the personal email addresses and personal phone numbers listed in the[] Exhibits" and "the name and amount of funds donated by the donor listed in Exhibit 9." (*See* ECF No. 84 at 1–2.) CBC's supplemental motion takes a similar approach. It no longer seeks "to keep the substance of any CBC-produced documents" under seal, opting instead to request only redactions of "email addresses and two personal addresses" on the public docket. CBC asks to redact Exhibits F–K, U–Z, and AA–BF, as well as its own exhibits that contain "email addresses" and "two personal addresses." (*See* ECF No. 86 at 1–2.)[2] On review, the Court

---

[1] This included Exhibit 10, a copy of CBC's Second Requests for Production of Documents to CBC, even though it was nowhere marked with a "confidential" designation as far as the Court can tell.

[2] CBC does not specify which of its own exhibits at ECF No. 72-2 it believes fall into this category. But based on the Court's own review, the relevant filings would be CBC's Exhibits 1, 7, 12, and 13.

2

concludes that the parties demonstrated a proper basis for the continued sealing of the limited categories of information they seek to redact on the docket.

As noted, there is a "strong presumption in favor of public access to judicial proceedings." *Johnson*, 951 F.2d at 1277. The D.C. Circuit employs "six factors to guide the inquiry into whether the presumption [for public access] is overcome":

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to the disclosure, and their identity; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Abdelhady v. George Washington Univ.*, 89 F.4th 955, 958 (D.C. Cir. 2024) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)). A district court has "wide discretion when balancing [these] factors," but it "must provide a 'full explanation' for its decision, detailed enough to permit 'review of [its] exercise of its discretion.'" *Id.* (quoting *In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022)).

Applied here, the relevant factors tilt in favor of allowing the requested redactions. First, the public has no obvious need to access the contact information and financial information at issue. Second, there is nothing before the Court to suggest that the information is already public. Third, WE Charity and/or CBC object to the disclosure of the information, and they have tailored their proposed approach by seeking to redact the sensitive information in lieu of wholesale sealing of the implicated exhibits. *See* Fed. R. Civ. P. 5.2(d) (authorizing redactions in lieu of full sealing). And fifth and sixth, the Court discerns no prejudice that would result from the requested redactions, especially considering that the information at issue has no direct bearing on the ultimate legal issues before the Court or the discovery disputes that were resolved by the Court.

Plenty of courts, including in this District, have approved requests to seal and redact similar information in other cases. *See, e.g.*, *Thomas v. Moreland*, 2024 WL 2846744, at *2 (D.D.C. June

3

4, 2024) (expressing "little difficulty concluding that personal cell phone numbers and [a personal] email address merit redaction" because the information was "irrelevant to the Court's analysis" and "the relevant individuals [had] a strong interest in keeping [this information] private"); *Globus Med. Inc. v. Jamison*, 2023 WL 4937386, at *3 (E.D. Va. Jan. 12, 2023) (similar); *Anderson v. New York City Health & Hosps. Corp.*, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (similar). Those same principles support the reasonably requested redactions here.

But that still leaves a few provisionally sealed exhibits that went unaddressed by both parties in their recent submissions: Exhibits 2–6 and 10–11 filed by CBC (ECF No. 72-2) and Exhibits D, E, L, and Q filed by WE Charity (ECF Nos. 73-1, 73-2, 73-9, 73-10). Because neither party seeks continued sealing of these exhibits, the Court will direct that they be unsealed.

Based on the foregoing, the Court **ORDERS** as follows:

1. WE Charity's narrowed motion to seal by redaction is **GRANTED**. The Court accepts the redacted versions of CBC's Exhibits 8 and 9 appended at ECF Nos. 84-1 and 84-2.

2. CBC's narrowed motion to seal by redaction is likewise **GRANTED**. By no later than March 14, 2025, CBC shall file a notice that appends:

    a. Appropriately redacted versions of CBC's Exhibits 1, 7, 12, and 13 (as previously filed at ECF No. 72-2);

    b. Unsealed and public versions of CBC's Exhibits 2–6 and 10–11 (as previously filed at ECF No. 72-2).

    c. An unredacted version of CBC's brief (ECF No. 72-1) because the only redaction was based on an exhibit that will be unsealed; and

    d. Appropriately redacted versions of WE Charity's Exhibits F–K, U–Z, and AA–BF (as previously filed as various attachments to ECF No. 73).

CBC should utilize cover pages that correlate each document to the prior filings (*e.g.*, "CBC's Exhibit 1 – Redacted," "WE Charity's Exhibit AA – Redacted," etc.).

3.  In light of the public and redacted versions CBC will be filing, the Clerk of Court shall maintain the documents and attachments filed at ECF No. 72 under seal. For the same reasons, the Clerk of Court shall maintain the documents and attachments filed at ECF No. 73 under seal, **except** for ECF Nos. 73-1, 73-2, 73-9, 73-10, which shall be **UNSEALED**. Finally, the Clerk of Court shall maintain the documents and attachments filed at ECF No. 83 under seal.

4.  This Order resolves the pending motions at ECF Nos. 72, 73, 83, 84, and 86.

**SO ORDERED.**

Dated: March 4, 2025

						MATTHEW J. SHARBAUGH
						United States Magistrate Judge