IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WE CHARITY,**<br><br>　　　　　　　**Plaintiff**,<br><br>v.<br><br>**CANADIAN BROADCASTING CORPORATION,**<br><br>　　　　　　　**Defendant**. | Civil Action No. 1:22-cv-00340-RDM |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR THE ISSUANCE OF LETTER ROGATORY TO PETER KOSKEI**

In accordance with 28 U.S.C. § 1781(b)(2) and Federal Rule of Civil Procedure 28(b), Defendant Canadian Broadcasting Corporation respectfully requests that the Court issue a Letter Rogatory in the form attached thereto, addressed to the Central Authority in Kenya (the Registrar of the High Court of Kenya), to compel documents and testimony from foreign witness Peter Koskei. On August 21, 2025, Plaintiff's counsel informed CBC's counsel via email that Plaintiff has no objection to CBC seeking the issuance of a letter rogatory for this witness.

## I.　　FACTUAL AND PROCEDURAL BACKGROUND

Since this Court is by now familiar with the background of this defamation case, it will not be repeated in detail here. In brief, Defendant Canadian Broadcasting Corporation's ("CBC") reporting at issue focused on how Plaintiff WE Charity raised and spent donations to construct primary schoolhouses in Kenya. Complaint, ECF No. 1 ("Compl.") ¶¶ 379-393; 411-422. During the course of its investigation, two CBC journalists travelled to Kenya in September 2021. Compl. ¶ 222. Some portions of the principal CBC publication at issue, a news documentary aired in November 2021 ("the Documentary"), include those journalists reporting

directly from Kenya. *See, e.g.,* Compl., Ex. D (Dkt. 1-4) at 18:12-16. One of the Kenyan villages CBC visited was Pimbiniet. Compl. ¶ 488. CBC reported that "[i]n Pimbiniet, we counted 20 schoolhouses. Our spreadsheet shows WE Charity had received donations to fully fund 48." *Id*. ¶ 494; *see also* Compl., Ex. D (Dkt. 1-4) at 30:18-21.

WE Charity alleges that CBC filmed some its Kenya school projects, including in Pimbiniet, without obtaining what WE Charity contends was necessary government authorization. It further alleges that the Documentary falsely stated and/or implied that WE Charity had impeded CBC's investigation in Kenya. Compl. ¶ 641.

Arrangements for CBC's trip to Kenya were made by a Kenyan freelance journalist, Mr. John Njiru, whom CBC retained for that purpose. *Id*. ¶ 246. CBC also retained the services of a freelance Kenyan videographer, Mr. Ishmael Azeli. *Id*., Ex. A (Dkt. 1-1) at 2. On February 20, 2025, Plaintiff filed a motion for this Court to issue Letters Rogatory to Mr. Njiru and Mr. Azeli compelling them to appear for depositions. ECF No. 81. While CBC did not concur with all the representations Plaintiff made in that motion, to facilitate the process CBC consented to the issuance of the Letters Rogatory without filing any Response. *Id*. at 1 n. 1. This Court issued the two requested Letters Rogatory on February 25, 2025. ECF Nos. 87-88.

On June 11, 2025, the Hon. Clara Otieno-Omondi of the High Court of Kenya at Nairobi issued an order appointing an examiner for the two depositions and ordering that they take place on September 17, 2025. Declaration of Nathan Siegel ("Siegel Decl."), **Ex. 1**. On June 26, 2025, Plaintiff's U.S. counsel e-mailed a copy of the Kenyan Order to CBC's counsel, stating that Plaintiff's Kenyan counsel had received the Order earlier that day. Although on its face the Kenyan Order refers to a deposition in a Nairobi courtroom, it is currently the Parties' understanding that the depositions will take place by videoconference.

4928-6886-4600v.2 0116066-000002

On June 23, 2025, four months after this Court issued Letters Rogatory for the depositions of Mr. Njiru and Mr. Azeli, Plaintiff served its Second Amended Rule 26 Disclosures.  Siegel Decl. **Ex. 2**.  The disclosures listed a Mr. Peter Koskei, a Kenyan resident, as a witness possessing "discoverable information regarding CBC's visit to Pimbiniet in September 2021."  *Id*. at 4.  On July 15, 2025 – three weeks after receipt of the Order compelling the depositions of Mrs. Njiru and Azeli - Plaintiff produced an affidavit signed by Mr. Koskei.

