## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WE CHARITY,

                *Plaintiff,*

  v.

THE CANADIAN BROADCASTING
CORPORATION,

                *Defendant.*

Civil Action No. 22-00340-RDM

## <u>DECLARATION OF NATHAN SIEGEL</u>

I, NATHAN SIEGEL, pursuant to 28 U.S.C. § 1746, state that I have personal knowledge of the facts set forth below and am competent to testify as follows:

1.      I am a partner at the law firm Davis Wright Tremaine LLP, and I represent the Defendant, Canadian Broadcasting Corporation ("CBC"), in this matter.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Hon. Clara Otieno-Omondi of the High Court of Kenya's order appointing an examiner for the depositions of Mr. Ishmael Azeli and Mr. John Njiru and ordering that they take place on September 17, 2025.

3.      Attached as **Exhibit 2** is a true and correct copy of Plaintiff's June 23, 2025 Second Amended Initial Disclosures, which list Mr. Koskei as possessing "discoverable information regarding CBC's visit to Pimbiniet in September 2021."

4.      Attached hereto as **Exhibit 3** is a true and correct copy of a July 2, 2024 affidavit signed by Mr. Koskei. Plaintiff produced this affidavit as **WE_0463394-WE_0463399** on July 15, 2025.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of the Letter Rogatory pursuant to 28 U.S.C. § 1781(B)(2) and Federal Rule of Civil Procedure 28(b) to obtain documentary and testimonial evidence from Mr. Peter Koskei.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 28, 2025

_____
Nathan Siegel

4929-3984-1880v.1 0116066-000002

# EXHIBIT 1

**REPUBLIC OF KENYA**
**IN THE HIGH COURT OF KENYA AT NAIROBI**
**IN THE MATTER OF THE FOREIGN TRIBUNALS EVIDENCE ACT, 1856 (19 and 20 Vict., c. 113)**
**AND IN THE MATTER OF A PROCEEDING NOW PENDING BEFORE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Between**

WE CHARITY----------------------------------------------------------------------------------------**PLAINTIFF**

CANADIAN BROADCASTING CORPORATION---------------------------------------------**DEFENDANT**


**IN CHAMBERS ON THE 11TH JUNE 2025**
**BEFORE HON. CLARA OTIENO OMONDI-REGISTRAR HIGH COURT**


**ORDER**

**UPON READING** the letter of request dated the 23rd of May 2025 by the Law Firm of Mohamed Muigai LLP acting on the instructions of the firm of Boies Schiller Flexner (BSF) representing the Plaintiff and the certificate of Hon. Randolph D. Moss US District Court Judge that proceedings are pending in the (US District of Colombia In the United States of America and that such court is desirous of obtaining the testimony of Ishmael Azeli and John Njiru

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. **THAT** the said witnesses do attend before **Hon. Eric Wambo Otieno** who is hereby appointed examiner herein at the **Milimani Law Courts, Chamber 129** on the ........17th.... day of ........September...... 2025. At 9.00 o'clock, or such other day and time as the said examiner may appoint, and do there submit to be examined upon oath, or affirmation, touching the testimony so required as aforesaid

2. **THAT** they do then and there produce the following documents, records and communications (whether via email, text, WhatsApp or otherwise) concerning CBC's 2021 Kenya Visit:
   a. Any communications between Mr Azeli and CBC personnel concerning CBC's 2021 Kenya visit
   b. Any communication between Mr Azeli and the Kenyan Government authorities and personnel concerning CBC's 2021 Kenya's visit.

c. Any communications obtaining permissions for CBC to conduct filming at schools in Kenya.

d. Any communications between Mr Azeli and local Kenyans and or employees, personnel, or affiliates of WE charity concerning CBC's 2021 Kenya visit and

e. Any audio or visual recordings taken during CBCs 2021 Kenya Visit, to the extent original versions of such recordings were not produced by CBC to WE Charity in the litigation.

