UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WE CHARITY,<br><br>                          Plaintiff,<br>v.<br><br>CANADIAN BROADCASTING<br>CORPORATION,<br><br>                          Defendant. | Case no. 22-cv-340-RDM |

## LETTER ROGATORY PURSUANT TO 28 U.S.C. § 1781(B)(2) AND U.S. FEDERAL RULE OF CIVIL PROCEDURE 28(B) TO OBTAIN DOCUMENTARY AND TESTIMONIAL EVIDENCE FROM IVOR GOTTSCHALK AND WILLIAMS MEADEN & MOORE INC.

The United States District Court for the District of Columbia, in the United States of America, presents its compliments to the appropriate judicial authority of Canada and requests international assistance to obtain needed evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests that the appropriate judicial authority of Canada compel the production of documents and testimony from Canadian resident Ivor Gottschalk and documents from his employer, Canadian corporation Williams Meaden & Moore Inc. ("WMM"). The assistance described below is necessary in the interests of justice.

1. **Requesting Authority/Sender:**

   Hon. Randolph D. Moss
   U.S. District Court for the District of Columbia
   E. Barrett Prettyman U.S. Courthouse
   333 Constitution Ave., N.W.
   Washington, D.C. 20001

2. **Central Authority of the Requested State:**

   Ontario Superior Court of Justice – Toronto Region
   330 University Avenue
   Toronto, Ontario M5G 1R7

3. **Persons to whom Executed Request is to be Returned:**

   Counsel for Plaintiff:

   Joseph Kroetsch
   Boies Schiller Flexner LLP
   333 Main St,
   Armonk, NY 10504
   United States of America
   jkroetsch@bsfllp.com

   Sabina Mariella
   Boies Schiller Flexner LLP
   55 Hudson Yards
   New York, NY 1001
   United States of America
   smariella@bsfllp.com

4. **Date by which Requesting Authority Requires Response to the Letter of Request:**

   This Court requests receipt of a response to this request as soon as reasonably practicable, consistent with your calendar and the laws of Canada.

5. **Case Information:**

   a. <u>Case Name and Number</u>: *WE Charity v. Canadian Broadcasting Corporation*, Case No. 22-cv-340-RDM (U.S. Dist. Court for the Dist. Of Columbia)

   b. <u>Identities of the Parties and their Representatives</u>:

      i. **Plaintiff:**

         WE Charity
         6500 Main St, Suite 5
         Williamsville, NY 14221
         United States of America

2

ii. **Plaintiff's Counsel:**

Joseph Kroetsch
Boies Schiller Flexner LLP
333 Main St,
Armonk, NY 10504
United States of America
jkroetsch@bsfllp.com

Sabina Mariella
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
United States of America
smariella@bsfllp.com

iii. **Defendant:**

Canadian Broadcasting Corporation
529 14th St NW
Washington, D.C. 20045
United States of America

iv. **Defendant's Counsel:**

Nathan Siegel
1301 K Street N.W., Suite 500 East
Washington, D.C. 20005
United States of America
nathansiegel@dwt.com

Rachel Strom
1301 K Street N.W., Suite 500 East
Washington, D.C. 20005
United States of America
rachelstrom@dwt.com

Courtney DeThomas
1301 K Street N.W., Suite 500 East
Washington, D.C. 20005
United States of America
courtneydethomas@dwt.com

Amanda Levine
1251 Avenue of the Americas
New York, NY 10020
United States of America
amandalevine@dwt.com

6. **Description of the Case:**

Plaintiff WE Charity ("Plaintiff" or "WE Charity") is an American non-profit organization that frequently conducts charitable work in Kenya, such as building schoolrooms in low-income villages. This action arises from several news stories that Defendant Canadian Broadcasting Corporation ("Defendant" or "CBC") published in 2021 and 2022, which WE Charity contends falsely accused WE Charity of making misrepresentations to its donors and failing to deliver on schoolrooms that WE Charity promised to build in Kenya. WE Charity contends CBC's publications also falsely accused WE Charity of blocking CBC's attempts to visit and film at schools in Kenya. WE Charity initiated this civil lawsuit in February 2022, contending that it had not misled its donors, and that CBC's reporting was false and defamatory. WE Charity sued CBC for defamation, breach of contract, promissory estoppel, and negligent misrepresentation. In May 2022, CBC filed a Motion to Dismiss, alleging that the complaint should be dismissed on jurisdictional grounds. In June 2023, the Court dismissed Plaintiff's three non-defamation claims on jurisdictional grounds while permitting the defamation claims to go forward. The parties have been engaged in discovery since 2023.

