IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WE CHARITY,<br><br>                Plaintiff,<br><br>v.<br><br>CANADIAN BROADCASTING CORPORATION,<br><br>                Defendant. | Civil Action No. 1:22-cv-00340-RDM |

**LETTER ROGATORY PURSUANT TO 28 U.S.C. § 1781(B)(2) AND U.S. FEDERAL RULE OF CIVIL PROCEDURE 28(B) TO OBTAIN TESTIMONIAL EVIDENCE FROM:**

**STUART MCLAUGHLIN**

The United States District Court for the District of Columbia, in the United States of America, presents its compliments to the appropriate judicial authority of Canada and requests international assistance to obtain needed evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests that the appropriate judicial authority of Canada compel the testimony from Canadian resident Stuart McLaughlin. The assistance described below is necessary in the interests of justice.

    1.    **Requesting Authority/Sender:**

           Hon. Randolph D. Moss
           U.S. District Court for the District of Columbia
           E. Barrett Prettyman U.S. Courthouse
           333 Constitution Ave., N.W.
           Washington, D.C. 20001

    2.    **Central Authority of the Requested Province:**

           Supreme Court of British Columbia

>800 Smithe Street
>Vancouver, BC
>V6Z 2E1

3.  **Persons to whom Executed Request is to be Returned:**

    Counsel for Plaintiff:

    Joseph Kroetsch
    Boies Schiller Flexner LLP
    333 Main St,
    Armonk, NY 10504
    United States of America
    jkroetsch@bsfllp.com

    Sabina Mariella
    Boies Schiller Flexner LLP
    55 Hudson Yards
    New York, NY 1001
    United States of America
    smariella@bsfllp.com

    Counsel for Defendant:

    Nathan Siegel
    1301 K Street N.W., Suite 500 East
    Washington, D.C. 20005
    United States of America
    nathansiegel@dwt.com

    Rachel Strom
    1251 Avenue of the Americas, 21st Floor
    New York, NY 10020
    United States of America
    rachelstrom@dwt.com

4.  **Date by which Requesting Authority Requires Response to the Letter of Request:**

    This Court requests receipt of a response to this request as soon as reasonably practicable, consistent with your calendar and the laws of British Columbia and Canada.

5.  **Case Information:**

    a.  <u>Case Name and Number</u>: *WE Charity v. Canadian Broadcasting Corporation,*

Case No. 22-cv-340-RDM (U.S. Dist. Court for the Dist. Of Columbia)

b. <u>Identities of the Parties and their Representatives</u>:

   i. **Plaintiff:**

   WE Charity
   6500 Main St, Suite 5
   Williamsville, NY 14221
   United States of America

   ii. **Plaintiff's Counsel:**

   Joseph Kroetsch
   Boies Schiller Flexner LLP
   333 Main St,
   Armonk, NY 10504
   United States of America
   jkroetsch@bsfllp.com

   Sabina Mariella
   Boies Schiller Flexner LLP
   55 Hudson Yards
   New York, NY 10001
   United States of America
   smariella@bsfllp.com

   iii. **Defendant:**

   Canadian Broadcasting Corporation
   529 14th St NW
   Washington, D.C. 20045
   United States of America

   iv. **Defendant's Counsel:**

   Nathan Siegel
   1301 K Street N.W., Suite 500 East
   Washington, D.C. 20005
   United States of America
   nathansiegel@dwt.com

   Rachel Strom
   1251 Avenue of the Americas, 21st Floor
   New York, NY 10020
   United States of America
   rachelstrom@dwt.com

3

6.     **Description of the Case:**

Plaintiff WE Charity ("Plaintiff" or "WE Charity") is an American non-profit organization that is part of a Canadian-based charity, the WE Organization, which for many years frequently conducted charitable work in Kenya through affiliates in Kenya, including Free the Children Kenya. Its work included building schoolrooms in villages. This action arises from several news stories that Defendant Canadian Broadcasting Corporation ("Defendant" or "CBC") published in 2021 and 2022.

