UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WE CHARITY,<br><br>                    *Plaintiff,*<br>vs.<br><br>CANADIAN BROADCASTING<br>CORPORATION,<br><br>                    *Defendant.* | Case No. 1:22-cv-00340-RDM-MJS |

**STIPULATION REGARDING CASE SCHEDULE AND DEPOSITION PROCEDURE AND [PROPOSED] ORDER**

I. **Case Schedule**

While the Parties have acted expeditiously to get through fact discovery, the Parties believe and have agreed that extending the schedule is warranted due to the significant number of fact witnesses that still need to be deposed and the remaining document production issues that still need to be resolved. Therefore, the undersigned Parties in the above-captioned matter, by and through their respective counsel of record, hereby stipulate and agree to revise the case schedule as set out below.

| | Current Deadline | New Deadline |
|---|---|---|
| End of Fact Discovery | 11/14/25 | 3/31/26 |
| Expert Reports Due | 1/16/26 | 4/10/26 |
| Expert Rebuttal Reports Due | 3/2/26 | 5/15/26 |
| End of Expert Discovery | 4/3/26 | 6/19/26 |

II. **Deposition Procedure**

The undersigned Parties in the above-captioned matter by and through their respective counsel of record, hereby stipulate and agree that each Party:

(1) May take up to 18 seven-hour depositions, including 30(b)(6) depositions, either in person or remotely; and

(2) may take up to 17 additional depositions, but for such depositions (i) neither party may examine the witness for more than 3.5 hours on the record and (ii) each deposition will be conducted remotely via video conferencing technology absent written agreement by both parties. If a party seeks to serve a cross-notice of deposition, that party must serve that cross-notice no later than 14 days prior to the deposition.

The Parties agree that for all depositions taken remotely:

1. <u>Deposition Service Provider.</u>  The Parties agree to use one or more court reporting, videoconference, and remote deposition services ("Deposition Service Provider"). The Parties agree that a Deposition Service Provider employee or contractor may attend each remote deposition to video and audio record the deposition, troubleshoot any technological issues, and administer virtual breakout rooms.  The noticing party shall be responsible for retaining and scheduling the Deposition Service Provider.  As further discussed below, remote depositions shall be conducted such that all participants will have access to real time audio, video, and live transcription feeds of the deposition, and all exhibits.

2. <u>Required Technology.</u>  Counsel for the deponent and the deponent are responsible for ensuring the following equipment is in good working order: (1) a webcam; (2) a microphone; (3) a computer or tablet capable of running Zoom and viewing PDF files; (4) internet service with specifications sufficient to sustain the remote deposition technology; and (5) an environment reasonably free of noise, distraction, and interference. Counsel for the noticing party is responsible for providing all other necessary equipment in good working order for themselves and for the court reporter.

3. <u>Participation.</u>  Only individuals who would be entitled to attend a live deposition in this litigation may participate in or observe a remote deposition.  No witness, or other necessary participant, including but not limited to the court reporter and/or videographer, can be required to travel.  A witness may be in the same physical presence of another person attending or conducting the remote deposition; however, each person attending the deposition shall have their own computer/laptop or tablet and shall be on camera when the deposition is in session, except that an attorney defending a deposition of a party witness need not be on camera.

4. <u>Conduct During Deposition.</u>

    a. The Parties agree that witnesses may be sworn in remotely by the court reporter and that depositions may be recorded remotely by the means specified in the notice. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and that neither the court reporter nor the videographer need to be in the same room as the witness. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

    b. All individuals participating in or observing any deposition must announce themselves for the record.

    c. All participants (except for an attorney defending a deposition of a party witness) shall be visible to all other participants, their statements shall be audible to all participants, and they shall strive to ensure that each of their environments is free from noise and distractions to the extent possible.  Non-participating observers attending the deposition should mute their microphone.

    d. Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition. Counsel for the Parties hereby give consent to portrayal via a live video feed.

    e. While on the record, no counsel or participant shall communicate with the deponent in any manner that cannot be seen and heard by all participants, including but not limited to text message, email, or the chat feature of the videoconferencing system.

5. <u>Deposition Exhibits</u>. The Parties agree that any of the following methods or combination of one or more methods for administering exhibits be employed during a remote deposition. Counsel noticing the deposition may:

    a. send a compressed .zip file of the documents that may be used during the deposition via email to the deponent's counsel, the other Parties' counsel, and the court reporter. If a .zip file of the documents are being emailed to the deponent, an identical copy of such .zip file shall also be emailed to the deponent's counsel. The .zip file shall be delivered at least 30 minutes before the scheduled start time of that day's portion of the deposition. Counsel for the deponent, other Parties' counsel, and the court reporter shall confirm receipt of the .zip file by email to counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via email or Zoom chat immediately prior to the commencement of the deposition. Recipients of the .zip file shall not open the .zip file until the deposition begins and when directed to do so by counsel taking the deposition. Counsel for the deponent and the deponent shall not review the contents of any exhibit unless and until that exhibit is introduced on the record or otherwise instructed to do so by counsel taking the

deposition. If sending documents by email, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB. The Parties acknowledge that the purpose of this method of administering exhibits is to facilitate the streamlined use of documents during the deposition. Counsel will not be precluded from using a document not included in the .zip file;

