UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WE CHARITY,<br><br>      Plaintiff,<br><br>      v.<br><br>THE CANADIAN BROADCASTING CORPORATION,<br><br>      Defendant. | Case No. 22-cv-340-RDM-MJS |

**ORDER**

On January 15, 2026, the Court delivered an oral ruling on the parties' outstanding discovery disputes. This Order summarizes the Court's rulings as stated on the record.

1. As to "CBC Issue 1," the Court **GRANTS IN PART** and **DENIES IN PART** CBC's request to compel WE Charity to produce additional donor-related communications:

    a. By no later than January 29, 2026, WE Charity shall produce all responsive communications from its existing custodial set involving the 250 donors most recently identified by CBC in the parties' meet-and-confer efforts, as WE Charity had previously offered during the meet-and-confer process.

    b. By no later than January 29, 2026, CBC shall convey a list of forty-five (45) donors to WE Charity. Within thirty (30) days after receiving CBC's complete list of those donors, WE Charity shall collect and produce all responsive communications with those donors to CBC, above and beyond what may already have been collected in WE Charity's existing custodial set.

    c. The parties may complete these steps on a rolling basis to the extent helpful.

2. As to "CBC Issue 2," the Court **DENIES** CBC's request to compel WE Charity to produce general ledgers for Me to We Foundation USA and Me to WE Social Enterprises, Inc.

3. As to "CBC Issue 3," the Court **GRANTS** CBC's request to compel WE Charity to produce documents related to its 2021 review of school infrastructure in Kenya that WE Charity

withheld solely as work product on its Supplemental Privilege Log dated September 12, 2025. (*See* Ex. C to Oct. 24, 2025 Jt. Submission.) Based on the Court's *in camera* review of a representative sample of those withheld documents, the Court concludes, for the reasons explained on the record, that the documents are not protected from disclosure under the work-product doctrine. Accordingly, WE Charity shall produce those documents to CBC by no later than January 29, 2026. To the extent WE Charity reasonably believes that any particular document(s) that the Court did not already review *in camera* fall(s) outside the reach of the Court's prior analysis, it must submit the document(s) for additional *in camera* review by no later than January 26, 2026; WE Charity is again advised that the Court will not look favorably on more of the same.

4. As to "WE Charity Issue 1," the Court **DENIES** WE Charity's request to compel CBC-affiliated witnesses to answer the deposition questions, as submitted to the Court, that CBC's counsel instructed those witnesses not to answer based on the qualified newsgathering privilege under the New York Shield Law, N.Y. Civ. Rights Law § 79-h. Further, the Court denies WE Charity's request to compel any further response or production as to WE Charity's RFP No. 96.

5. Finally, as to "CBC Issue 4," the Court **GRANTS IN PART** and **DENIES IN PART** CBC's request to compel WE Charity to produce communications involving Kenneth Froese and his consulting firm that WE Charity withheld based on the attorney-client privilege and the work-product doctrine:

    a. The Court **DENIES** CBC's request to compel documents and communications that included legal counsel and that were withheld as attorney-client privileged.

    b. The Court **GRANTS** CBC's request to compel documents and communications that did not include legal counsel and that were withheld solely based on the work-product doctrine, to the extent they were created prior to CBC's November 18, 2021 broadcast. WE Charity shall produce those documents to CBC by January 29, 2026.

      c. The Court **DENIES** CBC's request to compel documents or communications withheld as work product to the extent they were created after CBC's November 18, 2021 broadcast.

6.     Finally, as discussed with counsel, for the sake of completeness of the record, by no later than February 16, 2026, the parties shall confer and file a joint notice that appends the various submissions they provided to the Court in connection with these disputes. If either party believes that redactions to certain documents are appropriate, the requesting party should file an appropriate motion to seal in conjunction with the joint notice.

    **SO ORDERED.**

Dated: January 16, 2026

                                            MATTHEW J. SHARBAUGH
                                            United States Magistrate Judge