UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WE CHARITY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CANADIAN BROADCASTING CORPORATION,<br><br>　　　　Defendant. | Case No. 22-cv-340-RDM-MJS |

### ORDER

Among its recent discovery rulings, the Court overruled WE Charity's claims of work-product protection over various documents concerning WE Charity's 2021 review of school infrastructure in Kenya—approximately 760 documents that were individually logged on WE Charity's September 12, 2025 Supplemental Privilege Log. Because that aspect of the Court's decision was informed by its *in camera* review of a representative sample of the withheld documents, the Court offered WE Charity a chance to submit any additionally withheld documents for *in camera* review, to the extent WE Charity reasonably believed that any such materials fell outside the scope of the Court's prior analysis. (ECF No. 109 ¶ 3; *see also* ECF No. 110 at 23.)

On January 26, 2026, WE Charity did so. It submitted another twenty-four (24) emails, some including attachments, for *in camera* review. WE Charity says the Court should find they are properly withheld from production because they are protected by the attorney-client privilege, the work-product doctrine, or both. WE Charity divides these documents into two groups. As WE Charity describes it, the first group comprises sixteen (16) emails, some with attachments, that were included on WE Charity's itemized privilege log but that were "inadvertently logged as being

protected only by the work product doctrine," even though they "reflect legal advice or requests for legal advice," at least in part. These documents, WE Charity submits, are properly withheld at least in part based on the attorney-client privilege, and WE Charity has proposed redactions for virtually all these documents except for one that WE Charity proposes to withhold in full. As to this group of documents, WE Chairty does not presently renew an argument for withholding on work-product grounds. The second group of documents comprises eight (8) emails, some with attachments, that WE Charity represents were included on WE Charity's "categorical privilege log" but not on its itemized privilege log. WE Charity says these documents are properly withheld in full based on both the attorney-client privilege and the work-product doctrine. (*See generally* Jan. 26, 2026 Letter to Chambers from J. Kroetsch (copying opposing counsel).)

The Court has completed its *in camera* review of these materials and rules as follows:

1. As to the first group of documents, the Court concludes that WE Charity's proposed withholdings and redactions are appropriate. WE Charity may properly produce the following documents (identified by entry number in the privilege log) in their proposed redacted form based on a viable claim of attorney-client privilege: 299, 329, 331, 459, 462, 595 and 596, 597 and 598, 599 and 600, 601 and 602, 605, 613, 619 and 620, 735, 740, 765, and 767. As to 463, the Court finds that WE Charity has shown that it falls within the contours of the attorney-client privilege, largely due to its interplay with the second group of documents discussed next. So WE Charity may properly withhold 463 in full based on its claim of attorney-client privilege.

2. As to the second group of documents, the Court rejects WE Charity's claim of work-product protection over these materials for the same reasons underpinning its broader ruling on this issue: the Court finds these documents were not prepared "because of the prospect of litigation" in that they "would have been created in substantially similar form regardless of the

litigation." *F.T.C. v. Boehringer Ingelheim Pharms., Inc.*, 778 F.3d 142, 149 (D.C. Cir. 2015) (quotations omitted). The Court does, however, agree that these documents are fairly encompassed by a claim of attorney-client privilege for the reasons set forth in counsel's January 26, 2026 letter—reasons that are bolstered by some of the other materials reviewed by the Court *in camera*. In short, WE Charity has sufficiently shown that these documents were prepared at the direction of counsel for purposes of facilitating legal advice. *See, e.g.*, *Pub. Emps. for Env't Resp. v. U.S. Env't Prot. Agency*, 211 F. Supp. 3d 227, 233 (D.D.C. 2016) ("[T]he attorney-client privilege protects not only legal advice, but the confidentially conveyed facts upon which that advice is based."); *EEOC v. George Washington Univ.*, 2020 WL 3489478, at *11 (D.D.C. June 26, 2020) ("[C]ommunications among non-attorneys can be entitled to protection if they concern matters [about] which the parties intend to seek legal advice or reflect legal advice provided by an attorney[.]"). Accordingly, WE Charity may properly withhold the second group of documents in full based on its claim of attorney-client privilege (but not work-product protection).

    **SO ORDERED.**

Dated: February 4, 2026

                                                   MATTHEW J. SHARBAUGH
                                                   United States Magistrate Judge