UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WE CHARITY, | |
| Plaintiff, | |
| v. | Case no. 22-cv-340-RDM-MJS |
| CANADIAN BROADCASTING CORPORATION, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' REQUEST FOR THE ISSUANCE OF LETTER ROGATORY TO CLAIRE DUNN**

In accordance with 28 U.S.C. § 1781(b)(2) and Federal Rule of Civil Procedure 28(b), Plaintiff respectfully requests that the Court issue one Letter Rogatory (the "Letter") in the form attached hereto, addressed to the Ontario Superior Court of Justice – Toronto Region, to compel documents and testimony from foreign witness Claire Dunn.[1]

## BACKGROUND

This action arises from several allegedly defamatory publications that Defendant Canadian Broadcasting Corporation ("Defendant" or "CBC") published in 2021 and 2022, which Plaintiff WE Charity contends falsely accused WE Charity of making misrepresentations to its donors and failing to deliver on schoolrooms WE Charity promised to build in Kenya (the "Defamatory Publications"). Plaintiff initiated this suit in February 2022. ECF No. 1 ("Compl."). In May 2022, CBC filed a Motion to Dismiss, alleging that the complaint should be dismissed in part on jurisdictional grounds and in its entirety on the ground of *forum non conveniens*. In June 2023, the Court dismissed Plaintiff's three non-defamation claims on jurisdictional grounds while

---

[1] Plaintiff has conferred with Defendant. Defendant does not object to this Motion.

1

permitting the defamation claims to go forward in this Court. The parties have been engaged in discovery since 2023.

Plaintiff now requests that this Court issue the Letter pursuant to the 28 U.S.C. § 1781(b)(2) and Rule 28(b), so that it can obtain needed evidence from a third-party foreign witness residing in Canada: Claire Dunn, a former donor to WE Charity. On Tuesday, March 3, CBC added Ms. Dunn to its initial disclosures as a witness with "[k]nowledge regarding her donations to and experiences with WE Charity" and simultaneously served on WE Charity a declaration executed by Ms. Dunn summarizing her anticipated testimony on behalf of CBC concerning her fundraising for and communications with WE Charity. *See* Ex. A.[2] Charity contacted Ms. Dunn and asked her to voluntarily appear for a deposition, but she declined. *See* Ex. B.

Because CBC intends to rely on Ms. Dunn's testimony, WE Charity seeks relevant discovery on the same subject and the opportunity to cross-examine her about the matters detailed in her declaration.

## ARGUMENT

A letter rogatory "is simply a 'request by a domestic court to a foreign court to take evidence from a certain [foreign] witness.'" *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 363-64 (D. Kan. 2010); *see also SPS Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 12740646, at *1 (C.D. Cal. Apr. 14, 2020) (defining letter rogatory as a "formal request from a court in which an action is pending to a foreign court to perform some judicial act").[3] "A letter rogatory can

---

[2] WE Charity submits that this disclosure was untimely given that CBC failed to disclose this witness until the very end of the fact discovery period. WE Charity reserves the right to seek appropriate relief, including by making a motion to preclude Ms. Dunn's written or oral testimony.

[3] A letter rogatory "is essentially a form of letter of request," and in general "the two terms are essentially interchangeable." *In re Urethane Antitrust Litig.*, 267 F.R.D. at 363 n.7.

also include requests for the production of documents," *Asis Internet Servs. v. Optin Glob., Inc.*, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007), or requests for "the taking of depositions within foreign countries," *SPS Techs.*, 2020 WL 12740646, at *1.

"In the United States . . . Rule 28(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party discovery from a foreign entity." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012). Rule 28(b) provides that a deposition may be taken "in a foreign country," pursuant to a letter rogatory which is issued "on appropriate terms after an application and notice of it." Fed. R. Civ. P. 28(b)(2)(A). Similarly, 28 U.S.C. § 1781(b)(2) allows for the "transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner."

"Where U.S. courts issue and then transmit letters rogatory directly to foreign courts for enforcement, courts in the receiving country enforce the letters rogatory pursuant to domestic statute or common law, or through bilateral treaties with the United States." *Lantheus*, 841 F. Supp. 2d at 777. "Both the issuance and enforcement of letters rogatory by U.S. and foreign courts 'rest entirely upon the comity of courts toward each other,'" and "request[s] for assistance from one court to another [are] 'usually granted.'" *Id.* at 777-78 (citations omitted).

Granting a letter rogatory is a matter of the court's discretion. *See DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) ("It is settled that the courts have inherent authority to issue letters rogatory."); *Asis*, 2007 WL 1880369, at *3 ("A court is inherently vested with the authority to issue letters rogatory . . . Whether to issue such a letter is a matter of discretion for the court.") (citations omitted). District courts should generally issue

letters rogatory "whenever it is determined on a case-by-case basis that their use will facilitate discovery." *Lantheus*, 841 F. Supp. 2d at 776 (citation omitted); *see also Image Processing Techs., LLC v. Canon, Inc.*, 2011 WL 13312041, at *1 (E.D.N.Y. Sept. 13, 2011) ("In general, then, courts routinely issue [letters rogatory] where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence.") (cleaned up). Moreover, "it is generally the burden of the party opposing issuance to show good reason that the letter rogatory should not issue." *Id.*

"In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26[.]" *Lantheus*, 841 F. Supp. 2d at 776. For example, in evaluating requests for letters rogatory, courts have considered "arguments as to breadth, relevance, and the availability of information sought from other sources," as well as whether "the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Id.* at 776-77 (citations omitted). However, pursuant to Rule 28, the movant is expressly *not* required to show "that taking the deposition in another manner is impracticable or inconvenient." Fed. R. Civ. P. 28(b)(2)(B). Similarly, "a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained" from the foreign state. *Asis*, 2007 WL 1880369, at *3; *see also In re Urethane*, 267 F.R.D. at 364 (noting that there is no requirement "that a party seeking foreign assistance" via a letter rogatory is "required to show that the evidence sought will actually be attained").

District courts have granted requests for letters rogatory (as to non-Hague Convention nations) where the movant made a reasonable showing that the evidence sought was (1) relevant and important to the movant's claims; (2) specific and narrowly tailored to the movant's claims;

(3) not available through other sources or means; and (4) not unduly burdensome. S*ee, e.g., Image Processing*, 2011 WL 13312041, at *1-2 (granting request for letter rogatory seeking documents and testimony from several Japanese witnesses, where the evidence sought was relevant to plaintiff's causes of action, plaintiff had attempted to obtain the evidence from U.S. entities "to no avail," and there had been no showing of "good cause for the denial of the requested discovery device"); *SPS Techs.,* 2020 WL 12740646, at *2 (granting request for letter rogatory seeking documents and testimony from several Canadian witnesses, where "the requested discovery is narrowly tailored and relevant to Plaintiff's claims and Defendants' defenses," the requested discovery "is not unduly burdensome," defendants had "attempted to obtain the requested information from other sources and through other means without success," and there is "no alternative source for the information sought").

The request here meets all relevant criteria. First, a letter rogatory is appropriate because the evidence sought is relevant and material to key components of Plaintiff's defamation claim against CBC, including whether Ms. Dunn, a WE Charity donor, believed her community fully funded a schoolhouse in Kenya, and the basis for that belief. This evidence is relevant to the falsity of CBC's reporting. Further, CBC will likely rely on Ms. Dunn's declaration in this matter, and WE Charity should be permitted the opportunity to cross-examine her on the subjects addressed in that declaration.

Second, the discovery request is narrowly tailored. Plaintiff seeks only a deposition of Ms. Dunn, related only to her relationship with and donations to WE Charity, which are the subject of the declaration she executed and on which CBC will likely rely in this case.

Third, a letter rogatory is appropriate because this evidence is not reasonably available through other means, and there is no alternative source for the information sought. Plaintiff seeks

5

deposition testimony of Ms. Dunn, who resides abroad in Canada and therefore is not within the Court's deposition or trial subpoena power. Further, WE Charity asked Ms. Dunn if she would be willing to voluntarily sit for a deposition, and she declined. *See* Ex. B.

Fourth, complying with this request will not be unduly burdensome for Ms. Dunn. Attending a virtual deposition in response to a letter rogatory is not unduly burdensome and is contemplated by applicable Ontario law. *See* Evidence Act, R.S.O. 1990, c. E23 at Sec. 60.

Thus, the request meets all criteria under both 28 U.S.C. § 1781(b)(2) and Rule 28(b).

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court execute the proposed Letter Rogatory for Ms. Dunn attached to this motion and return the executed versions to the parties for delivery to the appropriate judicial authority in Canada.

Dated: March 16, 2026

*/s/ Joseph Kroetsch*

BOIES SCHILLER FLEXNER LLP

Joseph F. Kroetsch (pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300
jkroetsch@bsfllp.com

Amy L. Neuhardt (Bar No. 996791)
1401 New York Avenue, NW
11th Floor
Washington, DC 20005
Tel: (202) 274-1137
Fax: (202) 237-6131
aneuhardt@bsfllp.com

John LaSalle (pro hac vice)

Sabina Mariella (pro hac vice)
55 Hudson Yards
New York, NY 10001
Tel: (212) 754-4541
jlasalle@bsfllp.com
smariella@bsfllp.com

*Attorneys for Plaintiff WE Charity*