Mr. Koskei's affidavit was executed more than a year ago - on July 2, 2024.  Siegel Decl., **Ex. 3**.  The affidavit recounts that Plaintiff's lead U.S. counsel, Mr. Kroetsch, personally visited him in Pimbiniet on June 28, 2024 along with Marc Kielburger, WE Charity's Canadian co-founder and two WE Charity Kenyan employees. *Id*. ¶ 2.  Mr. Koskei states that the conversation was partly in Swahili and English, with one of the WE Charity employees providing any necessary translation.  *Id*. ¶ 3.  The Affidavit, which is entirely in English, was executed on July 2, 2024 after Mr. Koskei traveled to another Kenyan village where WE Charity has its Kenyan headquarters, and met with Robin Wiszowaty, the charity's Kenya Country Director.

Mr. Koskei's Affidavit states that he is the chairman of the primary school board for the community of Pimbiniet.  *Id*. ¶ 1.  He resides in Pimbiniet.  *Id*.  He states that he recalls the visit to Pimbiniet of CBC journalists and subsequently watched the Documentary.  He says that a "Kenyan journalist approached [him] on the school grounds", and that during the course of CBC's visit he spoke with the Kenyan journalist in Swahili.  *Id*. ¶¶ 5, 7, 19.  Mr. Koskei states that the Kenya journalist stated that they were from the "ministry", which Mr. Koskei states he understood to be the Kenyan Ministry of Education.  *Id*. ¶ 7.

3

Mr. Koskei also recounts that he also asked a "white journalist" about their permission to be at the school, who showed him a film permit issued by the Kenya Film Classification Board. *Id*. ¶¶ 8-10; Ex. A. The permit, which Mr. Koseki states that he photographed, says on its face that it was issued on behalf of "Canadian Broadcasting", with a Toronto address, for the purpose of filming a "Documentary" in "Nairobi County and Narok County" (Narok County is where most WE Charity projects are located, including Pimbiniet). *Id.*, Ex. A.

During the course of CBC's visit to Pimbiniet, its correspondent, Mark Kelley, spoke to a Kenyan gentleman in Pimbiniet and asked him some questions concerning the subject of CBC's investigation. Assuming that gentleman was Mr. Koskei, a brief excerpt from that conversation is included in the Documentary. Compl., Ex. D (Dkt. 1-4) at 30:3-10.

By this motion, CBC requests international judicial assistance to allow the Kenyan court to direct Mr. Koskei to appear for oral examination and to produce the original of Ex. A and other relevant documents.

## II.    ARGUMENT

**1. Applicable Legal Standard for the Issuance of Letters Rogatory**

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1781(b), courts routinely issue letters rogatory where the "movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (ordering issuance of letters rogatory to permit production of documents and the taking of depositions); *see also Progressive Mins., LLC v. Rashid*, 2009 WL 1789083, at *3 (N.D.W. Va. June 23, 2009) (same); *Goldberg v. Dufour*, 2020 WL 373206, at *1 (D. Vt. Jan. 23, 2020) (granting motion for the issuance of letters rogatory to depose foreign individuals).

4

"A court's decision to issue letters rogatory lies within its sound discretion." *Brey Corp. v. LQ Mgmt., L.L.C.*, 2012 WL 3127023, at *3 (D. Md. July 26, 2012). In determining whether to do so, the court "may not weigh the evidence that is to be adduced ... [or] attempt to predict, whether, in fact, the witnesses will be able to give the testimony [or documents] which [are] sought." *Dist. Title v. Warren*, 2016 WL 10749155, at *4 (D.D.C. Dec. 23, 2016). Instead, courts consider the principles in Federal Rule of Civil Procedure 26. *Id.* (explaining that "Federal Rule of Civil Procedure 28(b) functions within the larger discovery framework, outlined in Federal Rule of Civil Procedure 26."); *see also Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 5900155, at *2 (C.D. Cal. Aug. 17, 2020) ("[D]iscovery by letters rogatory is consistent with the liberal discovery provisions of Rule 26."); *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) ("In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26") (granting motion for the issuance of letters rogatory to allow plaintiff to take third party discovery abroad). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "'[R]elevance' for discovery purposes is broadly construed." *Food Lion, Inc. v. United Food & Com. Workers Int'l Union, AFL-CIO-CL*C, 103 F.3d 1007, 1012 (D.C. Cir. 1997).

"Where U.S. courts issue and then transmit letters rogatory directly to foreign courts for enforcement, courts in the receiving country enforce the letters rogatory pursuant to domestic statute or common law, or through bilateral treaties with the United States." *Lantheus*, 841 F. Supp. 2d at 777. "Both the issuance and enforcement of letters rogatory by U.S. and foreign courts 'rest entirely upon the comity of courts toward each other,'" and "request[s] for assistance

5

from one court to another [are] 'usually granted.'" *Id*. at 777-78 (citations omitted).[1]

### 2. The Issuance of a Letter Rogatory is Proper Because the Information Sought is Relevant and Material to this Action

A Letter Rogatory should issue because Mr. Koskei has information and knowledge relevant to this dispute. Plaintiff has identified him as a witness and produced a sworn affidavit. The request for international judicial assistance for the taking of oral and documentary testimony is attached as **Exhibit 4** to the Siegel Declaration.

Mr. Koskei's testimony is relevant to several issues in this litigation. Plaintiff has the burden of proving that the allegedly defamatory statements at issue were materially false. *Arpaio v. Zucker,* 414 F. Supp. 3d 84, 90 (D.D.C. 2019). In addition, in this case Plaintiff has the burden of proving, by clear and convincing evidence, that CBC published any materially false statements with "actual malice", i.e. with knowledge of their falsity or with reckless disregard for their truth. *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 589 (D.C. Cir. 2016).

The discovery sought from Mr. Koskei is relevant to both elements of Plaintiff's defamation claim. Plaintiff alleges that CBC falsely implied that WE Charity "was responsible for CBC's inability to visit and film at the schools it funded in Kenya," that CBC "failed to obtain government permission to visit and film at government-run schools," and that CBC "needed an excuse for not counting the schoolrooms that WE Charity funded, and so falsely claimed that WE Charity blocked it from doing so." Compl. ¶¶ 641-644. The Complaint further alleges that CBC knew such alleged statements or implications were false, in part because it alleges that its "film

---

[1] Because Kenya is not a signatory to the Hague Convention on the Taking of Evidence Abroad (*see* "Kenya Judicial Assistance Information," *U.S. Dept. of State*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Kenya.html), "compulsion of evidence in [Kenya] from an unwilling witness can only be achieved on the basis of comity, pursuant to a letter rogatory." *Image Processing*, 2011 WL 13312041, at *2.

crew" sought access to villages through "improper means", including by alleged misrepresentation. *Id.* ¶ 241. Mr. Koskei's interactions with a CBC journalist and the Kenyan freelancers are thus relevant to these elements of WE Charity's defamation claim.

Specifically, CBC seeks to obtain discovery concerning the following: (1) Mr. Koskei's communications with CBC journalists and freelancers in September 2021; (2) WE Charity's communications with Mr. Koskei regarding his interactions with those persons; (3) Mr. Koskei's understanding of what is set forth in English in his affidavit; (4) Mr. Koskei's knowledge regarding the construction of WE Charity schoolhouses and (5) any other relevant communications between Mr. Koskei and employees of WE Charity.   Siegel Decl., **Ex. 4**. CBC also requests that Mr. Koskei produce a digital copy of the photograph that is attached as Exhibit A to his affidavit, and any communications concerning CBC's visit to Pimbiniet with WE Charity, its counsel, or any government employees or officials.

Complying with this request will not be unduly burdensome for Mr. Koskei. That is especially so if, as it is the Parties' present understanding, the deposition will likely be conducted by videoconference.

### III.   CONCLUSION

For the foregoing reasons, CBC respectfully requests that this Court execute the proposed Letter Rogatory to Mr. Koskei, attached to this Motion, and return the executed version to CBC for delivery to the appropriate judicial authority in Kenya.

Dated: August 28, 2025

                        Respectfully submitted,

                        /s/ *Nathan Siegel*

                        Nathan Siegel (Bar No. 446253)
                        Courtney DeThomas (Bar No. 888304075)
                        DAVIS WRIGHT TREMAINE LLP
                        1301 K Street NW, Suite 500
                        Washington, DC  20005
                        Tel: (202) 973-4200
                        nathansiegel@dwt.com
                        courtneydethomas@dwt.com

                        Rachel Strom (*pro hac vice*)
                        DAVIS WRIGHT TREMAINE LLP
                        1251 Avenue of the Americas, 21st Floor
                        New York, NY 10020
                        Tel: (212) 489-8230
                        rachelstrom@dwt.com

                        *Counsel for Defendant*
                        CANADIAN BROADCASTING CORPORATION