3. **THAT** it is further ordered that the said examiner do take down in writing the evidence of the said witness, or witnesses, according to the rules and practice of the High Court of Kenya pertaining to the examination and cross-examination of witnesses (or as may be otherwise directed); and do cause each and every such witness to sign his or her depositions in his, the said examiner's, presence; and do sign the depositions taken in pursuance of this order and, when so completed, do transmit the same, together with this order, to the Registrar of the High Court of Kenya, Nairobi, for transmission to the President of the said Tribunal desiring the evidence of such witness or witnesses

**DATED** this          11th     day of                    June                    2025

**CLARA OTIENO-OMONDI**

**HIGH COURT OF KENYA**

**REGISTRAR**

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WE CHARITY,

               *Plaintiff,*

vs.

THE CANADIAN BROADCASTING
CORPORATION,

               *Defendant.*

Civil Action No.  22-00340-RDM

## PLAINTIFF WE CHARITY'S SECOND AMENDED DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, plaintiff WE Charity, through its undersigned counsel, provides the following First Amended Rule 26 disclosures.

WE Charity's Rule 26 disclosures are made without waiving any objection to evidence described or suggested herein on the grounds of authenticity, relevance, competency, privilege, work product, hearsay, or any other proper ground. WE Charity also reserves the right to object to any subsequent discovery request by defendant, even if directed to subject matter described herein.

These Rule 26 disclosures are based upon information currently in WE Charity's possession, custody, or control. Discovery, fact investigation, and trial preparation are ongoing, and WE Charity reserves the right to supplement or amend these disclosures in light of further discovery, investigation, and trial preparation, including as to other individuals whose names appear in documents to the extent they become relevant. WE Charity reserves the right to rely on discoverable information from sources identified in the initial disclosures of any party.

These Rule 26 disclosures are made pursuant to the parties' Rule 26(f) report and their

1

agreement to limit the scope of initial disclosures to the requirement of Rule 26(a)(1)(A)(i)—"the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

## <u>RULE 26(a)(1) DISCLOSURES</u>

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on current information, the individuals identified below are likely to have discoverable information that WE Charity may use to support its claims in this action, other than for impeachment purposes.

The inclusion of a name on this list is not a statement by WE Charity that the named individuals necessarily have discoverable information and the description in this list of the subject matter of the information that WE Charity might obtain from an individual refers to the principal subject matter of that information and does not exclude other subjects that might be relevant to claims or defenses in this action. This list does not include experts and/or consultants who might be retained. At the present time, WE Charity contemplates relying on discoverable information from the following persons at trial, including any persons identified pursuant to Rule 26(a)(1) by the defendant, which are incorporated herein:

| Name and Title | Subject | Last Known or Current Contact Information |
|---|---|---|
| Marc Kielburger | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | c/o Joseph Kroetsch Boies Schiller Flexner LLP 333 Main Street Armonk, NY 10504 914 749 8388 jkroetsch@bsfllp.com |
| Craig Kielburger | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the | c/o Joseph Kroetsch Boies Schiller Flexner LLP 333 Main Street |

| | | |
|---|---|---|
| | damage to WE Charity's reputation that the defamatory statements caused. | Armonk, NY 10504<br>914 749 8388<br>jkroetsch@bsfllp.com |
| Dalal Al-Waheidi | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | c/o Joseph Kroetsch<br>Boies Schiller Flexner LLP<br>333 Main Street<br>Armonk, NY 10504<br>914 749 8388<br>jkroetsch@bsfllp.com |
| Robin Wiszowaty | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | c/o Joseph Kroetsch<br>Boies Schiller Flexner LLP<br>333 Main Street<br>Armonk, NY 10504<br>914 749 8388<br>jkroetsch@bsfllp.com |
| Carolyn (Carol) Moraa | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | c/o Joseph Kroetsch<br>Boies Schiller Flexner LLP<br>333 Main Street<br>Armonk, NY 10504<br>914 749 8388<br>jkroetsch@bsfllp.com |
| Scott Baker | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | c/o Joseph Kroetsch<br>Boies Schiller Flexner LLP<br>333 Main Street<br>Armonk, NY 10504<br>914 749 8388<br>jkroetsch@bsfllp.com |
| Serena Zhang | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | c/o Joseph Kroetsch<br>Boies Schiller Flexner LLP<br>333 Main Street<br>Armonk, NY 10504<br>914 749 8388<br>jkroetsch@bsfllp.com |
| Rukshan de Silva | This individual has discoverable information regarding the falsity of the defamatory statements at issue. | Unknown |
| Watson Jordan | This individual has discoverable information regarding the falsity of the defamatory statements at issue. | watson@sprinklecaldwell.com |
| Laurie Styron | This individual has discoverable information regarding the falsity of the defamatory statements at issue. | c/o Kate Saba<br>Debevoise & Plimpton LLP<br>ksaba@debevoise.com<br>212 909 6760 |

| Kenneth Froese | This individual has discoverable information regarding the falsity of the defamatory statements at issue. | Delta Consulting Group 416.926.4212 kfroese@delta-cgi.com |
|---|---|---|
| Justus Mwendwa | This individual has discoverable information regarding the falsity of the defamatory statements at issue. | c/o Joseph Kroetsch Boies Schiller Flexner LLP 333 Main Street Armonk, NY 10504 914 749 8388 jkroetsch@bsfllp.com |
| Heather Harkness | This individual has discoverable information regarding the damage to WE Charity's reputation that the defamatory statements caused. | c/o Joseph Kroetsch Boies Schiller Flexner LLP 333 Main Street Armonk, NY 10504 914 749 8388 jkroetsch@bsfllp.com |
| Martin Luther King III | This individual has discoverable information regarding the damage to WE Charity's reputation that the defamatory statements caused. | c/o Joseph Kroetsch Boies Schiller Flexner LLP 333 Main Street Armonk, NY 10504 914 749 8388 jkroetsch@bsfllp.com |
| Cara France | This individual has discoverable information regarding the damage to WE Charity's reputation that the defamatory statements caused. | c/o Joseph Kroetsch Boies Schiller Flexner LLP 333 Main Street Armonk, NY 10504 914 749 8388 jkroetsch@bsfllp.com |
| Peter Koskei | This individual has discoverable information regarding CBC's visit to Pimbiniet in September 2021. | +254 728 869067 PO Box 79 Amalo Narok County, Kenya Pimbiniet Community, Enelerai Location, Narok West Subcounty, Narok County, Kenya |
| Stuart McLaughlin | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | somclaughlin@gmail.com |
| Donna Danielli | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | daniellid@hdsb.ca |

| Greg Rogers | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | gregory.rogers@tcdsb.org |
| Donna McFarlane | This individual has discoverable information regarding the falsity of the defamatory statements at issue and the damage to WE Charity's reputation that the defamatory statements caused. | mcrobdon@hotmail.com |

Dated:        June 23, 2025                Respectfully Submitted,


                                           /s/ Joseph F. Kroetsch

                                           Joseph F. Kroetsch (*pro hac vice*)
                                           BOIES SCHILLER FLEXNER LLP
                                           333 Main Street
                                           Armonk, NY 10504
                                           Tel: (914) 749-8200
                                           Fax: (914) 749-8300
                                           jkroetsch@bsfllp.com

                                           Amy L. Neuhardt (Bar No. 996791)
                                           BOIES SCHILLER FLEXNER LLP
                                           1401 New York Avenue, NW
                                           11th Floor
                                           Washington, DC 20005
                                           Tel: (202) 274-1137
                                           Fax: (202) 237-6131
                                           aneuhardt@bsfllp.com

                                           John LaSalle
                                           Sabina Mariella
                                           BOIES SCHILLER FLEXNER LLP
                                           55 Hudson Yards
                                           New York, NY 10001
                                           Tel: (212) 754-4541
                                           smariella@bsfllp.com

                                           *Attorneys for Plaintiff WE Charity*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 23, 2025, I caused a true and correct copy of the foregoing document to be transmitted via electronic mail to all counsel of record in the above-referenced matter.

<u>/s/  Alexander Law</u>
Alexander Law

# EXHIBIT 3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WE CHARITY,

*Plaintiff,*

vs.                                                              Civil Action No. 1:22-cv-00340; RDM

CANADIAN BROADCASTING
CORPORATION,

*Defendant.*

### AFFIDAVIT OF PETER KOSKEI

I, Peter Chruiyot Koskei, pursuant to 28 U.S.C. § 1746, state that I have personal knowledge of the facts set forth below and am competent to testify as follows:

1.      I am the chairman of the primary school board for the community of Pimbiniet, in Narok County, Kenya. I reside in the community of Pimbiniet and have lived there for my entire life. I am 42 years old and was born in Pimbiniet.

2.      On June 28, 2024, I was walking along the street outside of the entrance to Pimbiniet Primary School. Marc Kielburger and Joseph Kroetsch emerged from a car and greeted me. I had never met either person before. They also introduced me to Justus Mwendwa and Benson Sigei.

3.      Mr. Mwendwa asked me if I remembered journalists visiting from Canada in 2021, and I told him that I remember it well. I then discussed my recollection of that visit with Mr. Mwendwa, Mr. Sigei, and Mr. Kroetsch. The discussion was in a mixture of English and Swahili, and Mr. Mwendwa assisted with translating to the extent that was necessary.

4.      I subsequently met with these gentlemen as well as Farrah Ibrahim and Robin Wiszowaty at Bogani on July 2, 2024 and further discussed my recollection of CBC's visit to Pimbiniet in September 2021.

5.      Most of my discussions with CBC, including all discussions with their white journalists, were in English.  There may have been brief moments in which I spoke in Swahili with their Kenyan colleagues.

6.      When I saw the CBC journalists in the primary school, I welcomed them to Pimbiniet.  These were the first journalists I recall ever seeing in Pimbiniet.  I did not know they would be coming.

7.      A Kenyan journalist approached me on the school grounds. I asked him, how did you come to this school?  He said I have come from the ministry, which I understood to refer to the ministry of education.

8.      I then asked one of the white men with CBC for the permission they had to be at the school.  The white man showed me a copy of a letter.  I told Messrs. Kroetsch, Mwendwa and Sigei when we spoke on June 28, 2024 that I remembered the letter said "the Fifth Estate."  They had not mentioned this name to me.

9.      I also told Messrs. Kroetsch, Mwendwa and Sigei that I thought I had taken a photograph of that letter.  I subsequently located that photo. A true and correct copy of that photo is attached as Exhibit A.

10.     When CBC showed me their letter, I assumed it was sufficient.

11.     I explained to CBC how the community had benefited from WE Charity.  I told CBC that ever since WE started working with Pimbiniet, the number of students going to public universities has gone up.  We discussed classrooms built by WE Charity, and I showed CBC a cow

2

and explained that there is also a dairy project in the community supported by WE Charity. CBC and I talked about my own children going to the WE Charity-funded school in Pimbiniet.

12.     After that conversation, the white person asked me questions. He asked me why there was so much new construction taking place in 2021. I told him that asking me that is like asking me why people are still having babies in the community. I said that building has no limit.

13.     I told CBC that WE Charity brought water to the villages.

14.     Early in the discussion, I told the people from CBC that every time I see white people coming up to the community, we know there is something good coming. This is because it is usually someone from the charity.

15.     One of the white men showed me a photo of a school and said there was a class that they were looking for. I initially thought they had built the classroom themselves and it was missing, so I asked them if they built the class. I said that if you built the classroom, you should know where it is. They asked if they could look for the class and I told them that they were free to move around.

16.     The white man then asked me, "do you work for FTC." I said "no." I told them I am a beneficiary because my children are learning here and I have water at home. The white journalist asked me if there are any teachers here employed by FTC. I told them that the teachers are employed by the government and the school board (the board of management). I told him that we do not distinguish between the government and school board teachers.

17.     At one point during the discussion, I explained to CBC that when outsiders arrive without notice, we wonder who they are. In Pimbiniet, we are used to seeing WE Charity facilitators who we know. So, I told CBC that I wondered if they were with WE Charity, or "others". The Kenyan journalist asked me about "bad people," which I had not mentioned, and I

3

WE_0463396

did not know what he meant by "bad people." He asked me why I'd be worried about others, and I explained that we do not have projects funded by anyone other than WE Charity.

18.     CBC asked me about letters and numbers that were on some of the schools. I told him that when we are given something, we appreciate what we have been given by WE Charity and so I could not comment. I recall that some schools in Pimbiniet had these letters and numbers, and some did not.

19.     I spoke briefly with the Kenyan journalist in Swahili towards the end of our discussion. He asked me why I was in the school at the time. I told him that we do routine checks at the school, and when someone comes, we welcome them. He asked me if I was the school chairperson; I said no because I was not yet chairman at that time.

20.     I saw the CBC documentary on YouTube several years ago.

21.     It is a normal practice for the community to change the function and use of the structures that WE Charity built. For example, approximately two years ago, we changed several classrooms to teacher accommodations because that is what the community needed. We did not tell WE Charity about these changes

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:     July 2, 2024
              Narok County, Kenya



_____
Peter Chruiyot Koskei (ID# 34732449)

4

# EXHIBIT A

Confidential



Confidential

WE_0463399

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WE CHARITY,** | |
| **Plaintiff**, | Civil Action No. 1:22-cv-00340-RDM |
| **v.** | |
| **CANADIAN BROADCASTING CORPORATION,** | |
| **Defendant**. | |

**LETTER ROGATORY PURSUANT TO 28 U.S.C. § 1781(B)(2) AND
U.S. FEDERAL RULE OF CIVIL PROCEDURE 28(B)
TO OBTAIN DOCUMENTARY AND TESTIMONIAL EVIDENCE FROM:**

**PETER KOSKEI**

The United States District Court for the District of Columbia, in the United States of America, presents its compliments to the appropriate judicial authority of Kenya and requests international assistance to obtain needed evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests that the appropriate judicial authority of Kenya compel the production of documents and testimony from Kenyan resident Peter Koskei.  The assistance described below is necessary in the interests of justice.

    1.    **Requesting Authority/Sender:**

    Hon. Randolph D. Moss
    U.S. District Court for the District of Columbia
    E. Barrett Prettyman U.S. Courthouse
    333 Constitution Ave., N.W.
    Washington, D.C. 20001

**2.**    **Central Authority of the Requested State:**

Hon. Clara Otieno-Omondi
Registrar of the High Court of Kenya
Milimani Law Courts
Ngong Road, Upper Hill Close, Nairobi, Kenya
P.O. Box 30041-00100, Nairobi

**3.**    **Persons to whom Executed Request is to be Returned:**

Counsel for Plaintiff:

Joseph Kroetsch
Boies Schiller Flexner LLP
333 Main St,
Armonk, NY 10504
United States of America
jkroetsch@bsfllp.com

Sabina Mariella
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 1001
United States of America
smariella@bsfllp.com

Counsel for Defendant:

Nathan Siegel
1301 K Street N.W., Suite 500 East
Washington, D.C. 20005
United States of America
nathansiegel@dwt.com

Rachel Strom
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
United States of America
rachelstrom@dwt.com

**4.**    **Date by which Requesting Authority Requires Response to the Letter of Request:**

This Court requests receipt of a response to this request as soon as reasonably practicable, consistent with your calendar and the laws of Kenya.

5. **Case Information:**

a. <u>Case Name and Number</u>: *WE Charity v. Canadian Broadcasting Corporation*, Case No. 22-cv-340-RDM (U.S. Dist. Court for the Dist. Of Columbia)

b. <u>Identities of the Parties and their Representatives</u>:

   **i. Plaintiff:**

   WE Charity
   6500 Main St, Suite 5
   Williamsville, NY 14221
   United States of America

   **ii. Plaintiff's Counsel:**

   Joseph Kroetsch
   Boies Schiller Flexner LLP
   333 Main St,
   Armonk, NY 10504
   United States of America
   jkroetsch@bsfllp.com

   Sabina Mariella
   Boies Schiller Flexner LLP
   55 Hudson Yards
   New York, NY 10001
   United States of America
   smariella@bsfllp.com

   **iii. Defendant:**

   Canadian Broadcasting Corporation
   529 14th St NW
   Washington, D.C. 20045
   United States of America

   **iv. Defendant's Counsel:**

   Nathan Siegel
   1301 K Street N.W., Suite 500 East
   Washington, D.C. 20005
   United States of America
   nathansiegel@dwt.com

Rachel Strom
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
United States of America
rachelstrom@dwt.com

**6.      Description of the Case:**

Plaintiff WE Charity ("Plaintiff" or "WE Charity") is an American non-profit organization

that is part of a Canadian-based charity, the WE Organization, which for many years frequently

conducted charitable work in Kenya through affiliates in Kenya, including Free the Children

Kenya.   Its work included building schoolrooms in villages.  This action arises from several news

stories that Defendant Canadian Broadcasting Corporation ("Defendant" or "CBC") published in

2021 and 2022.

Plaintiff's Allegations

WE Charity alleges that CBC's news stories falsely accused WE Charity of making

misrepresentations to its donors and failing to deliver on schoolrooms that WE Charity promised

to build in Kenya. WE Charity contends CBC's publications also falsely accused WE Charity of

blocking CBC's attempts to visit and film at schools in Kenya. WE Charity initiated this civil

lawsuit in February 2022, contending that it had not misled its donors, and that CBC's reporting

was false and defamatory.

Defendant's Response

Defendant CBC denies that its news reports were false and defamatory, and among other

defenses contends that WE Charity did in fact mislead its donors about whether their donations

would be used to build primary school classrooms in Kenya.

4

<u>The Lawsuit to Date</u>

WE Charity sued CBC for defamation, breach of contract, promissory estoppel, and negligent misrepresentation.  In May 2022, CBC filed a Motion to Dismiss, alleging that the complaint should be dismissed because the case should be litigated in Canada, rather than the United States.  In June 2023, the Court dismissed Plaintiff's three non-defamation claims on jurisdictional grounds while permitting the defamation claims to go forward in the United States. The parties have been engaged in discovery since 2023.

Copies of the Complaint, Answer, and the Court's June 2023 Opinion shall be submitted with this request.

Following the issuance of Letters Rogatory by this Court, the Hon. Clara Otieno-Omondi of the High Court of Kenya at Nairobi issued an order appointing an examiner for two depositions in this matter and ordered that those depositions take place on September 17, 2025.  The two Kenyan citizens set to be deposed are Mr. Ishmael Azeli, a freelance videographer who assisted CBC with its reporting, and Mr. John Njiru, a freelance journalist who also assisted CBC with its reporting arrangements.

Defendant now makes this request so that it can obtain needed evidence from another foreign witness residing in Kenya, Mr. Peter Koskei.  Mr. Koskei is the chairman of the primary school board for the community of Pimbiniet, in Narok County.  Mr. Koskei spoke to a CBC journalist and a freelance journalist when they visited Pimbiniet in September 2021, and he was interviewed on camera by a CBC journalist.  In June and July 2024 Mr. Koskei met with WE Charity's American counsel and several of its Kenyan affiliate's employees.  Mr. Koskei then

4903-3557-1288v.1 0116066-000002

signed a sworn affidavit that he provided to WE Charity for its use in the lawsuit, in which he describes his interactions with CBC and the freelancers during their visit to Pimbiniet.

7.    **Identity and Address of Person to be Examined or Person from Whom Documents are Requested:**

Peter Koskei
P.O. Box 79
Amalo
Narok County, Kenya
Phone: +254 728 869067

8.    **Evidence to be Obtained:**

a.  **Oral Testimony**

It is requested in the interests of justice, and to enable this Court to determine the issues pending before it, that you compel the oral testimony of Peter Koskei, who is believed to have knowledge relevant to the complaint and defenses thereto, and whose testimony is material and necessary to the matter pending before this Court.  Thus, the interests of justice will be furthered if Peter Koskei is questioned, under oath, as to his knowledge of those facts.

Peter Koskei is expected to have relevant information regarding CBC's conduct during their 2021 visit to Kenya, Plaintiff's investigation of that conduct and projects in Pimbiniet funded by Plaintiff and its affiliates.

b.  **Documents**

It is also requested in the interests of justice, and to enable this Court to determine the issues pending before it, that you compel, by your proper and usual process, the production of documents from Peter Koskei.  This evidence is also material and necessary to the matter pending before this Court.  Defendant expects Peter Koskei to have important information about CBC's conduct during its 2021 Kenya visit.

6

**9.      Documents or other property to be inspected:**

a.  The following documents, records, and communications (whether via email, text, WhatsApp, or otherwise), concerning CBC's 2021 Kenya visit:

    i.  Any communications between Peter Koskei and any employees of Plaintiff or its affiliates concerning CBC's 2021 visit to Pimbiniet, including but not limited to Robin Wiszowaty, Carol Moraa, Justus Mwenda, Benson Sigei and Marc Kielburger;

    ii.  Any communications between Peter Koskei and any counsel for Plaintiff concerning CBC's 2021 visit to Pimbiniet, including but not limited to Joseph Kroetsch and Sabina Mariella;

    iii.  Any communications between Peter Koskei and any government authorities, personnel or officials concerning CBC's 2021 Kenya visit;

    iv.  A digital copy of a photograph of a film license that was attached as Exhibit A to Mr. Koskei's Affidavit.

**10.     Subject Matter About which the Person is to be Examined:**

a.  The witness will be questioned about the conduct and activities of CBC journalists and freelancers during the 2021 Kenya visit, including his interactions with any of them;

b.  The witness will be questioned about all topics contained in the Affidavit he executed on July 2, 2024 and provided to Plaintiff;

c.  The witness will be questioned about any communications he had with Plaintiff about his affidavit and CBC's 2021 Kenya visit; and

d.  The witness will be questioned about any relevant knowledge he may have

7

concerning the construction of schoolrooms by Plaintiff's affiliates in Pimbiniet.

**11.    Any Requirement that the Evidence be Given on Oath or Affirmation and Any Special Form to be Used**

This Court respectfully requests that you cause, by your proper and usual process, the subject of questioning to be summoned to appear before you or some competent officer authorized by you, on a date mutually agreed upon by the witness and the parties, to give testimony upon oral examination on the topics set above.

The examination of the witness should be taken under oath before (1) a secretary of the embassy, consul general, vice-consul or consular agent of the United States of America or any officer authorized to administer oaths under the laws of the United States or of Kenya, or (2) a person appointed by the Kenyan court and empowered to administer oaths and take testimony according to the laws of Kenya.

This Court further requests that you require the testimony to be given under the following oath: "I, [name of deponent], do swear (or affirm) that the testimony that I am about to give is the truth, the whole truth, and nothing but the truth."  If the laws of Kenya do not permit the swearing of such an oath, the duly appointed officer shall make inquiry of the witness to ensure that he or she understands the gravity of the procedure and affirms that his or her statement will be true and correct.

Furthermore, this Court requests and gives you the necessary capacity to impose on the witness any of the enforcement measures applicable under the procedural laws of Kenya, which suffice to ensure that said witness is correctly and timely brought to your court to appear and be examined by the parties.

4903-3557-1288v.1 0116066-000002

12.    **Special Methods or Procedures to be Followed:**

   a.  **Stenographer and Transcript**

This Court requests that the examination be taken before a commercial stenographer and that a verbatim transcript be produced, and that a copy be sent to the above address listed for the parties' counsel.  Counsel for the parties will cover the costs of such transcription, and, if the oral examination takes place via remote videoconferencing means, then counsel for the parties will arrange for such transcription.

   b.  **Attorneys Participating in Questioning**

This Court requests that counsel for all parties be notified of the date, time, and place of the examination and that counsel be allowed to appear at the examination and participate by asking questions of the witness referred hereto, in full oral examination, on the topics described above. The Court requests that the examination include both questions posed by counsel for CBC and any cross-examination by counsel for WE Charity.   If the laws of Kenya do not allow foreign attorneys to appear for questioning, this Court requests that the local counsel for each party be allowed to appear at the examination and to participate, including by asking questions of the witness.   The local counsel designated to act in connection with this request are:

> **Plaintiff's local counsel**:
>
> Emmanuel Wetangula
>
> Dennis Mungai
>
> Mohammed Muigai Advocates LLP
>
> MM Chambers, 4th Floor
>
> K-Rep Plaza, Centre Wood Avenue, Off Lenana Road
>
> Kilimani, Nairobi, Kenya

4903-3557-1288v.1 0116066-000002

**Defendant's local counsel**:

Cosima Wetende

Kaplan & Stratton

Williamson House, 4th Ngong Avenue

P.O. Box 40111 – 00100, Nairobi, Kenya

Should no attorneys be allowed to participate in the questioning, the parties request the opportunity to submit specific questions for the examination.

### c. Confidentiality

This Court requests that the evidence produced pursuant to your enforcement of this request shall not be used by anyone in any manner or proceeding other than this matter, *WE Charity v. Canadian Broadcasting Corporation*, Case No. 22-cv-340-RDM (U.S. Dist. Court for the Dist. Of Columbia).

This Court requests that the execution of this request may be effectuated with the participation of Plaintiff's local counsel and Defendant's local counsel, and that such counsel be authorized in accordance with and in the broadest sense of Kenyan law to ensure the execution of this request for evidence. The local counsel designated to act in connection with this request are as listed above in ¶ 12(b).

**13. Request for Attendance or Participation of Judicial Personnel:**

No attendance or participation of judicial personnel is requested.

**14. Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin:**

The privilege or duty of the witness to refuse to give evidence shall be the same as if he or she were giving evidence under the applicable provisions of the Federal Rules of Civil Procedure,

4903-3557-1288v.1 0116066-000002

including if giving such evidence would disclose a confidential and privileged communication between the witness and his or her attorney.

**15.    Reimbursements of Fees and Costs:**

The parties are willing to reimburse the appropriate judicial authority of Kenya for costs incurred in executing the special procedures requested. This Court will enforce any right of reimbursement that you may have in connection with costs incurred for executing this letter rogatory.

**16.    Reciprocity:**

This Court greatly appreciates the judicial authority's assistance in obtaining evidence in this matter. This Court is willing to provide similar assistance to judicial authorities in Kenya should judicial authority in Kenya so require.

WITNESS, Honorable Judge Randolph D. Moss: Judge in the United States District Court for the District of Columbia, and the seal thereof:

Dated this _____ day of _____, 2025

_____

**Judge Randolph D. Moss**

Dated this _____ day of _____, 2025

_____

**Clerk of Court**

11