Copies of the Complaint, Answer, and the Court's June 2023 Opinion shall be submitted with this request.

Plaintiffs now make this request so that they can obtain needed evidence from a third-party foreign witness residing in Canada, Ivor Gottschalk, and his employer, WMM.

7. **Identity and Address of Persons to be Examined or Persons from Whom Documents are Requested:**

4

Oral Testimony and Documents:

Ivor Gottschalk
Williams Meaden & Moore Inc.
675 Cochrane Dr., East Tower
Suite 505 Markham
ON L3R 0B8
Phone: +1 416-596-1000 x 43
Email: ivor.gottschalk@wmmi.ca

Documents Only:

Williams Meaden & Moore Inc.
675 Cochrane Dr., East Tower
Suite 505 Markham
ON L3R 0B8
Phone: +1 416-596-1000
Email: meaden@meadenmoore.com

8. **Evidence to be Obtained:**

   a. **Oral Testimony**

It is requested in the interests of justice, and to enable this Court to determine the issues pending before it, that you compel the oral testimony of Ivor Gottschalk, who is believed to have knowledge relevant to the complaint and defenses thereto, and whose testimony is material and necessary to the matter pending before this Court. Thus, the interests of justice will be furthered if Mr. Gottschalk is questioned, under oath, as to his knowledge of those facts.

Mr. Gottschalk is expected to have relevant information regarding CBC's conduct during its investigation into WE Charity prior to the defamatory publications. CBC and Mr. Gottschalk have confirmed to WE Charity's counsel that Mr. Gottschalk spoke with journalists from CBC about WE Charity and reviewed documents sent by CBC regarding WE Charity in connection with CBC's investigation of WE Charity that led to the publication of the defamatory publications at issue in the litigation.

b. **Documents**

It is also requested in the interests of justice, and to enable this Court to determine the issues pending before it, that you compel, by your proper and usual process, the production of documents from Ivor Gottschalk and his employer, WMM. This evidence is also material and necessary to the matter pending before this Court.

9. **Documents or other property to be inspected:**
    a. **Mr. Gottschalk**: The following documents, records, and communications (whether via email, text, WhatsApp, or otherwise), concerning Mr. Gottschalk's consultation for CBC:
        i. Any communications between Mr. Gottschalk and CBC personnel concerning WE Charity; and
        ii. Any documents sent between Mr. Gottschalk and CBC personnel concerning WE Charity; and
        iii. Any communications regarding WE Charity in connection with Mr. Gottschalk's consulting with CBC.
    b. **WMM**: The following documents, records, and communications (whether via email, text, WhatsApp, or otherwise), concerning WMM's consultation for CBC:
        i. Any communications between WMM personnel and CBC personnel concerning WE Charity; and
        ii. Any documents sent between WMM personnel and CBC personnel concerning WE Charity; and
        iii. Any communications regarding WE Charity in connection with WMM's consulting with CBC.

10. **Subject Matter About which the Person is to be Examined:**

    a. Mr. Gottschalk will be questioned about his communications with CBC personnel regarding CBC's investigation of WE Charity;

    b. Mr. Gottschalk will be questioned about any analysis or review he conducted regarding WE Charity at CBC's direction or request; and

    c. Mr. Gottschalk will be questioned about any information he received from CBC journalists about their investigation of WE Charity.

11. **Any Requirement that the Evidence be Given on Oath or Affirmation and Any Special Form to be Used**

This Court respectfully requests that you cause, by your proper and usual process, the subject of questioning to be summoned to appear before you or some competent officer authorized by you, on a date mutually agreed upon by the witness and the parties, to give testimony upon oral examination on the topics set above. This Court respectfully requests that, for the convenience of the witness and the parties, this oral examination be scheduled to occur via remote videoconferencing (such as Zoom).

The examination of the witness should be taken under oath before (1) a secretary of the embassy, consul general, vice-consul or consular agent of the United States of America or any officer authorized to administer oaths under the laws of the United States or of Canada, or (2) a person appointed by the Canadian court and empowered to administer oaths and take testimony according to the laws of Canadian.

This Court further requests that you require the testimony to be given under the following oath: "I, [name of deponent], do swear (or affirm) that the testimony that I am about to give is the truth, the whole truth, and nothing but the truth." If the laws of Canada do not permit the swearing of such an oath, the duly appointed officer shall make inquiry of the witness to ensure that he or

she understands the gravity of the procedure and affirms that his or her statement will be true and correct.

Furthermore, this Court requests and gives you the necessary capacity to impose on the witness any of the enforcement measures applicable under the procedural laws of Canada, which suffice to ensure that said witness is correctly and timely brought to your court to appear and be examined by the parties.

**12. Special Methods or Procedures to be Followed:**

    **a. Stenographer and Transcript**

This Court requests that the examination be taken before a commercial stenographer and that a verbatim transcript be produced, and that a copy be sent to the above address listed for the parties' counsel. Counsel for the Plaintiff will cover the costs of such transcription, and, if the oral examination takes place via remote videoconferencing means, then counsel for the Plaintiff will arrange for such transcription.

    **b. Attorneys Participating in Questioning**

This Court requests that counsel for all parties be notified of the date, time, and place of the examination and that counsel be allowed to virtually appear at the examination and participate by asking questions of the witness referred hereto, in full oral examination, on the topics described above. If the laws of Canada do not allow foreign attorneys to appear for questioning, this Court requests that Plaintiff's local counsel be allowed to appear at the examination and to participate, including by asking questions of the witness. The local counsel designated to act in connection with this request are:

    Plaintiff's local counsel:

    William C. McDowell
    Lenczner Slaght LLP

wmcdowell@litigate.com
(T) 416-865-2949
130 Adelaide St. W, Suite 2600
Toronto, ON M5H 3P5

Defendant's local counsel:

Ryder Gilliland, Q. Arb
DMG Advocates LLP
rgilliland@dmgadvocates.com
(T) 416-238-7537
1230-155 University Avenue,
Toronto, ON M5H 3B7

Should no attorneys be allowed to participate in the questioning, Plaintiff requests the parties have an opportunity to submit specific questions for the examination.

### c. Confidentiality

This Court requests that the evidence produced pursuant to your enforcement of this request shall not be used by anyone in any manner or proceeding other than this matter, *WE Charity v. Canadian Broadcasting Corporation*, Case No. 22-cv-340-RDM (U.S. Dist. Court for the Dist. Of Columbia).

This Court requests that the execution of this request may be effectuated with the participation of Plaintiff's local counsel and Defendant's local counsel, and that such counsel be authorized in accordance with and in the broadest sense of Canadian law to ensure the execution of this request for evidence. The local counsel designated to act in connection with this request are as listed above in ¶ 12(b).

### 13. Request for Attendance or Participation of Judicial Personnel:

No attendance or participation of judicial personnel is requested.

### 14. Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin:

The privilege or duty of the witness to refuse to give evidence shall be the same as if he or

she were giving evidence under the applicable provisions of the Federal Rules of Civil Procedure, including if giving such evidence would disclose a confidential and privileged communication between the witness and his or her attorney.

**15. Reimbursements of Fees and Costs:**

The Plaintiff is willing to reimburse the appropriate judicial authority of Canada for costs incurred in executing the special procedures requested. This Court will enforce any right of reimbursement that you may have in connection with costs incurred for executing this letter rogatory.

**16. Reciprocity:**

This Court greatly appreciates the judicial authority's assistance in obtaining evidence in this matter. This Court is willing to provide similar assistance to judicial authorities in Canada should judicial authority in Canada so require.

WITNESS, Honorable Judge Randolph D. Moss, Judge in the United States District Court for the District of Columbia, and the seal thereof:

X _____[signature]_____
Hon. Randolph D. Moss

Date: Sept. 3, 2025

X _____[signature]_____
Clerk of Court

Date: _____