<u>Plaintiff's Allegations</u>

WE Charity alleges that CBC's news stories falsely accused WE Charity of making misrepresentations to its donors and failing to deliver on schoolrooms that WE Charity promised to build in Kenya. WE Charity contends CBC's publications also falsely accused WE Charity of blocking CBC's attempts to visit and film at schools in Kenya. WE Charity initiated this civil lawsuit in February 2022, contending that it had not misled its donors, and that CBC's reporting was false and defamatory.

<u>Defendant's Response</u>

Defendant CBC denies that its news reports were false and defamatory, and among other defenses contends that WE Charity did in fact mislead its donors about whether their donations would be used to build primary school classrooms in Kenya.

<u>The Lawsuit to Date</u>

WE Charity sued CBC for defamation, breach of contract, promissory estoppel, and negligent misrepresentation. In May 2022, CBC filed a Motion to Dismiss, alleging that the complaint should be dismissed because the case should be litigated in Canada, rather than the United States. In June 2023, the Court dismissed Plaintiff's three non-defamation claims on

jurisdictional grounds while permitting the defamation claims to go forward in the United States. The parties have been engaged in discovery since 2023.

Copies of the Complaint, Answer, and the Court's June 2023 Opinion shall be submitted with this request; they are attached as Exhibits A-C.

Defendant now makes this request so that it can obtain needed evidence from a foreign witness residing in Canada, Mr. Stuart McLaughlin. Mr. McLaughlin was the president of Whistler Water, which participated in a fundraising initiative for Plaintiff. He signed two open letters to CBC contending that donors were not misled about their donations to WE Charity, and also emailed CBC journalists directly at one point during their investigation. Mr. McLaughlin has been identified by Plaintiff in its Fourth Amended Disclosures as a witness with knowledge of relevant facts that it may rely on to present its case.

7. **Identity and Address of Person to be Examined:**

Stuart McLaughlin
6193 Nelson Ave.
West Vancouver, BC
V7W 2A1
Canada
somclaughlin@gmail.com

8. **Evidence to be Obtained:**

a. **Oral Testimony**

It is requested in the interests of justice, and to enable this Court to determine the issues pending before it, that you compel the oral testimony of Stuart McLaughlin, who Plaintiff in this matter asserts has knowledge relevant to the complaint and defenses thereto, and whose testimony is therefore material and necessary to the matter pending before this Court. Thus, the interests of justice will be furthered if Stuart McLaughlin is questioned, under oath, as to his knowledge of those facts.

9. **Subject Matter About which the Person is to be Examined:**

   a. The witness will be questioned about Whistler Water's fundraising campaigns for and donations to WE Charity Canada (a/k/a Free the Children Canada) while Mr. McLaughlin was Whistler Water's President;

   a. The witness will be questioned about his donations to WE Charity Canada (a/k/a Free the Children Canada).

   b. The witness will be questioned about CBC's investigation into WE Charity's funding of projects in Kenya in 2021, including his communications with any CBC journalists and with employees and representatives of Plaintiff and its Canadian affiliates;

   c. The witness will be questioned about any communications he had with Plaintiff's counsel regarding this lawsuit or CBC's 2021 reporting at issue in this lawsuit.

10. **Any Requirement that the Evidence be Given on Oath or Affirmation and Any Special Form to be Used**

This Court respectfully requests that you cause, by your proper and usual process, the subject of questioning to be summoned to appear before you or some competent officer authorized by you, on a date mutually agreed upon by the witness and the parties, to give testimony upon oral examination on the topics set above. This Court respectfully requests that, for the convenience of the witness and the parties, this oral examination be scheduled to occur by remote videoconferencing.

The examination of the witness should be taken under oath before (1) a secretary of the embassy, consul general, vice-consul or consular agent of the United States of America or any

officer authorized to administer oaths under the laws of the United States or of Canada, or (2) a person appointed by the Canadian court and empowered to administer oaths and take testimony according to the laws of Canada.

This Court further requests that you require the testimony to be given under the following oath: "I, [name of deponent], do swear (or affirm) that the testimony that I am about to give is the truth, the whole truth, and nothing but the truth." If the laws of Canada do not permit the swearing of such an oath, the duly appointed officer shall make inquiry of the witness to ensure that he or she understands the gravity of the procedure and affirms that his or her statement will be true and correct.

Furthermore, this Court requests and gives you the necessary capacity to impose on the witness any of the enforcement measures applicable under the procedural laws of Canada, which suffice to ensure that said witness is correctly and timely brought to your court to appear and be examined by the parties.

11.  **Special Methods or Procedures to be Followed:**

   a. **Stenographer and Transcript**

This Court requests that the examination be taken before a commercial stenographer and that a verbatim transcript be produced, and that a copy be sent to the above address listed for the parties' counsel. Counsel for the parties will cover the costs of such transcription, and, if the oral examination takes place via remote videoconferencing means, then counsel for the parties will arrange for such transcription.

   b. **Attorneys Participating in Questioning**

This Court requests that counsel for all parties be notified of the date, time, and place of the examination and that counsel be allowed to appear at the examination and participate by asking

questions of the witness referred hereto, in full oral examination, on the topics described above. The Court requests that the examination include both questions posed by counsel for CBC and cross-examination by counsel for WE Charity. If the laws of Canada do not allow foreign attorneys to appear for questioning, this Court requests that the local counsel for each party be allowed to appear at the examination and to participate, including by asking questions of the witness. The local counsel designated to act in connection with this request are:

### Plaintiff's local counsel:

William C. McDowell
Lenczner Slaght LLP
130 Adelaide St. W, Suite 2600
Toronto, ON M5H 3P5
wmcdowell@litigate.com
Tel. 416-865-2949

### Defendant's local counsel:

Ryder Gilliland, Q. Arb
DMG Advocates LLP
1230-155 University Avenue
Toronto, ON M5H3B7
rgilliland@dmgadvocates.com
Tel. 416-238-7537

Should no attorneys be allowed to participate in the questioning, the parties request the opportunity to submit specific questions for the examination.

### c. Confidentiality

This Court requests that the evidence produced pursuant to your enforcement of this request shall not be used by anyone in any manner or proceeding other than this matter, *WE Charity v. Canadian Broadcasting Corporation*, Case No. 22-cv-340-RDM (U.S. Dist. Court for the Dist. Of Columbia).

This Court requests that the execution of this request may be effectuated with the participation of Plaintiff's local counsel and Defendant's local counsel, and that such counsel be authorized in accordance with and in the broadest sense of Canadian law to ensure the execution of this request for evidence. The local counsel designated to act in connection with this request are as listed above in ¶ 12(b).

12. **Request for Attendance or Participation of Judicial Personnel:**

No attendance or participation of judicial personnel is requested.

13. **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin:**

The privilege or duty of the witness to refuse to give evidence shall be the same as if he or she were giving evidence under the applicable provisions of the Federal Rules of Civil Procedure, including if giving such evidence would disclose a confidential and privileged communication between the witness and his or her attorney.

14. **Reimbursements of Fees and Costs:**

The parties are willing to reimburse the appropriate judicial authority of Canada for costs incurred in executing the special procedures requested. This Court will enforce any right of reimbursement that you may have in connection with costs incurred for executing this letter rogatory.

15. **Reciprocity:**

This Court greatly appreciates the judicial authority's assistance in obtaining evidence in this matter. This Court is willing to provide similar assistance to judicial authorities in Canada should judicial authority in Canada so require.

WITNESS, Honorable Judge Randolph D. Moss: Judge in the United States District Court for the District of Columbia, and the seal thereof:

Dated this 27th day of Oct., 2025

_____
Judge Randolph D. Moss