b. send a link to a password-protected File Transfer Protocol (FTP) containing documents that may be used during the deposition. Counsel shall send the link via email to the deponent's counsel, the other Parties' counsel, and the court reporter at least 30 minutes before the scheduled start time of that day's portion of the deposition. Counsel for the deponent, other Parties' counsel, and the court reporter shall confirm receipt of the FTP link by email to counsel noticing the deposition. The counsel taking the deposition shall supply the password to the FTP via email or Zoom chat immediately prior to the commencement of the deposition. Recipients of the FTP shall not open the FTP until the deposition begins and when directed to do so by counsel taking the deposition. Counsel for the deponent and the deponent shall not review the contents of any exhibit unless and until that exhibit is introduced on the record or otherwise instructed to do so by counsel taking the deposition. The Parties acknowledge that the purpose of this method of administering exhibits is to facilitate the streamlined use of documents during the deposition. Counsel will not be precluded from using a document not included in the FTP;

c. introduce exhibits electronically both before and during the deposition by use of the Deposition Service Provider's secure exhibit share function/platform or by

  displaying via the screen share feature available within the Zoom application. In the event that an exhibit is being shared via screen share, the questioning attorney shall also e-mail the exhibit to the deponent (and deponent's counsel) at the same time to permit the witness to scroll through the entire exhibit on his or her own, using the controls on his or her computer and without such scrolling being visible to other participants. Counsel for the deponent and the deponent shall not review the contents of any exhibit unless and until that exhibit is introduced on the record or otherwise instructed to do so by counsel taking the deposition; OR

 d. the parties may, by agreement, choose to utilize a different method of sharing exhibits.

6. <u>Transcripts and Video Recording.</u> Remote depositions shall be recorded by videographic and stenographic means. The court reporter's transcript shall constitute the official record of the deposition and a copy of the transcript and all videotapes shall be provided to the witness. The Noticing Party shall coordinate with the deposition service provider to arrange for the use of a videographer and/or arrange to digitally record the proceedings using the video teleconferencing platform. The video recording shall be only of the deponent, and if technically feasible, of any exhibits. Only time on the record in the deposition shall be recorded. The Court reporter may be given a copy of the videorecording or any associated video or audio feeds and may review them to improve the accuracy of the written transcript.

7. <u>Location.</u> The Parties expressly waive all objections to the authority of the Court reporter to administer oaths or affirmations based on the reporter's or the witness's location, including the authority to administer oaths or affirmations remotely.

8. <u>Real-Time Feed.</u>  All remote depositions will be recorded stenographically by a court reporter with "real-time feed" transcription capabilities; however, to the extent real-time transcription feed constitutes an extra cost, the party desiring this feature agrees to pay the extra cost associated with it.  The deposition service provider will transmit the live transcription feed to all participants.

9. <u>Private Chat Feature.</u>  The deposition service provider will disable any private chat features within the remote deposition platform, if feasible.

10. <u>Notice of Deposition.</u>  The Notice of Deposition shall include notice that the deposition shall proceed remotely.

11. <u>Breakout Rooms</u>.  During breaks in the deposition, the parties may use a virtual breakout room feature or other means of communication including, but not limited to, telephone calls. Conversations in virtual breakout rooms shall not be recorded.

12. <u>Technical Difficulties</u>.  The Parties agree to work collaboratively to address and troubleshoot technological (including audio or video) issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues.  This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.  If the deposition of any witness cannot be completed by remote means due to technical difficulties or lack of access to the required technology called for by this stipulation and such issues cannot be resolved by adjourning the remote deposition to a later date, the deposition shall be adjourned and conducted in person.

    a. In the event that an attorney participating in a deposition experiences a technical difficulty that prevents him or her from noting an objection on the record (including but not limited to inadvertent muting of audio), the parties agree not to object to the subsequent lodging of the objection on the grounds that the objection was not timely made.

13. <u>Electronic Signatures.</u> The Parties agree that signatures required under FRCP 30, including but not limited to the deponent's signature of errata, may be executed electronically.

14. <u>Use at Hearing or Trial</u>: The parties agree that depositions noticed to be recorded by a videographer can be used as specified under Federal Rule of Civil Procedure 32. The Parties also agree that the court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript. The Parties agree that the video-recorded remote depositions contemplated herein may be used at trial or a hearing to the same extent that an in-person deposition may be used at trial or a hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely.

15. <u>Request to Review.</u> For all depositions—both remote and in person—the parties agree that each deponent will be deemed to have requested to be allowed 30 days after being notified that the final deposition transcript is available to review the transcript and prepare an errata. Any confidentiality designations will likewise be due 30 days after being notified that the final deposition transcript is available.

This Stipulation may be revised or amended by the parties' written agreement.

SO STIPULATED AND AGREED.

Executed:    October 30, 2025

Respectfully submitted,

/s/ *Nathan Siegel*
Nathan Siegel (Bar. No. 446253)
Rachel Strom (admitted *pro hac* vice)
Courtney DeThomas (Bar. No. 888304075)

DAVIS WRIGHT TREMAINE LLP
1301 K Street N.W., Suite 500 East
Washington, DC 20005
nathansiegel@dwt.com
courtneydethomas@dwt.com

*Attorneys for Defendant*
*Canadian Broadcasting Corporation*

/s/ *Joseph Kroetsch*
Joseph F. Kroetsch (admitted *pro hac vice*)
John LaSalle (admitted *pro hac vice*)
Sabina Mariella (admitted *pro hac vice*)

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
jkoetsch@bsfllp.com
jlasalle@bsfllp.com
smariella@bsfllp.com

Amy L. Neuhardt (Bar. No. 996791)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
aneuhardt@bsfllp.com

Rodney A. Smolla (Bar No. 6327)
164 Chelsea St
South Royalton, VT 05068
rodsmolla@gmail.com

*Attorneys for Plaintiff*
*WE Charity*

SO ORDERED

_____

Hon. RANDOLPH D. MOSS
United States District Judge

Date: